Amy P. Lally, SBN 198555
alally@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Tel: (310) 595-9500
Fax: (310) 595-9501

Sean A. Commons, SBN 217603
scommons@sidley.com
Adriane Peralta, SBN 304357
adriane.peralta@sidley.com
Celia Spalding, SBN 313121
cspalding@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013
Tel: (213) 896-6000
Fax: (213) 896-6600

Joshua A. Glikin (*pro hac vice*)
BOWIE & JENSEN, LLC
210 Pennsylvania Avenue, Suite 400
Towson, Maryland 21204
Tel: (410) 583-2400
Fax: (410) 583-2437

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN LYTLE and CHRISTINE MUSTHALER,<br><br>   Plaintiffs,<br> vs.<br><br>NUTRAMAX LABORATORIES, INC. and NUTRAMAX LABORATORIES VETERINARY SCIENCES, INC.<br>   Defendants. | Case No.: 5:19-cv-00835-JGB (SP)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Judge: Hon. Jesus G. Bernal |

STIPULATED PROTECTIVE ORDER

1

ACTIVE 252391237

# 1. PURPOSE, SCOPE, AND GOOD CAUSE STATEMENT

1.1 Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Order").

1.2 The purpose of this Order is to facilitate the production of discovery material, to facilitate the prompt resolution of disputes over confidentiality and privilege, to protect material to be kept confidential and/or privileged, and to ensure that protection is afforded only to material entitled to such treatment, pursuant to the Court's inherent authority, its authority under Fed. R. Civ. P. 16 and 26, the judicial opinions interpreting such rules, and any other applicable law. Except as otherwise stated in this Order, a Party shall produce in response to a valid discovery request otherwise discoverable information in its possession, custody, or control that is Confidential, and such information shall be handled in accordance with the procedures set forth in this Order.

1.3 This Order and any subsequent Protective Orders shall bind all Parties and their counsel in this Action and any other persons or entities who signify their assent through execution of the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A hereto.

1.4 As noted above, this Action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (potentially including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under

ACTIVE 252391237

state or federal statutes, court rules, case decisions, or common law. Accordingly, a protective order for such information is justified. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good-faith belief that it has been maintained in a confidential, non-public manner, and that there is good cause why it should not be part of the public record of this case.

1.5  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

1.6  The Parties acknowledge, as set forth in Section 13.3 below, that this Order does not entitle them to file Confidential Information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support filing under seal and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of "Discovery Material" or "CONFIDENTIAL" does not, without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable, constitute good cause. Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons—not only good cause— for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. For each item or type of information, document, or thing sought to be filed or introduced under seal, the party seeking protection must articulate compelling reasons, supported by specific facts

ACTIVE 252391237

and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration. Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

**2. DEFINITIONS**

The following definitions apply for purposes of this Order:

2.1 *Action*: the above-captioned pending federal lawsuit.

2.2 *Challenging Party*: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 *Confidential Information*: Discovery Material (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), or other federal or state laws, rules or regulations.

2.4 *Counsel*: Outside Counsel of Record and In-House Counsel (as well as their employees and support staff).

2.5 *Designating Party*: a Party or Non-Party that designates documents, information, or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 *Discovery Material*: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, answers to interrogatories, documents, responses to requests for admissions, tangible things, and informal exchanges of information), that are produced or generated in connection with any discovery in this Action, whether formally or informally.

2.7 *Expert*: a person retained by a Party or its Counsel to serve as an expert witness, consultant, or technical advisor in this Action (as well as his or her employees and support staff).

2.8 *In-House Counsel*: attorneys who are employees of a Party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 *Non-Party*: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action, and their counsel.

2.10 *Outside Counsel of Record*: attorneys who are not employees of a Party to this Action but have been retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm or governmental agency which has appeared on behalf of that Party.

2.11 *Party*: any party to this action, including all of its officers, directors, employees, consultants.

2.12 *Privileged Material*: Discovery Material protected from disclosure under the attorney-client privilege, work product doctrine, or any other privilege or protection afforded or recognized by Rule 26 of the Federal Rules of Civil Procedure or Rule 501 of the Federal Rules of Evidence or private or protected information pursuant to state or federal laws, rules, or regulations.

2.13 *Producing Party*: a Party or Non-Party that produces Discovery Material in this Action.

2.14 *Professional Vendors*: persons or entities who provide litigation support services (e.g., court-reporting, photocopying, videotaping, providing graphic support services, coding, translating, preparing exhibits or demonstrations, hosting or reviewing documents, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 *Protected Material*: any Discovery Material that is designated as "CONFIDENTIAL – CACD 5:19-cv-00835."

2.16 *Receiving Party*: a Party that receives Discovery Material from a Producing Party.

**3. SCOPE**

3.1 The protections conferred by this Order apply to Protected Material and also to: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, translations, or compilations of Protected Material; and (3) any oral, written, or electronic communications, testimony or presentations, including for purposes of settlement, by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order.

3.2 This Order and its protections apply for pre-trial purposes only. This Order does not govern the use of Protected Materials at trial. Any use of Protected Material at trial shall be governed by the orders of the trial judge and other applicable authorities.

**4. DURATION**

4.1 Once a case proceeds to trial, information that was designated as "CONFIDENTIAL" or maintained pursuant to this Protective Order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made known to the trial judge in advance of trial. Accordingly, the terms of this Protective Order do not extend beyond the commencement of trial as to materials introduced as an exhibit or otherwise at trial.

4.2 As to materials not introduced as an exhibit or otherwise at trial, even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing, or a court order otherwise directs. Final disposition shall be deemed to be the later of: (1) dismissal of all

STIPULATED PROTECTIVE ORDER
6
ACTIVE 252391237

claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5. DESIGNATING PROTECTED MATERIAL**

5.1 *Exercise of Restraint and Care in Designating Material for Protection*. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Designations of material for protection must be made in good faith. Mass, indiscriminate, or routinized designations are prohibited. Designations that are clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or thwart the case development process or to impose unnecessary expenses and burdens on other parties) are prohibited and may expose the Designating Party to sanctions.

5.2 *Manner and Timing of Designations*. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. A designation may be withdrawn by the Designating Party. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.3 Designation in conformity with this Order requires the following:

5.3.1 *Marking Documents*. For information in documentary form (e.g., paper or

electronic documents, but excluding transcripts of deposition or other pretrial or trial proceedings), the Producing Party must affix at a minimum, the legend "CONFIDENTIAL"—and whenever feasible must affix the legend "CONFIDENTIAL – CACD 5:19-cv-00835"(hereinafter "CONFIDENTIAL Legend")—to each page that contains protected materials. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. With respect to documents produced in native format, the Electronically Stored Information Protocol, or ESI Protocol, to be entered in this Action shall govern the form and method for marking such documents as Confidential. If only a portion or portions of the document warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

   5.3.2 *Marking Deposition Testimony.* For testimony given in depositions, the Designating Party may identify Discovery Material not already designated as CONFIDENTIAL as such on the record before the close of the deposition. The Designating Party may request of a court reporter that transcript pages containing Confidential Information be separately bound with the CONFIDENTIAL Legend affixed to the relevant pages. Any additional court reporter charges for this treatment of the transcript shall be borne by the Designating Party.

   5.3.3 *Marking Items.* With respect to tangible items, the CONFIDENTIAL Legend shall be marked on the face of the tangible item or the container in which the information and item is stored. If only a portion or portions of the item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

   5.3.4 *Marking by a Receiving Party.* A Receiving Party shall exercise good-

faith efforts to ensure that any copies, print-outs of natively produced documents or data, translations, excerpts, summaries, or compilations include a confidentiality legend that matches the confidentiality designation the Designating Party applied to the document, discovery response, transcript, or pleading.

      5.3.5 *Timing*. Except as otherwise provided herein, documents and other tangible items shall be designated before or at the time of disclosure or production. In the event that a Producing Party designates some or all of a witness's deposition or other pre-trial testimony Confidential, or Discovery Material used during a deposition, such designation may be made on the record of the deposition or hearing or within 30 calendar days after receipt of the transcript of such deposition or hearing. The specific page and line designations over which confidentiality is claimed must be provided to Plaintiffs' Counsel within 30 calendar days of receipt of the transcript in final form from the court reporter Deposition or pre-trial testimony shall be treated as Confidential pending the deadline for designation. After the expiration of that period, the transcript shall be treated only as actually designated.

   5.4  *Inadvertent Failures to Designate*. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material and such materials shall be treated as Confidential upon written notice by the Producing Party. The Producing Party shall timely re-produce the information or items with the appropriate designations (and, if applicable, using the same Bates number as the original production). Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

   5.5  Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work product-protected document does not waive privilege or protection from discovery in this case or in any other federal or state proceeding.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 *Timing of Challenges*. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by failing to mount a challenge promptly after the confidentiality designation is made.

6.2 *Form of Challenges*. The Challenging Party shall object to the propriety of the designation of specific material as Confidential by providing written notice to the Designating Party of each designation it is challenging and describing the basis for each challenge. The Designating Party or its counsel shall within eleven calendar days respond to such challenge in writing by either: (1) agreeing to remove the designation(s); or (2) stating the reasons it contends the designation or designations are proper.

6.3 *Meet and Confer*. If the Designating Party does not agree to remove the designation(s) and the Challenging Party continues to dispute the designation(s) at issue, the Challenging Party shall initiate the dispute resolution process under Local Rule 37-1, *et seq*. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

6.4 *Judicial Intervention*. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. While a challenge is pending, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation unless and until the Court orders otherwise.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 *Basic Principles*. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in this Action only for

prosecuting, defending, or attempting to settle this Action. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. After the final disposition of the Action, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

    7.2 *Restrictions on Use of Confidential Information*. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated with a CONFIDENTIAL Legend only to:

        7.2.1 the Receiving Party's Counsel, as well as employees or agents of the Receiving Party's Counsel to whom it is reasonably necessary to disclose the information for this Action;

        7.2.2 the officers, directors, and employees (including Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

        7.2.3 Experts (including undisclosed consultants) of the Receiving Party or the Receiving Party's Counsel to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        7.2.4 the Court and its personnel, and any appellate court or other court (and their personnel) before which the Parties appear in this Action;

        7.2.5 special masters or discovery referees appointed by the Court;

        7.2.6 mediators and their staff, provided such persons have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        7.2.7 court reporters and their staff;

        7.2.8 professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        7.2.9 the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information or who was entitled to possess or know the information;

ACTIVE 252391237

7.2.10 potential or actual witnesses in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7.2.11 during their depositions, witnesses, and attorneys for witnesses in the Action to whom disclosure is reasonably necessary, provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any Confidential Information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

7.2.12 any other person to whom the Designating Party, in writing, authorizes disclosure.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

8.1 If a Party is served with a public records request, subpoena, or a court order issued in other litigation that compels disclosure of any Protected Material, that Party must:

8.1.1 promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

8.1.2 promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Order; and,

8.1.3 cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

ACTIVE 252391237

8.2    If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court or take any action that is inconsistent with any applicable public records access or disclosure laws.

## 9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION

9.1    The provisions of this Order apply to Protected Material produced by a Non-Party in this Action. Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections. Any Party issuing a subpoena to a Non-Party shall enclose a copy of this Order.

9.2    For a period of 14 calendar days following production by a Non-Party, that production shall be treated as Confidential Information even if not so designated by the Non-Party, to provide the Parties an adequate opportunity to designate information as Confidential Information.

9.3    In the event a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in the Party's possession, and the Party is subject to an agreement with the Non-Party not to produce such information, then the Party shall:

9.3.1    promptly notify in writing the Party requesting the Protected Material that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

9.3.2    promptly provide the Non-Party with a copy of this Order, the relevant

STIPULATED PROTECTIVE ORDER
13

ACTIVE 252391237

discovery request(s), and a reasonably specific description of the information requested; and,

   9.3.3 make the information requested available for inspection by the Non-Party.

 9.4 If the Non-Party fails to object or seek a protective order from this Court within 14 calendar days of receiving a notice and accompanying information pursuant to Section 9.3, the Receiving Party may produce the Non-Party's Protected Material responsive to the discovery request, and such information shall be produced with the same designation as the one made by the Non-Party. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in an appropriate court of its Protected Material.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

 10.1 If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized by this Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures; (2) use its best efforts to retrieve all unauthorized copies of the Protected Materials; (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (4) request such person or persons to execute the "Acknowledgment to Be Bound" attached hereto as Exhibit A.

 10.2 Accidental or inadvertent disclosure of Protected Material—including Protected Material inadvertently disclosed by failure to redact as set forth herein—does not waive the confidential status of such information or any privilege or other protection that may apply to the information. When Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Fed. R.

STIPULATED PROTECTIVE ORDER
14

ACTIVE 252391237

Civ. P. 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the Court.

**11. REDACTIONS**

11.1 Any Producing Party may redact from Discovery Material matters that the Producing Party claims are Privileged Material. The Producing Party shall mark each redaction with a legend stating "REDACTED" and must also specify the basis for the redaction as appropriate, or a comparable notice e.g., "REDACTED –ATTORNEY CLIENT PRIVILEGE." Where a document consists of more than one page, at least each page on which information has been redacted shall be so marked. If counsel for the Producing Party agrees or if the Court orders that Discovery Material initially redacted shall not be subject to redaction or shall receive alternative treatment, and the Discovery Material is subsequently produced in unredacted form, then that unredacted Discovery Material shall continue to receive the protections and treatment afforded to documents bearing the confidentiality designation assigned to it by the Producing Party.

**12. CONFLICTS CHECK – POTENTIAL EXPERTS**

12.1 Prior to engaging any expert or consultant ("Expert"), Plaintiffs shall inquire of any such Expert whether such Expert has previously worked for, served as a consultant for, or been paid by, or communicated with any attorneys for, any entity named Nutramax.

12.2 If the answer to the question posed pursuant to Section 12.1 above is 'yes' and Plaintiffs remain interested in engaging such Expert, then they shall request additional information concerning the Expert's prior interaction with Nutramax or Nutramax's counsel, including whether any of the Experts' interaction concerned the present or any

STIPULATED PROTECTIVE ORDER
15

ACTIVE 252391237

previous lawsuit or threatened lawsuit, or issues pertaining to glucosamine, chondroitin sulfate, MSM, or any of the other compounds in the Products identified in Plaintiffs' complaint in this Action.

12.3 If the Expert responds with "yes" to the same or similar questions in Section 12.2 above, and if Plaintiffs remain interested in engaging such Expert, then Plaintiffs shall then disclose the name of such Expert to counsel for Nutramax prior to engaging the expert. Nutramax shall have two (2) weeks from the date of this disclosure to indicate in writing to Plaintiffs whether it objects to the retention of such Expert, and if so, the bases for such objection. Failure to object within this two week period shall waive Nutramax's right to object. If an objection is made and the parties cannot reach an agreement concerning Plaintiff's retention of such Expert, then Nutramax may move the Court to exclude the Expert; provided, however, that such motion shall be filed not later than two (2) weeks after the parties determine they are unable to resolve their dispute.

**13. MISCELLANEOUS**

13.1 *Right to Further Relief*. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. Any Party, entity or person covered by this Order may at any time apply to the Court for relief from any provision of this Order.

13.2 *Right to Assert Other Objections*. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use as evidence any of the material covered by this Order.

13.3 *Filing Protected Material*. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the Court, then the Receiving Party may file the

information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the Court.

13.4 *Inspecting Certificates (Exhibit A).* Except in the event of a good-faith claim of violation of this Order, the Parties agree not to request copies of the signed certificates (attached hereto in their unexecuted form as Exhibit A) or to determine the identities of the persons signing them.

**14. FINAL DISPOSITION**

14.1 After the final disposition of this Action, as defined in Paragraph 4.2, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this Section, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, upon request of the Producing Party, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that: (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any originals, copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product (including all emails attaching or referring to Protected Materials), and consultant and expert work product, even if such materials contain or reflect the content of Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

**15. VIOLATION**

15.1 Any violation of this Order may be punished by appropriate measures

ACTIVE 252391237

including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED**, through Counsel of Record.

DATED: December 23, 2019 SIDLEY AUSTIN LLP

By: /s/ *Sean A. Commons*
Sean A. Commons
Amy P. Lally
Adriane Peralta
Celia Spalding

BOWIE & JENSEN LLC
Joshua A. Glikin

*Attorneys for Defendants*

DATED: December 23, 2019 LEVIN, PAPANTONIO, THOMAS,
MITCHELL, RAFFERTY & PROCTOR, PA

By: /s/ *Matthew D. Schultz*
Matthew D. Schultz

PEARSON, SIMON & WARSHAW, LLP
Daniel L. Warshaw
Michael H. Pearson

WHITFIELD, BRYSON & MASON, LLP
Daniel K. Bryson

GREG COLEMAN LAW, PC
Gregory F. Coleman

*Attorneys for Plaintiffs*

Pursuant to Local Civil Rule 5-4.3.4(a)(2)(i), I hereby attest that Matthew Schultz, on whose behalf this filing is jointly submitted, concurs in this filing's content and has authorized me to file this document.

DATED: December 23, 2019 /s/ *Sean A. Commons*
Sean A. Commons

STIPULATED PROTECTIVE ORDER
18

ACTIVE 252391237

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: January 2, 2020

_____
HONORABLE SHERI PYM
United States Magistrate Judge

ACTIVE 252391237

# EXHIBIT A

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case *Lytle v. Nutramax Laboratories, Inc., et al.*, Case No. 5:19-cv-00835. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____