Daniel L. Warshaw
dwarshaw@pswlaw.com
PEARSON WARSHAW, LLP
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 91403
Telephone: (310) 595-9662
Facsimile: (310) 595-9501
*Attorneys for Plaintiffs*

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUSTIN LYTLE and CHRISTINE MUSTHALER, <br><br> Plaintiffs, <br><br> vs. <br><br> NUTRAMAX LABORATORIES, INC. and NUTRAMAX LABORATORIES VETERINARY SCIENCES, INC., <br><br> Defendants. | Case No. 5:19-cv-00835-FMO-SP <br><br> Assigned to: Hon. Fernando M. Olguin <br><br> **PLAINTIFFS' SUBMISSION OF PROPOSED CLASS NOTICE AND PRELIMINARY NOTICE PROCEDURES** |

On October 4, 2024, this Court entered its Order Re: Further Proceedings (Dkt. 161), which re-opened this case and directed the parties to file their proposed class notice and notice procedures no later than October 18. (*Id.* ¶ 1.) On October 10, the Parties jointly moved for a one-week extension until October 25 to file their proposed class notice and notice procedures followed by responses, if necessary, no later than October 28. (Dkt. 162.) This Court granted the extension. (Dkt. 163.)

Plaintiffs hereby submit their proposed notice and preliminary notice procedures.

**Background**

This action was filed on May 6, 2019. (Dkt. 1.) The Court granted class certification on May 6, 2022. (Dkt. 146.) The order appointed Justin Lytle and Christine Musthaler as class representatives and appointed as class counsel the firms of Milberg Coleman Bryson Phillips Grossman, PLLC, and Levin Papantonio. (*Id.* at 36.) An appeal was taken pursuant to FRCP 23(f) and this Court's order was affirmed in all respects. The mandate issued on September 27, 2024.

The Court certified the following class pursuant to FRCP 23(b)(3) with respect to Plaintiffs' claim under the CLRA:

> All persons residing in California who purchased during the limitations period the following canine Cosequin products for personal use: [1] Cosequin DS Maximum Strength Chewable Tablets; [2] Cosequin DS Maximum Strength Plus MSM Chewable Tablets; and [3] Cosequin DS Maximum Strength Plus MSM Soft Chews.

The parties agree that the limitations period is three years and, therefore, that the class period is from May 3, 2016, through May 6, 2022.

Class Counsel sent a request for proposal to three reputable notice and claims administrators, requesting proposed notice plans and cost estimates. Class Counsel personally consulted with each and have chosen to work with Epiq and its associated

entity Hilsoft Notifications. Epiq is an experienced notice and claims administrator who has administered some of the largest class actions in the country, including:

- *In re: Takata Airbag Products Liability Litigation (OEMs – BMW, Mazda, Subaru, Toyota, Honda, Nissan and Ford)*, MDL No. 2599 (S.D. Fla.);
- *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Product Liability Litigation (Bosch Settlement)*, MDL No. 2672 (N.D. Cal.);
- *In re: Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, MDL No. 1720 (E.D.N.Y.); and
- *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179 (E.D. La.).

**Formal Motion for Approval/Parties' Mediation**

Plaintiffs outline the notice plan below and attach as *Exhibit A* a summary of the media plan along with their proposed notices attached as *Exhibit B* (with the notices being subject to refinement following further consultation with Epiq and, potentially, with the Court).

The parties have over the past two weeks conferred repeatedly regarding the prospect of mediating—and therefore potentially resolving—this case. The parties have agreed on a mediator and anticipate an in-person mediation in January 2025. Defendants have agreed to informally produce updated sales and pricing data to facilitate this process and are in the process of doing so. Class Counsel have agreed—subject to Court approval, of course—to postpone formal notice until the mediation takes place. The parties thus thought it most prudent (1) to submit their notices and preliminary notice plans as ordered by the Court; (2) to address the sufficiency of both at the upcoming November 7 status conference; (3) to address at the status conference the parties' proposal to postpone notice until after the January mediation; and (4) after the status conference, to formally move for approval of the notice and notice plan in light of what direction the Court might give at the status conference.

**Notice and Notice Plan**

Exhibit A is a summary of Plaintiffs' proposed media/notice plan. Exhibit B includes Plaintiffs' proposed notices. The proposed notice/media plan includes four forms of notice that will provide all the information required for (b)(3) classes under Rule 23(c)(2)(B). As the administrator will attest upon formal motion for approval of the notice and notice plan:

- The media plan is calculated for 70% reach measured against adults 18+ in California and targets those likely to have purchased Cosequin products and/or who have pets, those who have researched or purchased Cosequin online (intent targeting), and those who have viewed content related to the products (affinity targeting).
- Print notice will include four insertions in USA Today's California edition, which covers three regions (Los Angeles, San Francisco and Phoenix) that encompass the entire state.
- Online outreach will include six weeks' notice to adults in California via *Google Display* and *Yahoo Audience Networks* as well as social media advertising on *Facebook* and *Instagram*. Notice will be in English and Spanish due to the high number of Spanish speakers in California.
- Online outreach also will include Sponsored Search on *Google*, *Yahoo!* and *Bing* in California as well as a *PR Newswire* Press Release in English and Spanish in California.
- All online advertising will run on desktop, mobile and tablet devices and will link directly to the settlement website for more information.
- The ad management platform, ClickCease, will audit all digital Banner Notice ad placements and track all Banner Notice ad clicks to provide real-time ad monitoring, fraud traffic analysis, and fraud prevention (blocking clicks from fraudulent sources and quarantining dangerous IP addresses).

- Review of Defendants' sales data indicates very few direct-to-consumer sales, but to the extent Defendants possess consumer information that would assist with direct reach (e.g., via postcard or email), direct notice will augment other notice efforts.
- The notice plan accompanying the formal motion for notice approval will include a detailed statement of estimated requirements and volumes for 70% reach, which already has been provided in draft form to Class Counsel and shared with Defendants.
- As is evident on the face of the proposed notices, Epiq will establish and administer a class website and toll-free hotline.

**Adequacy of the Proposed Notice Plan**

The Court must direct notice of class certification to class members using "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." FRCP 23(c)(2)(B). The class notice must "clearly and concisely state in plain, easily understood language" the following: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on class members. FRCP 23(c)(2)(B).

Because class members are bound by the results of a certified Rule 23(b)(3) class action unless they affirmatively opt out, class notice is also required to comply with constitutional due process. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173-74 (1974). To satisfy constitutional due process, "notice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Roes, 1-2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1045 (9th Cir. 2019). More generally, class notice must afford potential class members the

ability to "make an informed decision about their participation [in the litigation]." Moore's Federal Practice, *Manual for Complex Litigation* § 21.311 at 289 (4th ed. 2004).

However, Rule 23 does not require that every individual receive actual notice. It requires the best notice practicable under the circumstances. *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994); *see also* FRCP 23(c)(2) Advisory Committee's Note to 2018 Amendment ("Instead of preferring any one means of notice, therefore [Rule 23] relies on courts and counsel to focus on the means or combination of means most likely to be effective in the case before the court."). When direct notice to all class members is not possible, other methods of notice can supplement individualized notice. *See* William B. Rubenstein, 3 *Newberg on Class Actions* § 8:29 (5th ed.); *see also Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1129 (9th Cir. 2017) (citing *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 665 (7th Cir. 2015)).

**Next Steps**

Plaintiffs aver that the attached notice and the preliminary notice procedures will satisfy FRCP 23 and due process requirements and intend to move formally for approval after addressing at the November 7 status conference the issues raised above, including the timing of class notice vis-à-vis mediation.

Date: October 25, 2024.                    Respectfully submitted.

/s/ Matthew D. Schultz
Matthew D. Schultz (*Pro Hac Vice*)
LEVIN PAPANTONIO
316 S. Baylen St., Suite 600
Pensacola, FL 32502
Telephone: (850) 435-7140
Facsimile: (850) 436-6140

*Counsel for Plaintiffs & the Class*