# Proposed Long-Form Notice

Class Action Notice

Cosequin Canine (Dog) Supplements

*Lytle v. Nutramax Laboratories, Inc., et al.*, Case No. 5:19-cv-00835-FMO-SP

United States District Court, Central District of California

*A federal court has authorized this notice. This is not a solicitation from a lawyer.*

## 1. Who should read this notice?

Anyone who purchased for personal use **Cosequin joint health supplements for dogs** in California between May 3, 2016, and May 6, 2022, whether online, in a store, or through a veterinarian. Anyone who has not requested to be excluded from the class is a class member. If you are a class member, you have important legal rights that will be decided whether or not you respond to this notice.

Class members have the right to request that they be excluded from the class by the deadline of \_\_\_\_\_, 2025.

## 2. What is this case about?

This is a class action lawsuit involving certain Cosequin-branded joint health supplements for dogs. The name of the lawsuit is *Lytle v. Nutramax Laboratories, Inc., et al.*, Case No. 5:19-cv-00835-FMO-SP. It is pending in the United States District Court for Central District of California in Los Angeles. Plaintiffs' claims involve only the following three Cosequin-branded dog supplements purchased between May 3, 2016, and May 6, 2022:

- Cosequin DS Maximum Strength Chewable Tablets
- Cosequin DS Maximum Strength Plus MSM Chewable Tablets
- Cosequin DS Maximum Strength Plus MSM Soft Chews.

Plaintiffs allege that Cosequin labels on these products misrepresented their effectiveness. The manufacturer of Cosequin denies these claims. The Court has found that Plaintiffs' allegations are legally sufficient and has ruled that the case may proceed as a class action. The Court has not ruled on the merits or accuracy of any of the parties' claims or defenses.

### 3. Who is included in the class?

All consumers who purchased for personal use any of the three Cosequin products identified above in California between May 3, 2016, and May 6, 2022.

Excluded from the Class are the Defendants—Nutramax Laboratories, Inc., and Nutramax Laboratories Veterinary Sciences, Inc.—including their past and present officers, employees, agents or affiliates. Also excluded from the Class are any judges who have presided over the case.

### 4. What are the claims and demands in the case?

On behalf of themselves and the Class, plaintiffs seek monetary damages for Defendants' alleged misrepresentations regarding the effectiveness of the three Cosequin dog supplements identified above.

### 5. What is the current status of the case?

The case is pending.

The case was filed in 2019 and the parties engaged in motion practice and discovery. The Court certified this class on May 6, 2022. Defendants appealed the class certification decision to the Ninth Circuit Court of Appeals, which affirmed the Court's decision to certify the class. Further proceedings are expected to continue at least into 2025 and a trial date will be set. There has been no judgment on the merits in favor of either side; nor has the case been settled.

## 6. Do I need to do anything else?

If you satisfy the class definition, then you are a member of the certified Class unless you ask to be excluded. If you do not ask to be excluded, you will be included and bound by the orders of the Court and any judgment in this case, whether favorable or unfavorable.

You can leave the class action by filing a timely request to be excluded from the class. If you do this, you will not benefit from a favorable judgment or be bound by an unfavorable judgment. However, if you wish to pursue any claims after requesting exclusion, you will need to file your own lawsuit.

## 7. How can I request to be excluded?

You can request exclusion ("opt out") from the class in one of two ways:
- Submit a request online via the notice website at www._____.com, stating your name, address, and a clear expression of your intent to be excluded from the class in *Lytle v. Nutramax Laboratories, Inc.*
- Send a letter to the class notice administrator by regular U.S. Mail, stating your name, address, and a clear expression of your intent to be excluded from the class in *Lytle v. Nutramax Laboratories, Inc.* A sample exclusion form is available on the notice website identified above.

Class Notice Administrator's Mailing Address
_____

Keep a copy of your online opt-out confirmation or letter for your records.

To be excluded from the class, your request to be excluded must be submitted online or postmarked by the class administrator by _____, 2024.

## 8. Do I have a lawyer in the class action?

Yes, the Court has appointed two law firms (Class Counsel) to represent you. You may contact either of them for information about the class action.

Matthew D. Schultz

Levin, Papantonio, Proctor, Buchanan, O'Brien, Barr & Mougey

316 S. Baylen Street, Suite 600

Pensacola FL 32502

850-435-7140

mschultz@levinlaw.com

Adam A. Edwards

Milberg, Coleman, Bryson, Phillips, Grossman

800 S. Gay St., Suite 1100

Knoxville, TN 37929

Tel: (865) 247-0080

aedwards@milberg.com

## 9. Can I choose to be represented by other counsel?

If you do not choose to be excluded from the class action, you may enter an appearance in the class action by other counsel of your choice.

## 10. How can I get more information?

Please visit the class action notice web site at www._____.com. You may also contact either of your attorneys as listed above.

**Please do not contact the Court directly about the status of the case. For all questions, you can contact Class Counsel or the Class Administrator.**

BY ORDER OF THE UNITED STATED DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA.

## Proposed Short-Form Publication Notice

Class Action Notice

Cosequin Canine (Dog) Supplements

*Lytle v. Nutramax Laboratories, Inc., et al.*, Case No. 5:19-cv-00835-FMO-SP

United States District Court, Central District of California

*A federal court has authorized this notice. This is not a solicitation from a lawyer.*

If you purchased any of the three following **Cosequin joint health supplements for dogs** in California between May 3, 2016, and May 6, 2022, whether online, in a store, or through a veterinarian, you have certain rights in a class action lawsuit.

- Cosequin DS Maximum Strength Chewable Tablets
- Cosequin DS Maximum Strength Plus MSM Chewable Tablets
- Cosequin DS Maximum Strength Plus MSM Soft Chews

Plaintiffs allege that Cosequin labels on these products misrepresented their effectiveness. The manufacturer of Cosequin denies these claims. The Court has found that Plaintiffs' allegations are legally sufficient and has ruled that the case may proceed as a class action. The Court has not otherwise ruled on the merits or accuracy of any of the parties' claims or defenses.

Class members have the right to request that they be excluded from the class by the deadline of \_\_\_\_\_, 2025.

If you do not ask to be excluded, you will be included in the class and bound by the orders of the Court and any judgment in this case, whether favorable or unfavorable.

More information on the certified class action and your rights is available on the class action notice website, _____, or at [**TOLL FREE NUMBER**].

## Proposed Short-Form E-mail Notice

Subject line: CLASS ACTION – Cosequin Canine (Dog) Supplements – Court-Approved Notice

The United States District Court for the Central District of California has approved the following notice to consumers:

Class Action Notice
Cosequin Canine (Dog) Supplements

Dear _____:

You are receiving this notice because the records of [Nutramax/Retailer] indicate that you may have purchased one of the following Cosequin joint health supplements for dogs in California between May 3, 2016, and May 6, 2022: Cosequin DS Maximum Strength Chewable Tablets; Cosequin DS Maximum Strength Plus MSM Chewable Tablets; and/or Cosequin DS Maximum Strength Plus MSM Soft Chews.

If so, you are a member of a class action lawsuit called *Lytle v. Nutramax Laboratories, Inc., et al.*, Case No. 5:19-cv-00835-FMO-SP, unless you are an employee of Nutramax or of Judges Fernando Olguin or Jesus Bernal in the United States District Court, Central District of California.

The Court certified this case as a class action on May 6, 2022, as to Plaintiffs' claim that labeling on the above three Cosequin dog supplements misrepresented their effectiveness.

The case is ongoing, the manufacturer of these products denies and is disputing the Plaintiff's allegations, and there is no award or settlement you can claim at this time.

Class members have the right to request that they be excluded from the class by the deadline of \_\_\_\_\_, 2025.

If you do not ask to be excluded, you will be bound by the orders of the Court and any judgment in this case, whether favorable or unfavorable.

More information on the certified class action and your rights is available on the class action notice website, _____, or at [**TOLL FREE NUMBER**].

## Proposed Internet Ad Sentence

CALIFORNIA CLASS ACTION: THREE COSEQUIN DS MAXIMUM STRENGTH CANINE (DOG) SUPPLEMENTS purchased in California between 2016 and 2022. You may have rights in a class action lawsuit. Click here for information.

## Proposed Amazon-Specific E-mail Copy

Hello,

Amazon is emailing you because our records indicate that you may have purchased one of the following Cosequin canine (dog) joint health supplements between May 3, 2016, and May 6, 2022, where the purchase is associated with a California shipping address: Cosequin DS Maximum Strength Chewable Tablets; Cosequin DS Maximum Strength Plus MSM Chewable Tablets; and/or Cosequin DS Maximum Strength Plus MSM Soft Chews. If so, you may be a member of a recently certified class action in California and have certain rights.

Amazon is sending this email on behalf of the Court overseeing the lawsuit. But because we are not involved in the lawsuit, we cannot assist you directly.

Class members have the right to request that they be excluded from the class by the deadline of \_\_\_\_\_, 2025. If you do not ask to be excluded, you will be bound by the orders of the Court and any judgment in this case, whether favorable or unfavorable.

To determine whether you are a member of the class, view the full notice approved by the Court, or opt out of the certified class action, please go to www._____.com or call the Administrator at _____.

Please do not respond to this email directly.

Best regards,

Amazon.com

https://www.amazon.com

9

## Proposed Sample Exclusion Form

### REQUEST FOR EXCLUSION FORM

If you exclude yourself from the Class (also called "opting out"), you will not benefit from a favorable judgment nor will you be bound by an unfavorable judgment, but you will retain any rights you may have to bring your own, separate lawsuit about the issues in the present lawsuit named *Lytle v. Nutramax Laboratories, Inc., et al.*, Case No. 5:19-cv-00835-FMO-SP (U.S. District Court for the Central District of California). You can exclude yourself on an individual basis only; so-called "mass" opt outs are not allowed.

You may make a Request for Exclusion by submitting such request in writing to the Administrator (address below). The Request for Exclusion must be mailed to the Administrator or submitted online at www._____.com. Any Request for Exclusion must: (A) state your full name and current address; (B) specifically and clearly state your desire to be excluded from the Class in *Lytle v. Nutramax Laboratories, Inc., et al.*, Case No. 5:19-cv-00835-FMO-SP (U.S. District Court for the Central District of California); and (C) include your signature.

To mail your Request for Exclusion, whether or not you use the form below, it must be mailed to the address below and postmarked by **Month XX, 2025.**

> Claims Administrator
> ATTN: *Exclusion Mail*
> PO Box XXXXX
> City, State, Zip Code

**Sample Request for Exclusion Statement**: I hereby elect to be excluded from the Class in *Lytle v. Nutramax Laboratories, Inc., et al.*, Case No. 5:19-cv-00835-FMO-SP (U.S. District Court for the Central District of California) and from any judgment entered in the Class Action. I do not wish to be a Class Member. I understand that by excluding myself from the Class, I will **not** benefit from a favorable judgment nor will I be bound by any unfavorable judgment resulting from the Class Action.

_____

Name **and** Address of Person Completing this Exclusion Form (required)

_____   _____

Telephone Number (optional)          Email Address (optional)

_____        Date: _____

Signature (required)