Amy P. Lally (SBN 198555)
alally@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: (310) 595-9662
Facsimile: (310) 595-9501

Joshua A. Glikin (*pro hac vice*)
JGlikin@shulmanrogers.com
SHULMAN ROGERS
1 Olympic Place, Ninth Floor
Towson, MD 21204
Telephone: (410) 520-1342
Facsimile: (301) 230-2891

[Additional Counsel Listed on Signature Page]

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN LYTLE and CHRISTINE MUSTHALER,<br><br>Plaintiffs,<br><br>vs.<br><br>NUTRAMAX LABORATORIES, INC. and NUTRAMAX LABORATORIES VETERINARY SCIENCES, INC.,<br><br>Defendants. | Case No. 5:19-cv-00835-FMO-SP<br><br>Assigned to: Hon. Fernando M. Olguin<br><br>**DEFENDANTS' RESPONSIVE SUBMISSION RE PROPOSED CLASS NOTICE AND PRELIMINARY NOTICE PROCEDURES** |

| | |
|---|---|
| 1 | Per the Court's October 4, 2024 Order Re: Further Proceedings (ECF No. 161), and October 11, 2024 Order Granting Stipulation [162] Re: Submission Of Class Notice Procedures (ECF No. 163), Defendants Nutramax Laboratories, Inc. and Nutramax Laboratories Veterinary Sciences, Inc. ("Nutramax") respectfully submit this update and response to Plaintiffs' October 25, 2024 Submission Of Proposed Class Notice And Preliminary Notice Procedures (ECF Nos. 165, 165-1, and 165-2). |

Per the Court's October 4, 2024 Order Re: Further Proceedings (ECF No. 161), and October 11, 2024 Order Granting Stipulation [162] Re: Submission Of Class Notice Procedures (ECF No. 163), Defendants Nutramax Laboratories, Inc. and Nutramax Laboratories Veterinary Sciences, Inc. ("Nutramax") respectfully submit this update and response to Plaintiffs' October 25, 2024 Submission Of Proposed Class Notice And Preliminary Notice Procedures (ECF Nos. 165, 165-1, and 165-2).

The update is that the parties expect the mediation to occur before the Hon. David Duncan (ret.) on January 27, 28, or 29, or February 4, 5, or 6, 2025. The parties will advise the Court once one of those dates is confirmed.

Defendants agree with Plaintiffs that further submissions and any decision about notice and a notice plan should await the outcome of mediation. Among other things, depending on the outcome of mediation, the content of every proposed notice could materially differ from the current drafts. Relatedly, the parties have worked together to reach agreement on the form of notices and notice procedures. As reflected in Exhibit A, Defendants currently would propose only one minor revision to text that appears in Section 2 of the "Proposed Long-Form Notice" and the second full paragraph in the "Proposed Short-Form Publication Notice" submitted by Plaintiffs last Friday. *Compare* ECF No. 165-2 at 2 and 5 *with* Exhibit A at 2 *and* Exhibit B at 1. Due to the need to consult with various stakeholders, the parties have not yet had an opportunity to fully confer about this particular language, and Defendants suspect that the parties can reach a compromise, regardless of the outcome of the mediation.

The only other open issue from Defendants' perspective relates to one aspect of Plaintiffs' proposed notice procedure. Plaintiffs contemplate that Amazon—which is not a party to these proceedings—be compelled to provide email notice. Defendants do not have a contractual right to insist or instruct Amazon to provide email notice—such as with a notice administrator like Epiq. Defendants understand that class counsel have worked with Amazon on notices in connection with proposed class settlements. Rule 23, however, does not grant authority to issue prohibitory injunctive

relief against non-parties,[1] and Plaintiffs propose to compel a non-party to incur the costs and burdens of disseminating court-mandated notices.  But because this issue also may be rendered moot by mediation, and Plaintiffs have proposed "to formally move for approval of the notice and notice plan in light of what direction the Court might give at the status conference" after mediation (ECF No. 165 at 3), this particular point of procedure can be addressed (if ever) at that time.

Finally, Defendants propose that the parties provide the Court with an update within ten days of mediation, including with respect to scheduling.

Date:  October 24, 2024                              Respectfully submitted,

By: */s/ Amy P. Lally*
    Amy P. Lally

Amy P. Lally (SBN 198555)
alally@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: (310) 595-9662
Facsimile: (310) 595-9501

Sean A. Commons (SBN 217603)
scommons@sidley.com

---

[1] *See, e.g.*, *Chase Nat'l Bank v. City of Norwalk, Ohio*, 291 U.S. 431, 436 (1934) (rejecting as "clearly erroneous" order that purported to enjoin non-parties who received "notice of the order," as improperly purporting to reach non-parties "who act independently and whose rights have not been adjudged"); *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 96 F.3d 1390, 1394 (Fed. Cir. 1996) ("[C]ourts of equity have long observed the general rule that a court may not enter an injunction against a person who has not been made a party to the case before it.") (citing Supreme Court authority dating back to 1896); *Infant Formula Antitrust Litig., MDL 878 v. Abbott Labs.*, 72 F.3d 842, 842 (11th Cir. 1995) (affirming the federal rules do not grant district courts jurisdiction to enjoin non-parties).  The limited exceptions traditionally recognized are when injunctions are necessary to stop non-parties who are in active concert with a party or to freeze assets of a party held by a non-party to prevent dissipation, neither of which apply in this context.

SIDLEY AUSTIN LLP
350 South Grand Ave.
Los Angeles, CA 90071
Telephone: (213) 896 6010
Facsimile: (213) 896-6600

Kara L. McCall (*pro hac vice*)
kmccall@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

Joshua A. Glikin (*pro hac vice*)
JGlikin@shulmanrogers.com
SHULMAN ROGERS
1 Olympic Place, Ninth Floor
Towson, MD 21204
Telephone: (410) 520-1342
Facsimile: (301) 230-2891

*Attorneys for Defendants Nutramax Laboratories, Inc. and Nutramax Laboratories Veterinary Sciences, Inc.*