# Exhibit A

## Proposed Long-Form Notice

Class Action Notice

Cosequin Canine (Dog) Supplements

*Lytle v. Nutramax Laboratories, Inc., et al.*, Case No. 5:19-cv-00835-FMO-SP

United States District Court, Central District of California

*A federal court has authorized this notice. This is not a solicitation from a lawyer.*

### 1. Who should read this notice?

Anyone who purchased for personal use **Cosequin joint health supplements for dogs** in California between May 3, 2016, and May 6, 2022, whether online, in a store, or through a veterinarian. Anyone who has not requested to be excluded from the class is a class member. If you are a class member, you have important legal rights that will be decided whether or not you respond to this notice.

Class members have the right to request that they be excluded from the class by the deadline of _____, 2025.

### 2. What is this case about?

This is a class action lawsuit involving certain Cosequin-branded joint health supplements for dogs. The name of the lawsuit is *Lytle v. Nutramax Laboratories, Inc., et al.*, Case No. 5:19-cv-00835-FMO-SP. It is pending in the United States District Court for Central District of California in Los Angeles. Plaintiffs' claims involve only the following three Cosequin-branded dog supplements purchased between May 3, 2016, and May 6, 2022:

- Cosequin DS Maximum Strength Chewable Tablets
- Cosequin DS Maximum Strength Plus MSM Chewable Tablets
- Cosequin DS Maximum Strength Plus MSM Soft Chews.

Plaintiffs allege that Cosequin labels on these products misrepresented their effectiveness. The manufacturer of Cosequin denies these claims and asserts that the products are effective as a joint health supplement. The Court has found that Plaintiffs' allegations are legally sufficient and has ruled that the case may proceed as a class action. The Court has not ruled on the merits or accuracy of any of the parties' claims or defenses.

### 3. Who is included in the class?

All consumers who purchased for personal use any of the three Cosequin products identified above in California between May 3, 2016, and May 6, 2022.

Excluded from the Class are the Defendants—Nutramax Laboratories, Inc., and Nutramax Laboratories Veterinary Sciences, Inc.—including their past and present officers, employees, agents or affiliates. Also excluded from the Class are any judges who have presided over the case.

### 4. What are the claims and demands in the case?

On behalf of themselves and the Class, plaintiffs seek monetary damages for Defendants' alleged misrepresentations regarding the effectiveness of the three Cosequin dog supplements identified above.

### 5. What is the current status of the case?

The case is pending.

The case was filed in 2019 and the parties engaged in motion practice and discovery. The Court certified this class on May 6, 2022. Defendants appealed the class certification decision to the Ninth Circuit Court of Appeals, which affirmed the Court's decision to certify the class. Further proceedings are expected to continue at least into 2025 and a trial date will be set. There has been no judgment on the merits in favor of either side; nor has the case been settled.

## 6. Do I need to do anything else?

If you satisfy the class definition, then you are a member of the certified Class unless you ask to be excluded. If you do not ask to be excluded, you will be included and bound by the orders of the Court and any judgment in this case, whether favorable or unfavorable.

You can leave the class action by filing a timely request to be excluded from the class. If you do this, you will not benefit from a favorable judgment or be bound by an unfavorable judgment. However, if you wish to pursue any claims after requesting exclusion, you will need to file your own lawsuit.

## 7. How can I request to be excluded?

You can request exclusion ("opt out") from the class in one of two ways:
- Submit a request online via the notice website at www._____.com, stating your name, address, and a clear expression of your intent to be excluded from the class in *Lytle v. Nutramax Laboratories, Inc.*
- Send a letter to the class notice administrator by regular U.S. Mail, stating your name, address, and a clear expression of your intent to be excluded from the class in *Lytle v. Nutramax Laboratories, Inc.* A sample exclusion form is available on the notice website identified above.

Class Notice Administrator's Mailing Address
_____

Keep a copy of your online opt-out confirmation or letter for your records.

To be excluded from the class, your request to be excluded must be submitted online or postmarked by the class administrator by _____, 2024.

## 8. Do I have a lawyer in the class action?

Yes, the Court has appointed two law firms (Class Counsel) to represent you. You may contact either of them for information about the class action.

3

Matthew D. Schultz

Levin, Papantonio, Proctor, Buchanan, O'Brien, Barr & Mougey

316 S. Baylen Street, Suite 600

Pensacola FL 32502

850-435-7140

mschultz@levinlaw.com

Adam A. Edwards

Milberg, Coleman, Bryson, Phillips, Grossman

800 S. Gay St., Suite 1100

Knoxville, TN 37929

Tel: (865) 247-0080

aedwards@milberg.com

### 9. Can I choose to be represented by other counsel?

If you do not choose to be excluded from the class action, you may enter an appearance in the class action by other counsel of your choice.

### 10. How can I get more information?

Please visit the class action notice web site at www._____.com. You may also contact either of your attorneys as listed above.

**Please do not contact the Court directly about the status of the case. For all questions, you can contact Class Counsel or the Class Administrator.**

BY ORDER OF THE UNITED STATED DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA.