# EXHIBIT A

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

JUSTIN LYTLE and CHRISTINE MUSTHALER,

       Plaintiffs,

            v.

NUTRAMAX LABORATORIES, INC. and
NUTRAMAX LABORATORIES VETERINARY
SCIENCES, INC.,
            Defendants.

CASE NO. 5:19-CV-00835-FMO-SP

Judge: Hon. Fernando M. Olguin

## PROPOSED AMENDED AGREEMENT OF COMPROMISE AND SETTLEMENT

## TABLE OF EXHIBITS

Exhibit A: Order Directing Notice to Class Members

Exhibit A-1: Publication Notice

Exhibit A-2: Email Notice

Exhibit A-3: Posted Notice

Exhibit A-4: Claim Form

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is made and entered into as of the 13th day of January, 2026, by and among the Class Representatives, individually and as representatives of all Class Members, by and through Class Counsel, and Nutramax Laboratories, Inc. and Nutramax Laboratories Veterinary Sciences, Inc. ("Nutramax" or "Defendants"), by and through counsel, (collectively referred to as the "Parties"). The Parties intend this Agreement to resolve, discharge, and settle the Released Claims of Class Members fully, finally, and forever in accordance with the terms and conditions set forth below.

1. <u>**"CLASS" DEFINITION**</u>

 1.1 By the Court's May 6, 2022, Order on Plaintiffs' Class Motion for Class Certification [ECF No. 146], the following class was certified under Fed. R. Civ. P. 23(b)(3) to pursue a claim under California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*:

> All persons residing in California who purchased during the limitations period the following canine Cosequin® products for personal use: Cosequin® DS Maximum Strength Chewable Tablets; Cosequin® DS Maximum Strength Plus MSM Chewable Tablets; and Cosequin® DS Maximum Strength Plus MSM Soft Chews.

 1.2 The applicable limitations period is May 3, 2016, through May 6, 2022.

 1.3 Excluded from the Classes are: (a) Nutramax as well as its officers, employees, agents, or affiliates; (b) Nutramax's past and present employees; and (c) the members of the Court and its staff; and (d) Opt-Outs.

2.    **OTHER DEFINITIONS**

As used in this Agreement and its exhibits, the following terms shall have the meanings set forth below. Terms used in the singular shall include the plural and vice versa.

2.1    "Action" means the litigation pending in the United States District Court for the Central District of California, styled *Justin Lytle and Christine Musthaler v. Nutramax Laboratories, Inc. and Nutramax Laboratories Veterinary Sciences, Inc.*, Case No. 5:19-cv-00835.

2.2    "Administrative Costs" means all costs and expenses actually incurred by the Settlement Administrator in administering the Settlement, including the publication of Class Notice, establishment of the Settlement Website, providing CAFA notice, the processing, handling, reviewing, and paying of claims made by Claimants, and paying taxes and tax expenses related to the Settlement Fund (including all federal, state, or local taxes of any kind and interest or penalties thereon, as well as expenses incurred in connection with determining the amount of and paying any taxes owed and expenses related to any tax attorneys and accountants), with all such costs and expenses to be paid by Nutramax. All taxes on the income of the Settlement Fund, and any costs or expenses incurred in connection with the taxation of the Settlement Fund, shall be considered to be an Administrative Cost, and shall be timely paid by the Settlement Administrator without prior order of the Court. The Parties shall have no liability or responsibility for the payment of any such taxes. The Settlement Administrator shall invoice Nutramax on a monthly basis for reimbursement of the Administrative Costs.

2

**2.3**    "Agreement" means this Settlement Agreement and Release, together with the exhibits attached to this Agreement, which are incorporated in this Agreement by reference.

**2.4**    "CAFA Notice" means the notice of this Settlement to be served by the Settlement Administrator upon state and federal regulatory authorities as required by Section 3 of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

**2.5**    "Claim Form" means an electronic or paper document containing the information and fields substantially in the form set forth in Exhibit A-3. The Claim Form shall be submitted under penalty of perjury, based on the Class Members' knowledge, information, and belief, to the Settlement Administrator.

**2.6**    "Claims Deadline" means the final date to submit a Claim Form, which is 120 days after first publication of the Class Notice pursuant to the Notice Plan.

**2.7**    "Class Counsel" means Milberg Coleman Bryson Phillips Grossman, PLLC, and Levin, Papantonio, Proctor, Buchanan, O'Brien, Barr & Mougey P.A.

**2.8**    "Class Notice" means notice to the Class of this Agreement substantially in the form and following the procedures described in the Notice Plan, established by order of the Court, and to be administered by the Settlement Administrator under the direction of the Parties and jurisdiction of the Court. "Class Notice" includes a summary notice substantially in the form of Exhibit A-1 ("Publication Notice"), an email notice substantially in the form of Exhibit A-2 ("Email Notice"), and a posted notice substantially in the form of Exhibit A-3 ("Posted Notice").

3

**2.9**    "Class Member" means a Person who falls within the definition of the Class and who has not properly executed and timely filed a request for exclusion from the Settlement.

**2.10**   "Class Period" means from May 3, 2016, through May 6, 2022.

**2.11**   "Class Representatives" means collectively Justin Lytle and Christine Musthaler.

**2.12**   "Complaint" means the Second Amended Class Action Complaint, filed as ECF No. 53 in this Action.

**2.13**   "Court" means the Honorable Fernando M. Olguin, or if he is unavailable, another judge in the Central District of California to preside over the Action.

**2.14**   "Defendants" means Nutramax Laboratories, Inc. and Nutramax Laboratories Veterinary Sciences, Inc.

**2.15**   "Defendants' Counsel" means Alston & Bird LLP.

**2.16**   "Fairness Hearing" means the hearing conducted by the Court in connection with determining the fairness, adequacy, and reasonableness of this Agreement under Fed. R. Civ. P. 23(e).

**2.17**   "Fee and Expense Application" means the application for the award of attorneys' fees, costs, and/or expenses to Class Counsel and other counsel who claim to have performed work for the common benefit of Class Members.

**2.18**   "Fee and Expense Award" means the amount of attorneys' fees and/or reimbursement of expenses and costs awarded by the Court to Class Counsel (for distribution to Class Counsel and other counsel), which will be paid out of the Settlement Fund within thirty (30) days after the Final Effective Date.

4

**2.19** "Final Effective Date" means one of the following conditions has occurred: (1) if no timely appeal of the Final Approval Order by the Court is taken, then upon expiration of the time for any appeal, rehearing, or certiorari of the Final Approval Order; or, (2) if there are any appeals of the Final Approval Order, then (i) all appellate courts with jurisdiction affirm the Final Approval Order and the time for any appeal, rehearing, or certiorari of the affirmance has expired; or (ii) the appeal is dismissed or denied such that the Final Approval Order is no longer subject to further appeal, rehearing, or certiorari.

**2.20** "Final Approval" means the Court's issuance of an order and judgment granting final approval of this Agreement pursuant to Fed. R. Civ. P. 23(e). Final Approval and the Final Approval Order need not include the Fee and Expense Award.

**2.21** "Household" means all persons residing at the same physical address.

**2.22** "Motion for Order Directing Notice" means the motion or motions filed by the Parties pursuant to Fed. R. Civ. P. 23(e) for an order directing Class Notice to Class Members.

**2.23** "Notice Plan" means the plan to be approved by the Court for providing Class Notice in accordance with Fed. R. Civ. P. 23(e). The Notice Plan shall be substantially in the form detailed at Dkt. 213-3 of this Action and shall use the Notice forms set forth in Exhibits A-1 through A-3.

**2.24** "Objection Deadline" means the date by which Class Members must file with the Court a written statement objecting to any terms of the Agreement or to Class Counsel's request for fees, costs and/or expenses, and which shall be filed

5

ninety (90) calendar days after the Settlement Notice Date.

**2.25** "Opt-Out" means any Class Member who timely and properly submits a request for exclusion from the settlement in accordance with the procedures set forth in this Agreement and approved by the Court and did not timely and properly revoke the request.

**2.26** "Opt-Out Deadline" means the deadline by which a Class Member must exercise his or her option to opt out of the settlement so as not to release his or her claims as part of the Released Claims, and shall be ninety (90) days after the Settlement Notice Date.

**2.27** "Order Directing Notice" means the order entered by the Court directing Class Notice to Class Members, approving the Notice Plan, appointing the Settlement Administrator, and setting a schedule for the Final Approval process. A proposed Order Directing Notice substantially in the form to be entered directing Class Notice to the Class Members is attached as Exhibit A.

**2.28** "Posted Notice" means the part of the Notice Plan that includes a notice of the proposed settlement directed at Class Members to be posted on the Settlement Website, subject to approval of the Court, and substantially in the form attached to this Agreement as Exhibit A-3.

**2.29** "Publication Notice" means the part of the Notice Plan that includes a summary form of electronic and/or print notice of the proposed settlement to be published in certain hard copy or electronic formats directed at Class Members, subject to approval of the Court, and substantially in the form attached to this Agreement as Exhibit A-1.

6

**2.30** "Released Claims" means any and all claims released by this Agreement consistent with Section 9, herein.

**2.31** "Released Parties" means Nutramax Laboratories, Inc. and Nutramax Laboratories Veterinary Sciences, Inc, along with their parent(s), and each of their predecessors, affiliates, assigns, successors, related companies, subsidiary companies, holding companies, insurers, reinsurers, current and former attorneys, and their current and former members, partners, officers, directors, agents, and employees, in their capacity as such.

**2.32** "Settlement Administrator" means a qualified third-party administrator selected and/or approved by the Court to provide the Class Notice and to administer the claims process.

**2.33** "Settlement Fund" means the qualified settlement fund to be established by the Settlement Administrator and funded by Nutramax in the amount of $11,500,000, in the form of a non-reversionary common fund and is to be established in accordance with 26 C.F.R. §§1.468B-1(c) and (e)(1).

**2.34** "Settlement Payment" means those Settlement Funds to be paid to Class Members.

**2.35** "Settlement Website" means the website established and maintained by the Settlement Administrator, pursuant to the Order Directing Notice.

**2.36** "Valid Claims Form(s)" means timely submitted and complete claims form(s), signed by the Class Member, and verified by the Settlement Administrator to meet all the requirements set forth herein and to be free of fraud.

**2.37**    "Cosequin® Products" refers to Cosequin® DS Maximum Strength Chewable Tablets (which may also be referred to on the product labeling as Cosequin® Maximum Strength Plus MSM Chewable Tablets or Cosequin® with MSM Chewable Tablets); Cosequin® DS Maximum Strength Plus MSM Chewable Tablets (which may also be referred to on the product labeling as Cosequin® Maximum Strength Plus MSM Chewable Tablets or Cosequin® with MSM Chewable Tablets); and Cosequin® DS Maximum Strength Plus MSM Soft Chews (which may also be referred to on the product labeling as Cosequin® Maximum Strength Plus MSM Soft Chews or Cosequin® with MSM Soft Chews).

## 3.    <u>RECITALS</u>

**3.1**    The original Complaint in this Action relating to Nutramax's marketing, advertising, and sale of the Cosequin® Products was initially filed on May 3, 2019.

**3.2**    A First Amended Complaint was filed on June 26, 2019, and the operative Complaint was filed on October 11, 2019.

**3.3**    Nutramax denies all allegations of fault, wrongdoing, and/or liability made by the Class Representatives in the Action and does not admit or concede that any of the allegations made by the Class Representatives in the Action are true.

**3.4**    Since 2019, Class Counsel have conducted an extensive investigation of the facts and circumstances related to the allegations made in the Action, including, but not limited to, retaining experts, serving written discovery, reviewing written and document discovery received from Nutramax, answering written discovery and serving documents on behalf of the Plaintiffs, reviewing the information and evidence they have obtained, and researching and

studying the legal principles applicable to the issues of liability, damages, jurisdiction and procedure.

**3.5** The Parties have engaged in extensive arm's-length negotiations regarding the settlement of claims involving the Cosequin® Products. This includes settlement discussions that included two separate mediations; the first before the Honorable Dickran Tevrizian (Ret.), in person on October 6, 2018 that failed to reach a settlement; followed by a successful mediation before the Honorable David K. Duncan, in person on April 10, 2025, which ultimately resulted in a settlement.

**3.6** Class Counsel has concluded, after extensive factual examination and investigation and after careful consideration of the circumstances, including the claims asserted in the Complaint, and the possible legal and factual defenses thereto, that it would be in the Class Members' best interests to enter into this Agreement to avoid the uncertainties, burdens, risks, and delays inherent in litigation and subsequent appeals and to assure that the substantial benefits reflected in this Agreement are obtained for Class Members in an expeditious manner; and, further, that this Agreement is fair, reasonable, adequate, and in the best interests of the Class Representatives and the Class Members.

**3.7** Nutramax, despite its belief that it has strong defenses to the claims described in this Agreement, has agreed to enter into this Agreement to reduce and avoid the further expenses, burdens, risks, and inconveniences of protracted litigation and subsequent appeals and to resolve finally and completely Class Representatives' and other Class Members' claims.

**3.8** For the above reason, the Parties agree that the Action shall be settled, compromised, and/or dismissed with prejudice on the terms and conditions set forth in this

Agreement, subject to the Court's approval of this Agreement as a fair, reasonable, and adequate settlement under Fed. R. Civ. P. 23(e).

**3.9** The Parties' agree that this Agreement shall not be deemed or construed as an admission or as evidence of any violation of any statute or law, of any liability or wrongdoing by any of the Released Parties, of the merit of any of the claims or allegations alleged in the Action, or otherwise, or of the merit of any of the potential or asserted defenses to those allegations, or as a waiver of any such defense.

**4.** **SETTLEMENT FUND AND CONSIDERATION**

**4.1** Settlement Consideration.  Nutramax agrees to fund a non-reversionary common fund, to be established by the Settlement Administrator, in an amount of $11,500,000 (the "Settlement Fund"). The Settlement Fund shall be used to meet the monetary obligations to Class Members under this Agreement, pay all Settlement Payments, service awards, and the Fee and Expense Award ordered by the Court after submission of the Fee and Expense Application by Class Counsel. Other than its obligations to fund the Settlement Fund and for the payment of Administrative Costs (in accordance with Sections 2.2 and 6.4 of this Agreement), Nutramax shall have no obligation to make any other or further payment under this Agreement.

**4.2** Creation and Administration of Qualified Settlement Fund.  The Settlement Administrator is authorized to establish the Settlement Fund under 26 C.F.R. §§1.468B-1(c) and (e)(1), to act as the "administrator" of the Settlement Fund pursuant to 26 C.F.R. §1.468B-2(k)(3), and to undertake all duties as Settlement Administrator in accordance with the Treasury Regulations promulgated under

10

§1.468B of the Internal Revenue Code of 1986. All costs incurred by the Settlement Administrator operating as administrator of the Settlement Fund shall be construed as Administrative Costs and shall be paid by Nutramax. Interest on the Settlement Fund shall inure to the benefit of the Class.

4.3    <u>Funding of Settlement Fund</u>.    Within sixty (60) days after Class Notice commences, Nutramax shall pay $11,500,000 into the qualified Settlement Fund established by the Settlement Administrator. Except for Administrative Costs, Nutramax shall not be responsible or otherwise obligated to make any payment or cover any costs associated with this Agreement beyond funding the Settlement Fund as described herein.

4.4    Nutramax's funding of the Settlement Fund shall relieve Nutramax of any liability with respect to the authentication of Claim Forms, the allocation of the settlement proceeds among Class Members, the timing and method of Settlement Fund distributions, and the distribution of any un-cashed distribution.

4.5    No portion of the Settlement Fund shall be distributed prior to the Final Effective Date.

4.6    <u>Other Consideration.</u> Nutramax agrees that it will not include the following statements on its future packaging for the Cosequin® Products:

(1)    "Mobility, Cartilage and Joint Health Support";

(2)    "Supports Mobility for a Healthy Lifestyle"; and

(3)    "Use Cosequin to help your pet Climb stairs, Rise and Jump!"

Nutramax is permitted to retain the statement "Joint Health Supplement" on the Cosequin® Products if it chooses to do so. Nothing in this Agreement is intended to limit the labeling of any future products that are not Cosequin® Products as defined herein.

5.    **RECOVERY FOR CLASS MEMBERS**

5.1    <u>Class Recovery</u>.  The Settlement Payment to Class Members shall be made by the Settlement Administrator on a claims-made basis and from the Settlement Fund on the basis of (a) submitting a Valid Claim Form or (b) providing the Settlement Administrator information equivalent to that in the Claim Form to identify any individual as a Class Member and the number of qualifying units they purchased.

5.1.1    Class Members must submit a Claim Form, under penalty of perjury pursuant to 28 U.S.C. § 1746, that the information provided is true and correct to the best of each Class Member's knowledge, information, and belief, stating:

(a)    Name and address of Class Member's Household;

(b)    Number of units of Cosequin® Products purchased during the applicable Class Period;

(c)    Purchases were made in California;

(d)    State of residency at time of the purchase(s);

(e)    Purchases were for household use and not for commercial purposes.

5.1.2    Class Members who timely submit a Valid Claims Form may receive settlement compensation of up to $25 per unit of Cosequin® Products purchased during the applicable Class Period up to a maximum of $150. These compensation amounts shall only be reduced in the event that section 5.2 below is triggered.

5.1.3    Recovery is limited to one claim per Household, which is defined as all persons residing at the same physical address.

5.1.4    Class Members who timely submit a Valid Claims Form may elect to receive their settlement compensation by physical check, electronic check, Automated Clearing House ("ACH," a/k/a direct deposit). The timing for issuance of settlement compensation is governed by section 5.4 below.

5.2    Pro Rata Adjustment of Settlement Compensation.  If the total value of all Valid Claims Form and amounts identified for direct distribution exceeds the funds available for distribution to Class Members, then the amounts of the cash payments will be reduced, as necessary, to use all of the remaining funds available for distribution to Class Members. Any such pro rata adjustment will be calculated prior to distribution of funds (i.e., will be made in a single distribution).

5.3    Cy Pres Distribution. If the total value of all Valid Claims Form and amount identified for direct distribution is less than the funds available for distribution to Class Members, then the remaining balance of the Settlement Fund will be distributed to Valor Service Dogs.

13

**5.4**    Timing of Distributions to Class Members.  The Settlement Administrator shall pay out Valid Claims Form from the Settlement Fund, in accordance with the terms of this Agreement, commencing thirty (30) days after the Final Effective Date. No distributions to Class Members shall occur until after the Final Effective Date.

**5.5**    Timing for Payment to Become Stale.  For those Class Members who timely submit a Valid Claims Form and elect to receive payment by physical check or electronic check, check will be valid for ninety (90) days from the date of issuance. After ninety (90) days, checks will become void and non-negotiable. If a Class Member requests reissuance of their check, the Settlement Administrator shall promptly reissue the check in the same manner previously selected by the Class Member unless the Class Member requests otherwise, and the reissued check will be valid for thirty (30) days from the date of reissuance.

**5.6**    Uncleared Payments.  For any checks not negotiated by the Class Members, the Settlement Administrator will escheat those funds to the State of California's Unclaimed Property division. This escheatment will occur no later than 180 days after the final issuance of payments to Class Members.

**6.**    **ADDITIONAL SETTLEMENT TERMS AND ADMINISTRATION**

**6.1**    Commitment to Support Agreement.  Class Counsel assert that it is in the Class's best interests to consummate this Agreement, and the Parties agree to cooperate with each other and to take all actions reasonably necessary to obtain Court approval of this Agreement.

14

**6.2**    <u>Motion for Order Directing Notice</u>.  The Parties shall file an Unopposed Motion for Order Directing Notice to the Class, seeking preliminary approval of this Settlement and directing notice to the Class. A proposed Preliminary Approval Order substantially in the form to be entered approving the Settlement is attached as Exhibit B.

**6.3**    <u>Class Notice to Putative Class Members.</u>  After the Court has entered the Order Directing Notice, Class Notice to Class Members shall be disseminated in such form and manner consistent with the Notice Plan as approved by the Court. Instructions to access the Settlement Website and electronically submit the Claims Form shall be included with the copy of the Class Notice disseminated to putative Class Members and posted on the Settlement Website. Upon request by a Class Member, a hard copy of the Claims Form shall be sent by the Settlement Administrator.

**6.3.1**    The Parties agree that the methods of identifying and providing notice to the Class set forth in the Notice Plan satisfies the notice requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and any other applicable laws, and constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. The Parties will jointly request the Court to approve in the Order Directing Notice the dissemination of notice as set forth in the Notice Plan. The Parties, by written agreement of counsel, may revise the Class Notice and other exhibits to the Agreement in ways

15

that are not material, or in ways that are appropriate to update those documents for purposes of accuracy.

6.4    <u>Cost of Notice and Settlement Administration.</u>  All Administrative Costs will be paid by Nutramax upon the Settlement Administrator's submission of an invoice(s) to Nutramax. Should any disagreement arise regarding any invoice(s) issued by the Settlement Administrator, Nutramax and Class Counsel agree to first meet and confer with the Settlement Administrator in a good faith effort to resolve such disagreement and that they shall submit any remaining disagreement to the Court only after such meet and confer reaches an impasse.

6.5    <u>Agreement Not Admissible</u>.  Neither this Agreement nor any statement, transaction, or proceeding in connection with the negotiation, execution, or implementation of this Agreement is intended to be or may be construed as or deemed to be evidence of an admission or concession by Nutramax of any (i) liability or wrongdoing or of the truth of any allegations in the Complaint against Nutramax, or (ii) infirmity of, or strength of any alleged defense against, the allegations in the Complaint; and neither this Agreement nor any statement, transaction, or proceeding in connection with the negotiation, execution, or implementation of this Agreement shall be admissible in evidence for any such purpose in any proceeding.

6.6    <u>Settlement Statistics</u>.  The Settlement Administrator shall compile and send to Class Counsel and Nutramax reports containing summary statistics detailing the implementation of the settlement including, without limitation, the Settlement Administrator's fees and expenses, the number of proper and timely Opt-Outs,

the number of Claim Forms received, the number of Claim Forms accepted, the number of Claim Forms rejected and the reason(s) for rejection, and the number of Claim Forms determined by the Settlement Administrator to be deficient and the status of processing the deficiencies.

**6.7** <u>Stay and Resumption of Proceedings</u>. Contemporaneous with the filing of the Motion for Order Directing Notice, Counsel for the Parties shall (1) request a stay of all proceedings in the Action, and (2) seek an order from the Court pursuant to the All Writs Act, 28 U.S.C. § 1651, and the Anti-Injunction Act, 28 U.S.C. § 2283, prohibiting the prosecution of any pending or subsequently filed litigation by Class Members arising out of or relating to the Released Claims. Proceedings in the Court arising out of and relating to this Agreement, and any other proceeding necessary to effectuate this Agreement in any other action, shall be excepted from the stay. In the event the Court does not give Final Approval to this Agreement, the Final Effective Date does not occur, or this Agreement is otherwise terminated, this Agreement shall be of no further force or effect.

**6.8** <u>CAFA Notices</u>. Within ten (10) days after submission of this Agreement to the Court, the Parties agree that the Settlement Administrator shall serve notices of the settlement on state and federal regulatory authorities as required by Section 3 of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA Notices"). If a state or federal official raises concerns about the settlement, the Parties and their counsel agree to work together in good faith to resolve those concerns.

**6.9**    Motion for Final Approval of the Settlement.   The Parties shall jointly seek an order granting final approval of this Agreement pursuant to Fed. R. Civ. P. 23. Class Counsel shall file a Motion for Final Approval of the Settlement, the Fee and Expense Application, and the application for service awards to Class Representatives at least two (2) weeks before the Objection Deadline or as otherwise ordered by the Court. The Parties shall make a Supplemental Filing in Support of Final Approval with a declaration from the Settlement Administrator (with respect to the processing of Claim Forms) within thirty (30) days after the Claims Deadline.

**7.**    **SETTLEMENT ADMINISTRATION**

**7.1**    Settlement Administrator.   The administration of the Settlement Fund and the Claims Form shall be subject to the Court's supervision and remain at all times under the exclusive and continuing jurisdiction of the Court. The Settlement Administrator shall issue reports as requested by Class Counsel and Nutramax regarding its activities, fees and expenses, and other procedures. Class Counsel or Nutramax may raise by written objection filed with the Court any challenge to the procedures instituted by, or the fees and expenses of, the Settlement Administrator with respect to the administration of the Settlement Fund. The Settlement Administrator shall be responsible for disseminating information to Class Members concerning settlement procedures.

**7.2**    Class Notice.  The Notice Plan shall satisfy Rule 23 of the Federal Rules of Civil Procedure and be subject to the Court's approval.

18

**7.2.1**    The Settlement Administrator, in accordance with the Notice Plan and the Order Directing Notice, shall provide all Class Members with the best notice practicable under the circumstances. Nutramax represents that it only sold a limited amount of Cosequin® Products directly to consumers and therefore does not possess sufficient consumer contact information.

**7.2.2**    As directed by the Order Directing Notice, the Settlement Administrator shall establish and maintain the Settlement Website, on which at least the relevant pleadings, settlement documents, any applicable deadlines, and the Posted Notice shall be posted in order to provide information to the Class of the proposed settlement.

**7.2.3**    The Settlement Administrator also shall cause the Publication Notice to be published as provided in the Notice Plan and as directed by the Order Directing Notice.

**7.2.4**    All notice contemplated under the Notice Plan shall be issued and completed by the times set forth in the Order Directing Notice, unless otherwise ordered by the Court.

**7.3**    Opting Out of the Settlement.

**7.3.1**    Each Class Member may elect to opt out of the settlement. Any Class Member who wishes to opt out of the settlement must do so, in writing, by mailing a request for exclusion to the Settlement Administrator signed by the Class Member (the "Opt-Out Request"). Any such request must be sent to the Settlement Administrator and postmarked by the Opt-

19

Out Deadline. The Settlement Administrator shall work with Class Counsel to devise a mechanism to allow Class Members to opt out of the settlement via online means available on the Settlement Website, ensuring that Opt-Out Requests received via electronic means are valid and submitted by the individual Class Member seeking to be excluded from the settlement.

**7.3.2** The Opt-Out Request must: a) bear the handwritten signature of the Class Member seeking to opt out; b) set out the Class Member's full legal name, valid mailing address, and functioning telephone number; c) state that the Class Member has reviewed and understood the Class Notice and chooses to be excluded from the settlement; d) provide the name of and contact information for the Class Member's attorney, if represented; and e) provide proof that the Class Member purchased a Cosequin® Product during the Class Period.

**7.3.3** No person or entity may opt out on behalf of another Class Member.

**7.3.4** All requests to opt out that fail to satisfy the requirements of this Section, as well as any additional requirements that the Court may impose, shall be void. No class-wide, mass opt-outs, or opt-outs signed by attorneys are permitted under this Agreement.

**7.3.5** Any Class Member who does not properly and timely submit a request to opt out as required in this Agreement shall be deemed to have waived all rights to opt out and shall be deemed a Class Member for all purposes under this Agreement.

**7.3.6** The Claims Administrator shall provide the Parties with copies of all Opt-Out Requests within five (5) days after the Opt-Out Deadline.

**7.3.7** Class Counsel shall have the right to contact person who submit Opt-Out Requests.

**7.4** <u>Objecting to the Settlement.</u>

**7.4.1** Any Class Member who does not timely and properly opt out of the settlement may object to the fairness, reasonableness, or adequacy of the proposed settlement under Federal Rule of Civil Procedure 23. Each Class Member who wishes to object to any term of this Agreement must do so, in writing, by filing a written objection with the Clerk of the Court. Any such objection must be filed with the Court by the Objection Deadline and under the procedures established by the Court. Any such objection must (a) attach copies in advance of any materials that the objector intends to submit to the Court or present at the Fairness Hearing; (b) be personally signed by the Class Member and, if represented by counsel, by his or her counsel; (c) include information or documents sufficient to show that the objector is a Class Member; and (d) clearly state in detail (i) the legal and factual ground(s) for the objection, (ii) the Class Member's name, mailing address, email address, and telephone number, (iii) if represented by counsel, such counsel's name, email address, mailing address, and telephone number, and (iv) any request to present argument to the Court at the Fairness Hearing (also addressed in Section 7.5).

**7.4.2**    Any objection that fails to satisfy the requirements of this Section, or that is not properly and timely submitted, may at the Court's discretion be deemed void and waived. The Court shall make the final determination if any objection complies with the requirements of this Section. Any Party may respond to any objection by the date as ordered by the Court.

**7.5**    <u>Requests to Appear at Fairness Hearing.</u>

**7.5.1**    Any Class Member who wishes to appear and be heard in person or by counsel at the Fairness Hearing must make such request by notifying the Court and the Parties' respective counsel through the Settlement Administrator (as provided on the Settlement Website), subject to the discretion of the Court. Any such request must be filed with the Clerk of the Court and postmarked by the deadline for filing requests to appear and under the procedures established by the Court, and must state the name, address, and telephone number of the Class Member, as well as the name, address, and telephone number of the person that shall appear on his or her behalf. Any request for appearance that fails to satisfy the requirements of this Section, or that has otherwise not been properly or timely submitted, may be deemed by the Court to be ineffective and a waiver of such Class Member's rights to appear and to comment on the settlement at the Fairness Hearing. Only the Parties, Class Members, or their counsel may request to appear and be heard at the Fairness Hearing.

Persons or entities that opt out may not request to appear and be heard at the Fairness Hearing.

8.    **EXCLUSIVE REMEDY/DISMISSAL OF CLAIMS**

8.1    <u>Limitation on Released Party Liability.</u>  No Released Party shall be subject to liability or expense of any kind to any Class Member or their respective counsel, Objector or their respective counsel, or Class Counsel related to the Released Claims or Settlement Payment except as provided in this Agreement.

8.2    <u>Dismissal of Released Claims.</u>  The Parties agree that upon the Final Effective Date of this Agreement, all Released Claims shall be dismissed with prejudice in accordance with the Final Approval Order entered by the Court.  The Final Approval Order shall:

8.2.1    Provide that the Agreement is fair, reasonable, and adequate for Class Members;

8.2.2    Direct that the Agreement be implemented in accordance with its terms;

8.2.3    Dismiss the Action with prejudice;

8.2.4    Adjudge that each of the Releasing Parties has expressly, intentionally, fully, finally, and forever released, waived, compromised, settled and discharged all Released Claims;

8.2.5    Approve such award of attorneys' fees, costs, and expenses for Class Counsel and/or service awards to Class Representatives as the Court may award in its discretion;

8.2.6    Provide that the form and manner of Class Notice given to the Class Members fairly and adequately informed them of all material elements

of the Action and this Agreement, and thereby constituted sufficient notice to the Class Members in accordance with Federal Rule of Civil Procedure 23 and due process requirements;

8.2.7 Reserve exclusive and continuing jurisdiction over the interpretation, performance, enforcement, and administration of this Agreement and the Court's orders in the Action; and

8.2.8 Retain the authority to permanently bar and enjoin any actions in contravention of this Agreement and to otherwise enforce this Agreement through the exercise of equitable powers (including specific performance, contempt, and injunctive relief), irrespective of the availability or adequacy of any remedy at law.

9. <u>**RELEASES AND RESERVATIONS AND COVENANTS NOT TO SUE**</u>

9.1 In consideration of the benefits described and the provisions contained in this Agreement, all Class Members (regardless of whether a Class Member submits a Claim Form) promise, covenant, and agree that, upon the Final Effective Date and by operation of the Final Approval Order, the Class Members shall release and forever discharge the Released Parties from any liability for all claims of any nature whatsoever in law or in equity, past and present, and whether known or unknown, suspected or claimed, relating to or arising under any federal, state, local, or international statute, regulation, or law (including state consumer fraud, warranty, unjust enrichment laws, codal law, adjudication, quasi-adjudication, tort claims, contract claims, actions, causes of action, declaratory judgment actions, cross-claims, counterclaims, third-party claims, demands, and claims

24

for damages, compensatory damages, liquidated damages, punitive damages, exemplary damages, multiple damages, and other noncompensatory damages or penalties of any kind, fines, equitable relief, injunctive relief, conditional or other payments or interest of any type, debts, liens, costs, expenses and/or attorneys' fees, interest, or liabilities) that have been or could have been brought regarding representations relating to joint health or mobility  in connection with Nutramax's distribution, labeling, packaging, marketing, advertising, and/or sale of the Cosequin® Products during the applicable Class Period, subject only to the express exceptions listed in the Reservation of Claims and Rights Section below at Section 9.6.

**9.2**    All  Class Members covenant and agree that they shall not hereafter seek to sue or otherwise establish liability against any Released Parties based, in whole or in part, on any of the Released Claims. Each Class Member expressly waives and fully, finally, and forever settles and releases any known or unknown, suspected or unsuspected, contingent or non-contingent Released Claims without regard to the subsequent discovery or existence of different or additional facts. The Parties shall cooperate and assist one another in defending against and obtaining the dismissal of any claims brought by Persons seeking to assert claims released under this Agreement. Similarly, Nutramax covenants and agrees that it shall not hereafter seek to sue or otherwise establish liability against any Class Representative or Class Member regarding this litigation.

25

**9.3** IN ADDITION, EACH CLASS REPRESENTATIVE HEREBY EXPRESSLY WAIVES AND RELEASES AS TO THE RELEASED CLAIMS, UPON THE FINAL EFFECTIVE DATE, ANY AND ALL PROVISIONS, RIGHTS, AND BENEFITS CONFERRED BY § 1542 OF THE CALIFORNIA CIVIL CODE OR ANY OTHER STATUTE, LAW OR PRINCIPLE OF COMMON LAW, WHICH IS SIMILAR, COMPARABLE, OR EQUIVALENT TO § 1542 OF THE CALIFORNIA CIVIL CODE, WHICH READS:

> SECTION 1542. <u>GENERAL RELEASE; EXTENT.</u> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER WOULDHAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

**9.4** Each Class Member may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the Released Claims, but each Class Member hereby expressly waives and fully, finally, and forever settles and releases, upon the Final Effective Date, any known or unknown, suspected or unsuspected, contingent or non-contingent Released Claims with respect to the subject matter of the Released Claims whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

26

**9.5**     The Parties agree that this Agreement, whether or not the Final Effective Date occurs, and any and all negotiations, documents, and discussions associated with it, shall be without prejudice to the rights of any Party (other than those compromised in this Agreement); shall not be deemed or construed to be an admission or evidence of any violation of any statute or law, any liability or wrongdoing by any of the Released Parties, or of the truth of any of the claims or allegations contained in any complaint or pleading, whether in the Action, any other actions, or otherwise. The Parties expressly reserve all of their rights if this Agreement fails to become Final and effective substantially in accordance with its terms.

**9.6**     If this Agreement is not approved by the Court substantially in accordance with its terms and does not become subject to a Final Approval Order following such approval, or the Final Approval Order does not become Final, then the Action, for all purposes, shall revert to its status as of the date before the execution of this Agreement. In such instance, Nutramax shall be entitled to a refund of any money paid to the Settlement Fund that remains after all Administrative Costs are paid from the Settlement Fund (which shall not be subject to refund); for avoidance of doubt, Nutramax would be entitled to a refund of any Fee and Expense Award paid to Class Counsel, and/or any Service Awards paid to the Class Representatives. However, where possible, the Parties shall work in good faith to cure any deficiencies that act as a bar to Final Approval in order to ensure that the Court approves this Agreement.

**10.     <u>ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS</u>**

10.1  As part of the Settlement, Class Counsel shall make an application to the Court for an award of fees, costs, and/or expenses not to exceed 33% of the Settlement Fund, to be paid from the Settlement Fund. Nutramax retains the right to object or otherwise oppose Class Counsel's Application for a Fee and Expense Award. The Parties recognize that the Court shall have the final authority to award the amount of attorneys' fees, costs, and/or expenses but in no event shall Nutramax be responsible for any award or amount above its obligations to fund to the Settlement Fund in the amount of $11,500,000 and to pay Administrative Costs (in accordance with Sections 2.2 and 6.4 of this Agreement).

10.2  Upon a Court order providing a Fee and Expense Award, any attorneys' fees, costs, and/or expenses awarded to Class Counsel by the Court shall be paid by the Settlement Administrator from the Settlement Fund within thirty (30) days after the Final Effective Date. In the event the Fee and Expense Award is reversed, modified, canceled, terminated, or reduced for any reason, the relevant amount of the overpayment of attorneys' fees, costs, and expenses paid by the Settlement Administrator from the Settlement Fund shall be returned to the Settlement Fund within thirty (30) days.

10.3  Class Counsel shall allocate any Fee and Expense Award among Class Counsel and other counsel representing plaintiffs in the Action in a manner in which they in good faith believe reflects the contributions of such counsel to the prosecution and settlement of the Action. Nutramax shall have no liability or obligation with respect to any attorneys' fees, costs, or expenses other than funding the

Settlement Fund as described herein. Nutramax shall have no liability or other responsibility for allocation of any such attorneys' fees or costs and expenses awarded.

10.4    Nutramax and the Released Parties shall have no liability with respect to any disputes among plaintiffs' counsel relating to the award, allocation, or entitlement to any fees, costs, or expenses. The Court shall retain jurisdiction over any disputes among plaintiffs' counsel relating to the award, allocation, or entitlement to any fees, costs, or expenses, but any such disputes shall not affect this Settlement becoming Final.

10.5    Nutramax agrees not to oppose an application for service awards up to $7,500 for Class Representatives in recognition of the time and effort Class Representatives expended on pursuing the Action. The Parties acknowledge the Court shall have the final authority to determine the amount of the awards up to these amounts in recognition of their service as Class Representatives in this Action.

10.6    Any payment awarded by the Court to the Class Representatives will be paid by the Settlement Administrator from the Settlement Fund directly to the Class Representatives within thirty (30) calendar days from the Final Effective Date.

10.7    The Fee and Expense Award and service awards to Class Representatives, if any, are subject to and dependent upon the Court's approval.  However, this Settlement Agreement is not dependent or conditioned upon the Court approving any Fee and Expense Award, Class Representatives' request for service awards, and/or awarding the particular amounts sought by Class Counsel

and/or Class Representatives.  In the event the Court declines Class Counsel's or Class Representatives' requests, or awards less than the amounts sought, this Settlement will continue to be effective and enforceable by the Parties if not terminated pursuant to the terms of this Agreement.

## 11.    TERMINATION OF THIS AGREEMENT

**11.1**    This Agreement shall be terminated, without notice, if the Court declines to enter the Order Directing Notice, declines to grant Final Approval, or if such approval or other necessary orders do not become Final (as a result of reversal on appeal or otherwise). However, where possible, the Parties shall work in good faith to cure any deficiencies that act as a bar to entry of the Order Directing Notice, granting Final Approval, or entry of any other related orders.

**11.2**    If the Court declines to enter the Order Directing Notice, declines to grant Final Approval, or if such approval or other necessary orders do not become Final (as a result of reversal on appeal or otherwise), this Agreement shall be of no further force or effect.

## 12.    MISCELLANEOUS PROVISIONS

**12.1**    Recitals.    The Recitals set forth in this Agreement are hereby expressly incorporated into this Agreement and made a part hereof.

**12.1**    Best Efforts.  The Parties and their counsel agree to undertake their reasonable best efforts to perform the terms of this Agreement and to obtain and defend the Final Approval Order. Should any disagreement arise concerning the Parties' obligations under this Agreement, the Parties agree to first meet and confer in a good faith effort to resolve any such disagreement. Class Representatives and

Class Counsel further agree to recommend approval of this Agreement by the Court and Class Members without qualification or condition not set forth in this Agreement.

**12.1**   <u>No Admission.</u>   This Agreement, any negotiations, statements, communications, or proceedings relating thereto, and the fact that the Parties agreed to the Agreement shall not be construed as an admission or concession by any of the Parties or Class Members or be used or subject to discovery for any purpose whatsoever in any other suit, action, or proceeding, other than to enforce the terms of this Agreement (including the Release).

**12.2**   <u>No Inducement.</u>   The Parties acknowledge, stipulate, and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation, or understanding concerning any part or all of the subject matter of this Agreement has been made or relied on except as expressly set forth in this Agreement.

**12.3**   <u>Receipt of Advice of Counsel</u>.   Class Representatives acknowledge, agree, and specifically warrant and represent that they have discussed with Class Counsel (or their designees) the portions of this Agreement relevant to them, including the release of Released Claims, and received legal advice with respect to the advisability of entering into this Agreement, and the legal effect of this Agreement.

**12.4**   <u>Settlement Communications.</u> Plaintiffs and Class Counsel, shall keep strictly confidential and not disclose to any third party any non-public information regarding the negotiation of the settlement reflected in this Agreement.

31

**12.5**   <u>No Tax Advice</u>.   No opinion regarding the tax consequences of this Agreement to any individual Class Member is being given or shall be given by Nutramax or its counsel, nor is any representation or warranty in this regard made by virtue of this Agreement. Class Members must consult their own tax advisors regarding the tax consequences of the Settlement, including any payments provided hereunder and any tax reporting obligations they may have with respect to this Agreement. Each Class Member's tax obligations, and the determination thereof, are his, her, or its sole responsibility, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member. Released Parties shall have no liability or responsibility whatsoever for any such tax consequences resulting from payments under this Agreement. To the extent required by law, the Released Parties shall report payments made under this Agreement to the appropriate authorities.

**12.6**   <u>Notice of Breach</u>.   In the event that one Party to this Agreement is notified in writing by the other Party of any alleged breach of this Agreement, the allegedly-breaching Party shall have fourteen (14) days from the date of receipt of such notice to cure any such alleged breach and to notify the other Party, in writing, of the cure implemented to address the alleged breach. If the Party asserting the breach is not satisfied with the cure, that Party shall have the right to petition the Court for relief within thirty (30) days after receipt of notice of the cure.

**12.7** <u>Enforcement.</u>   Only if this settlement is finally approved by the Court and becomes Final, this Agreement may be pleaded as a full and complete defense to any action, suit, or other proceeding that has been or may be instituted, prosecuted or attempted against the Released Parties in such capacity with respect to any of the Released Claims, and may be filed, offered, received into evidence, and otherwise used for such defense. This Agreement may also be used in connection with the Parties' application for approval or enforcement of this Agreement and all proceedings incident to this Agreement, including requests for attorneys' fees, costs, disbursements and compensation to the Classes, and any disputes arising from this Agreement.

**12.8** <u>Authorization to Enter Agreement</u>.   The undersigned representatives of Nutramax represent that they are fully authorized to enter into and execute this Agreement on behalf of Nutramax. Class Counsel represent that they are fully authorized to enter into and execute this Agreement on behalf of the Class Representatives and Class Members, subject to approval by the Court pursuant to Fed. R. Civ. P. 23.

**12.9** <u>No Party Is the Drafter</u>.   None of the Parties to this Agreement shall be considered the drafter of this Agreement or any provision thereof for the purpose of any statute, case law or rule of construction that would or might cause any provision to be construed against the drafter.

**12.10** <u>Choice of Law</u>.   This Agreement shall be governed by and interpreted in accordance with the substantive laws of the State of California without regard to its choice of law or conflict of laws principles. The Court shall maintain

continuing jurisdiction over this matter in any proceeding to interpret, enforce, modify, or set aside the terms of this Agreement.

**12.11** <u>Jurisdiction and Dispute Resolution</u>.  Pursuant to the Final Approval Order, the Court shall retain continuing and exclusive jurisdiction over the Parties and their counsel, the Settlement Administrator, the Settlement Fund (including any trustee or other administrator or agent of the Settlement Fund, as applicable), and all Class Members with respect to the terms of this Agreement, the proper provision of all benefits thereunder, and the implementation and enforcement of its terms, conditions, and obligations. The terms of this Agreement shall be incorporated into the Final Approval Order of the Court, which shall allow that Final Approval Order to serve as an enforceable injunction by the Court for purposes of the Court's continuing jurisdiction related to this Agreement.

**12.12** The Court also shall retain exclusive and continuing jurisdiction over the Fee and Expense Award.

**12.1** Within sixty (60) days after the Final Effective Date, Class Representatives and Class Counsel shall return or destroy (and certify in writing that they have destroyed) all documents produced by Nutramax in connection with the Action and/or the negotiation or performance of this Agreement.

**12.2** <u>Administrative Procedures</u>.  The Settlement Administrator may create administrative procedures, supplementary to (and not inconsistent with) those specified herein that provide further specific details about how the settlement is to be administered, and/or other aspects of the settlement, including, but not

limited to, procedures regarding submission of documents or procedures regarding execution and signature of documents; provided, however, that such procedures comply, or otherwise are not in conflict, with the terms of this Agreement, and are agreed to by the Parties and approved by the Court.

**12.3**   Notice. Whenever this Agreement requires or permits notice to the Claims Administrator, Class Representatives, Class Counsel, or Nutramax, the notice shall be provided by e-mail or next-business-day express delivery service as follows:

> **Claims Administrator:**
>
> **Class Representatives or Class Counsel:**
> Adam A. Edwards
> MILBERG COLEMAN BRYSON
> PHILLIPS GROSSMAN PLLC
> 800 S. Gay Street, Suite 1100
> Knoxville, TN 37931
> aedwards@milberg.com
>
> **Nutramax:**
> John E. Stephenson Jr.
> ALSTON & BIRD LLP
> 1201 West Peachtree Street
> Atlanta, GA 30309
> john.stephenson@alston.com

**12.4**   Amendment or Waiver.  This Agreement shall not be modified in any respect except by a writing executed by all Parties to this Agreement or their successors-in-interest. The waiver of any rights conferred by this Agreement shall be effective only if made in writing by the waiving Party. The waiver by any Party of any provision of or breach of this Agreement, in whole or in part, by another Party shall not be deemed or construed as a waiver of any other provision of or

breach of this Agreement, whether prior to, subsequent to, or contemporaneous with this Agreement.

**12.5**    <u>Execution in Counterparts</u>.  This Agreement may be executed in counterparts. Facsimile or PDF signatures shall be valid signatures as of the date thereof.

**12.6**    <u>Integrated Agreement</u>.  This Agreement, including its exhibits, contains an entire, complete, and integrated statement of the terms agreed to by and between the Parties, and supersedes all prior proposals, negotiations, agreements, and understandings relating to the subject matter of this Agreement.

**12.7**    In the event of conflict between this Agreement and any other document prepared pursuant to the Agreement, the terms of this Agreement shall supersede and control.

**12.8**    The Parties, subject to Court approval, reserve the right to agree to any reasonable extensions of time that might be necessary to perform any of the obligations or exercise any of the rights created by this Agreement.

**12.9**    If the last date for the performance of any action required or permitted by this Agreement falls on a Saturday, Sunday, or Court holiday, that action may be performed on the next business day as if it had been performed within the time period provided for performance of the action.

IN WITNESS WHEREOF, each of the undersigned, being duly authorized, has caused this Agreement to be executed on the dates shown below and agrees that it shall take effect on the first date that it has been executed by all of the undersigned. **By signing below, each of the undersigned also acknowledges that he or she has read the Agreement,**

36

understands its binding nature, has had the opportunity to consult with counsel, and enters into the Agreement voluntarily.


APPROVED AND AGREED TO BY CLASS COUNSEL:

1/13/26
_____
Date


APPROVED AND AGREED TO BY NUTRAMAX:

Jan. 13, 2026
_____
Date

# EXHIBIT A

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OFCALIFORNIA**

JUSTIN LYTLE and CHRISTINE MUSTHALER,

        Plaintiffs,

        v.

NUTRAMAX LABORATORIES, INC. and NUTRAMAX LABORATORIES VETERINARY SCIENCES, INC.,

        Defendants.

Case No. 5:19-CV-00835-FMO-SP

Assigned to: Hon. Fernando M. Olguin

**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

**WHEREAS**, Plaintiffs Justin Lytle and Christine Musthaler ("Class Representatives"), on behalf of themselves and the Class as defined below, and Defendants Nutramax Laboratories, Inc. and Nutramax Laboratories Veterinary Sciences, Inc. ("Defendants" or "Nutramax") (collectively, the "Parties") entered into an Amended Settlement Agreement on January 13, 2026 that details the terms and conditions for a proposed settlement of this Lawsuit and for its dismissal with prejudice upon the terms and conditions therein, subject to Court approval;

**WHEREAS**, Plaintiffs have moved the Court for an order (i) preliminarily approving the Settlement under Federal Rule of Civil Procedure 23, (ii) certifying the Class on the same terms the Court previously certified, (iii) directing notice as set forth herein, and (iv) scheduling the Final Approval Hearing;

**WHEREAS**, the Settlement is the product of informed, arms'-length settlement negotiation conducted before the neutral mediator Judge David Duncan on April 10, 2025;

**WHEREAS**, the Court is familiar with and has reviewed the record, the Settlement Agreement, Plaintiffs' Notice of Amended Motion and Unopposed Amended Motion for Preliminary Approval of Class Action Settlement, the Memorandum of Points and Authorities in Support Thereof, the supporting Declarations, and the exhibits attached to the foregoing, and has found good cause for entering the following Order; and

**WHEREAS**, unless otherwise specified, all capitalized terms used herein have the same meaning as set forth in the Settlement Agreement.

**NOW THEREFORE, it is hereby ORDERED and ADJUDGED as follows**:

1. The Court finds that it has jurisdiction over the subject matter of this Lawsuit and over all Parties to the Lawsuit.

2. Plaintiffs have moved the Court for an order (i) preliminarily approving the Settlement of the Action under Federal Rule of Civil Procedure 23, (ii) certifying the Class on the same terms the Court previously certified, and (iii) directing notice as set forth herein.

3. The Court preliminarily finds that, subject to the Final Approval Hearing, the Settlement Agreement, including the exhibits attached thereto, is fair, reasonable, and adequate

1

1 | pursuant to Federal Rule of Civil Procedure 23, is within the range of possible approval, and is in

2 | the best interests of the Class defined below.

3 | 4. The Court further finds that the Settlement Agreement substantially fulfills the

4 | purposes and objectives of the class action and provides substantial relief to the Class without the

5 | risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court

6 | also finds that the Settlement Agreement: (a) is the result of arm's-length negotiations between

7 | experienced class action attorneys; (b) is sufficient to warrant notice of the Settlement and the

8 | Final Approval Hearing to be disseminated to the Class; (c) meets all applicable requirements of

9 | law, including Federal Rule of Civil Procedure 23, the Class Action Fairness Act, 28 U.S.C. §

10 | 1715, and the United States Constitution; and (d) is not a finding or admission of liability by

11 | Defendants or any other person(s), nor a finding of the validity of any claims asserted in the

12 | Action or of any wrongdoing or any violation of law.

13 | 5. **Certification of the Class**. The Court previously (a) appointed Milberg Coleman

14 | Bryson Phillips Grossman PLLC and Levin Papantonio as Class Counsel, and (b) appointed

15 | Plaintiffs Justin Lytle and Christine Musthaler as Class Representatives. ECF No. 146. The Court

16 | confirms these appointments, holding that these attorneys are competent and capable of exercising

17 | the responsibilities of Class Counsel and that Class Representatives will adequately protect the

18 | interests of the Class defined below.

19 | The Court also certified a Class, defined as:

20 | All persons residing in California who purchased during the limitations

21 | period the following canine Cosequin® products for personal use:

22 | Cosequin® DS Maximum Strength Chewable Tablets; Cosequin® DS

23 | Maximum Strength Plus MSM Chewable Tablets; and Cosequin® DS

24 | Maximum Strength Plus MSM Soft Chews.

25 | ECF No. 146.

26 | Because the Settlement Agreement adopts this class definition, Settlement

27 | Agreement ("SA") § 1.1, the Court need not reconsider the Class's definition. The Court confirms

2

this Class definition.

Excluded from the Class are: (i) Nutramax, as well as its officers, employees, agents, or affiliates; (ii) Nutramax's past and present employees; and (iii) the members of the Court and its staff; and (iv) anyone who opts out of the Class. *Id.* § 1.3.

The Class Period shall be May 3, 2016, through May 6, 2022. *Id.* § 1.2.

The Court previously considered and determined that the class certification is appropriate in this Action. ECF No. 146. Because there have been no changes in circumstance, the Court finds that the Court need not reconsider its previous determination certifying the Class. Accordingly, the Court confirms its previous findings that: (a) the Class is so numerous that joinder of all members is impracticable; (b) there are questions of fact and law common to the Class; (c) the claims of the Class Representatives are typical of the claims of the members of the Class; (d) the Class Representatives and Class Counsel will fairly and adequately protect the interests of the members of the Class; (e) common questions of law or fact predominate over questions affecting individual members; and (f) a class action is a superior method for fairly and efficiently adjudicating this Action. ECF No. 146.

If the Settlement Agreement does not receive the Court's final approval, if final approval is reversed on appeal, or if the Settlement Agreement is terminated or otherwise fails to become effective, the Parties shall revert to their positions in the Action as they existed before the Settlement Agreement's execution date, July 28, 2025.

6.     **Notice and Administration**.  Pursuant to Federal Rule of Civil Procedure 23(e), the Court finds that it has sufficient information to enable it to determine whether to give notice of the proposed Settlement to the Class. The Court further finds that the proposed Settlement and Notice Plan meet the requirements of Rule 23(e) and that the Court can certify the Class for purposes of judgment on the Settlement.

The Notice Plan submitted with the Motion for Preliminary Approval and the forms of notice attached thereto satisfy the requirements of Federal Rule of Civil Procedure 23 and are approved. Non-material modifications to the notices and payment information form may

3

be made by the Settlement Administrator without further order of the Court, so long as they are approved by the Parties and consistent in all material respects with the Settlement Agreement and this Order. The Settlement Administrator is directed to carry out the Notice Plan in conformity with the Settlement Agreement and the below-stated schedule, and to perform all other tasks that the Settlement Agreement requires. Class Counsel shall file an appropriate declaration by the Settlement Administrator demonstrating compliance with the provisions of the Notice Plan at least 14 days prior to the Final Approval Hearing.

The Court further finds that the form, content, and method of giving notice to the Class as described in the Notice Plan submitted with the Motion for Preliminary Approval: (a) constitute the best practicable notice to the Class; (b) are reasonably calculated, under the circumstances, to apprise the Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights to object to the Settlement and to exclude themselves from the Class; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court finds that the notices are written in plain language, use simple terminology, and are designed to be readily understandable by the Class Members.

The Parties have selected Epiq Class Action & Claims Solutions, Inc. ("Epiq") to serve as the Settlement Administrator. Upon due consideration, the Court hereby appoints and authorizes Epiq to be the Settlement Administrator, and to perform and execute the notice responsibilities set forth in the Settlement Agreement and by this Court.

Epiq shall act in compliance with the Stipulated Protective Order, ECF No. 65, including but not limited to making all necessary efforts and precautions to ensure the security and privacy of Class Member information and protect it from loss, misuse, unauthorized access and disclosure, and to protect against any reasonably anticipated threats or hazards to the security of Class Member information; not using the information provided by Defendants or Class Counsel in connection with the Settlement or this Notice Plan for any purposes other than providing notice

4

or conducting settlement administration; and not sharing Class Member information with any third parties without advance consent from the Parties.

The Court finds that Epiq will comply with the notice provisions of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, as described in the Declaration of Cameron R. Azari.

The Court orders Epiq to commence the Notice Plan to Class Members within sixty (60) calendar days after entry of this Preliminary Approval Order. Should supplemental notice be required, pursuant to the terms and requirements of the Settlement Agreement, Epiq will provide and complete such supplemental notice no later than thirty (30) calendar days prior to the Objection and Exclusion Deadline. The Objection Deadline and Opt-Out Deadline shall be set ninety (90) calendar days after Epiq commences the Notice Plan. Epiq will further provide a declaration that Notice has been effectuated ("Proof of Notice Date"), which shall be filed with the Motion for Final Approval.

7. **Submission of Payment Information**. Class Members will have 120 calendar days from the Notice Date to submit a claim ("Response Deadline"), which is adequate and sufficient time. Class Members who submit a valid claim approved by the Settlement Administrator within 120 days of the Notice Date may qualify to receive benefits of the Settlement.

The total amount distributed to the Class Members who submit valid claims shall be the Settlement Fund, less the cost of settlement Notice, any Attorneys' Fees and Expenses Award, and any Service Awards (the "Net Settlement Fund"). In the event that funds remain in the Net Settlement Fund following payment of such awards, the remainder will be distributed to the *Cy Pres* Recipient set forth in the Settlement Agreement and approved by the Court: Valor Service Dogs. Each Class Member who submits a valid claim shall be eligible to receive up to $25.00 per unit of qualifying Cosequin Product purchased during the Class Period, up to a maximum of $150.00, if multiple units were purchased. Recovery is limited to one claim per Household, which is defined as all persons residing at the same physical address. If the total value

of all validated claims exceeds the Net Settlement Fund, the amounts of cash payments will be reduced on a *pro rata* basis. Class Members who submit valid claims may elect to receive their settlement compensation by physical check, electronic check, or Automated Clearing House ("ACH," or direct deposit).

8.    **Opting-Out from the Class**.  Any person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class. Any such person who desires to opt out may submit a written request of such intent online through the Settlement Website or by mail. The written request for exclusion must (i) bear the Class Member's signature; (ii) include the Class Member's full legal name, mailing address, and functioning telephone number; (iii) state that the Class Member has reviewed and understood the Class Notice and chooses to be excluded from the Settlement; (iv) provide the name of and contact information for the Class Member's attorney, if the Class Member is represented; and (v) provide proof that the Class Member purchased a qualifying Cosequin Product during the Class Period.

Opt-out requests seeking exclusion on behalf of more than one individual or on behalf of another individual shall be deemed invalid by the Settlement Administrator. Opt-out requests that fail to satisfy the requirements established above shall be deemed invalid by the Settlement Administrator. Opt-out requests submitted by an attorney, rather than by a Class Member, shall be deemed invalid by the Settlement Administrator. To be effective, the written notice seeking exclusion shall be submitted no later than the Opt-Out Deadline, which is set ninety (90) calendar days after first Notice is sent. All mailed written notices seeking exclusion must be postmarked by the Opt-Out Deadline. All those persons submitting valid and timely requests for exclusion shall not be entitled to receive any benefits of the Settlement and shall not be entitled to object to the Settlement.

Any Class Member who does not timely and validly exclude themselves from the Settlement shall be bound by the terms of the Settlement. If final judgment is entered, any Class Member who has not submitted a timely, valid written request for exclusion from the Class shall be bound by all subsequent proceedings, orders, and judgments in this matter, including but not

limited to the Release set forth in the Settlement Agreement and incorporated in the judgment.

9.    **Objections and Appearances**.  Any Class Member who has not submitted a timely written request for exclusion from the Class and who wishes to object to the Settlement must submit a written objection to the Court by the Objection Deadline, which is set ninety (90) days after first Notice is sent. A Class Member may object to the Settlement, the benefits of the Settlement, Service Awards, and/or the Attorneys' Fees and Expenses Award, and/or may seek to appear at the Final Approval Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the Class, why a Final Approval Order and Judgment should not be entered thereon, why the benefits of the Settlement should not be approved, or why the Service Awards and/or the Attorneys' Fees and Expenses Award should not be granted, but must proceed as set forth in this paragraph.

A Class Member wishing to object to the Settlement must submit his or her written objection through the Court's Electronic Court Files ("ECF") system by 11:59 p.m. Pacific Time on the Objection Deadline. In order to be valid, an objection must be in writing and must (i) include the Class Member's full legal name, mailing address, and functioning telephone number and their attorney, if represented; (ii) include information sufficient to verify that the objector is a Class Member and wishes to object to the Settlement; (iii) state whether the objection applies to the objecting Class Member individually, to a subset of the Class, or to the entire Class; (iv) state the grounds for the objection; (v) request to present argument at the Final Approval Hearing, if such a request is intended to be made, and attach advance copies of any materials that are intended to be submitted or presented to the Court; and (vi) be personally signed and dated by the objecting Class Member or by their attorney, if represented. Class Members who fail to timely submit a written objection in the manner established above shall be deemed to have waived any objection to the Settlement and shall be foreclosed from raising any objection to the Settlement at the Final Approval Hearing, or through appeal, collateral attack, or otherwise.

Any Settlement Member who timely submits a written objection in the manner described above has the option to appear and request to be heard at the Final Approval Hearing,

either in person or through the objecting Class Member's counsel, if applicable. Any objecting Class Member wishing to appear and be heard at the Final Approval Hearing, either in person or through the objecting Class Member's counsel, must (i) formally request to present argument to the Court at the Final Approval Hearing; (ii) provide the information established above for both the objecting Class Member and their counsel; and (iii) present advanced copies of all materials intended to be submitted or presented to the Court. If an objecting Class Member wishes to be represented by an attorney, the objector shall be solely responsible for the objector's attorneys' fees and expenses. Counsel for an objecting Class Member seeking to appear at the Final Approval Hearing must enter a Notice of Appearance no later than fourteen (14) days before the Final Approval Hearing.

10.    **Final Approval Hearing**.  A hearing will be held by this Court in the Courtroom of the Honorable Fernando M. Olguin, United States District Court for the Central District of California, United States Courthouse, Courtroom 6D on the 6th Floor, 350 W. 1st Street, Los Angeles, CA 90012 at   the date and time established below("Final Approval Hearing"), to determine: (a) whether the Settlement should be approved as fair, reasonable, and adequate to the Class; (b) whether a Final Approval Order and Judgment should be entered; (c) whether the Settlement benefits as proposed in the Settlement Agreement should be approved as fair, reasonable, and adequate; (d) whether to approve the application for Service Awards for the Class Representatives and an Attorneys' Fees and Expenses Award; and (e) any other matters that may properly be brought before the Court in connection with the Settlement. The Court may approve the Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

11.    **Final Approval Briefing**.  Class Representatives and Class Counsel shall file their motion seeking final approval of the Settlement at least twenty-one (21) days before the Final Approval Hearing.  All briefing and supporting documents in support of a motion for Attorneys' Fees and Expenses and Service Awards must be filed at least thirty (30) days prior to the Objection and Opt-Out Deadlines—or sixty (60) days following the Notice Date. Defendants reserve the

right to object to or oppose Class Counsel's requests for attorneys' fees and expenses.

12.    **Reasonable Procedures**.    Class Counsel and Defense Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the notices and other exhibits that they jointly agree are reasonable or necessary to further the purpose of effectuating the Settlement Agreement.

13.    **Extension of Deadlines**.    Upon application of the Parties and good cause shown, the deadlines set forth in this Order may be extended by order of the Court, without further notice to the Class. Class Members must check the Settlement Website regularly for updates and further details regarding extensions of these deadlines. The Court reserves the right to adjourn or continue the Final Approval Hearing, and/or to extend the deadlines set forth in this Order, without further notice of any kind to the Class.

14.    **Termination of the Settlement and Use of this Order**.    If the Settlement fails to become effective in accordance with its terms, or if the Final Order and Judgment is not entered or is reversed or vacated on appeal, this Order shall be null and void, the Settlement Agreement shall be deemed terminated, and the Parties shall return to their positions without any prejudice, as provided for in the Settlement Agreement. The fact and terms of this Order or the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Order or the Settlement, and any act performed or document signed in connection with this Order or the Settlement, shall not, in this or any other Court, administrative agency, arbitration forum, or other tribunal, constitute an admission, or evidence, or be deemed to create any inference (i) of any acts of wrongdoing or lack of wrongdoing, (ii) of any liability on the part of Defendants to Plaintiffs, the Class, or anyone else, (iii) of any deficiency of any claim or defense that has been or could have been asserted in this Action, (iv) of any damages or absence of damages suffered by Plaintiffs, the Class, or anyone else, or (v) that any benefits obtained by the Class under the Settlement represent the amount that could or would have been recovered from Defendants in this

Action if it were not settled at this time. The fact and terms of this Order or the Settlement, and all negotiations, discussions, drafts, and proceedings associated with this Order or the Settlement, including the judgment and the Release provided for in the Settlement Agreement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal, except as necessary to enforce the terms of this Order, the Final Order and Judgment, and/or the Settlement.

15.    **Related Orders**.  All further proceedings in this Action are ordered stayed until entry of the Final Approval Order or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

16.    For the sake of clarity, the Court enters the following deadlines:

| EVENT | DATE |
| --- | --- |
| Notice Date, on which Notice commences | 60 days following preliminary approval order |
| Deadline for Class Counsel to submit Motion for Attorneys' Fees and Expenses and Service Awards | 30 days prior to the Objection and Opt-Out Deadline (the Objection and Opt-Out Deadlines are ninety (90) days following Notice Date) |
| Deadline for Class Members to submit written Objections, including supporting documentation, if applicable | Ninety (90) days following Notice Date |
| Deadline for Class Members to submit written requests for exclusion from the Settlement | Ninety (90) days following Notice Date |
| Deadline for Class Members to submit valid claims | 120 days following Notice Date |

10

| | |
|---|---|
| Deadline to submit declaration establishing proof of notice | Twenty-one (21) days prior to Final Approval Hearing |
| Deadline for Class Counsel to submit Motion for Final Approval, including supporting declarations and documentation | Twenty-one (21) days prior to Final Approval Hearing |
| Deadline for counsel for objectors seeking to appear at Final Approval Hearing to file a notice of appearance, if applicable | Fourteen (14) days prior to Final Approval Hearing |
| Deadline for Class Representatives, Class Counsel, and/or Defendants to submit Responses to written Objections, if applicable | Seven (7) days prior to Final Approval Hearing |
| Final Approval Hearing | At least 150 days following Notice Date, set at the Court's discretion<br><br>On: _____ |

**IT IS SO ORDERED.**

DATED: _____, 2025

_____
FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE

# EXHIBIT A-1

# If you reside in California and purchased certain dog Cosequin® Products for personal use between May 3, 2016, and May 6, 2022, you may be eligible to receive benefits from a class action Settlement.

*A Court authorized this Notice. This is <u>not</u> a solicitation from a lawyer.*

A $11.5 million settlement has been reached in a class action lawsuit against Nutramax Laboratories, Inc. and Nutramax Laboratories Veterinary Sciences, Inc. (together, "Defendants"). The lawsuit alleges Defendants misrepresented the benefits and effectiveness of certain canine supplements branded under the name Cosequin® both in advertising and packaging. Defendants deny all allegations of fault, wrongdoing, or liability made by the Plaintiffs. There has been no determination of wrongdoing by the Court.

The purpose of this Notice is to provide information about this Settlement and explain your rights and options.

**Who is Included?** The Class is defined as all persons residing in California who purchased the following canine Cosequin® Products for personal use: Cosequin® DS Maximum Strength Chewable Tablets; Cosequin® DS Maximum Strength Plus MSM Chewable Tablets; Cosequin® Maximum Strength Plus MSM Chewable Tablets; Cosequin® with MSM Chewable Tablets; Cosequin® DS Maximum Strength Plus MSM Soft Chews; Cosequin® Maximum Strength Plus MSM Soft Chews; and Cosequin® with MSM Soft Chews between May 3, 2016 and May 6, 2022. "Products for personal use" means products purchased for household use by an animal or pet, and not for resale or other business purpose.

**What Does the Settlement Provide?** If you are a Class Member, you can submit Claim Form at www.XXXXXXXXXXXX.com or by mail postmarked by **Month XX, 20YY,** to be eligible for a Settlement Payment of up to $25 per unit of Cosequin® Products purchased between May 3, 2016, and May 6, 2022, up to a maximum of $150. **Each Household is limited to and may only submit one single Claim Form.** For purposes of the Settlement, Household is defined as all persons living at the same physical address.

The $11.5 million settlement fund shall be used to meet the monetary obligations to Class Members, pay all settlement payments thereto, service awards, and the Fee and Expense Award ordered by the Court after submission of the Fee and Expense Application by Class Counsel. If the total amount of Valid Claims is more than what remains of the Settlement Fund after removing the attorneys' Fee and Expense Award and service awards, then the Settlement Payment for each Class Member will be reduced on a pro rata (a legal term meaning equal) basis.

More information is available in the Settlement Agreement or the Long Form Notice available at the website.

**Other Options.** If you do not want to be legally bound by the Settlement, you must submit an opt-out **postmarked** by **Month XX, 20YY.** If you do not opt-out, you will give up the right to sue and will release the Defendants and Released Parties about the legal claims in this lawsuit. If you do not opt-out, you may object to the Settlement and/or the attorneys' Fee and Expense Award and service awards by **Month XX, 20YY**. The Long Form Notice on the Settlement Website explains how to opt-out or object. If you do nothing, you will get no Settlement Payment, and you will be bound by the Settlement and any judgments and orders. The Court will hold a Fairness Hearing on **Month XX, 20YY,** to consider whether to approve the Settlement, Class Counsel's attorneys' fees of up to 33% of the Settlement Fund and costs, and any objections. You or your lawyer may attend and ask to appear at the hearing if you object, but you are not required to do so.

**This notice is a summary.** Learn more about the Settlement at www.XXXXXXXXXXXX.com or call toll free 1-XXX-XXX-XXXX.

# EXHIBIT A-2

FROM: EMAIL ADDRESS
TO: EMAIL ADDRESS
RE: NUTRAMAX COURT ORDERED NOTICE OF CLASS ACTION SETTLEMENT

**UniqueID:  <<UNIQUE ID>>**

United States District Court for the Central District of California

*Justin Lytle and Christine Musthaler v. Nutramax Laboratories, Inc. and Nutramax Laboratories Veterinary Sciences, Inc.*

# If you reside in California and purchased certain dog Cosequin® Products for personal use between May 3, 2016, and May 6, 2022, you may be eligible to receive benefits from a class action Settlement.

*A Court authorized this Notice. This is <u>not</u> a solicitation from a lawyer.*

**You can file your Claim Form here.**

A $11.5 million settlement has been reached in a class action lawsuit against Nutramax Laboratories, Inc. and Nutramax Laboratories Veterinary Sciences, Inc. (together, "Defendants"). The lawsuit alleges Defendants misrepresented the benefits and effectiveness of certain canine supplements branded under the name Cosequin® both in advertising and packaging. Defendants deny all allegations of fault, wrongdoing, or liability made by the Plaintiffs. There has been no determination of wrongdoing by the Court.

The purpose of this Notice is to provide information about this Settlement and explain your rights and options.

**Who is Included? Records show you are a member of the Class,** defined as all persons residing in California who purchased the following canine Cosequin® Products for personal use: Cosequin® DS Maximum Strength Chewable Tablets; Cosequin® DS Maximum Strength Plus MSM Chewable Tablets; Cosequin® Maximum Strength Plus MSM Chewable Tablets; Cosequin® with MSM Chewable Tablets; Cosequin® DS Maximum Strength Plus MSM Soft Chews; Cosequin® Maximum Strength Plus MSM Soft Chews; and Cosequin® with MSM Soft Chews between May 3, 2016 and May 6, 2022. "Products for personal use" means products purchased for household use by an animal or pet, and not for resale or other business purpose.

**What Does the Settlement Provide?** As a Class Member, you can submit a timely Claim Form here or by mail postmarked by **Month XX, 20YY,** to be eligible for a Settlement Payment of up to $25 per unit of Cosequin® Products purchased between May 3, 2016, and May 6, 2022, up to a maximum of $150. **Each Household is limited to and may only submit one single Claim Form.** For purposes of the Settlement, Household is defined as all persons living at the same physical address.

The $11.5 million settlement fund shall be used to meet the monetary obligations to Class Members, pay all settlement payments thereto, service awards, and the Fee and Expense Award ordered by the Court after submission of the Fee and Expense Application by Class Counsel. If

the total amount of Valid Claims is more than what remains of the Settlement Fund after removing the attorneys' Fee and Expense Award and service awards, then the Settlement Payment for each Class Member will be reduced on a pro rata (a legal term meaning equal) basis.

More information is available in the Settlement Agreement or the Long Form Notice.

**Other Options.** If you do not want to be legally bound by the Settlement, you must submit an opt-out **postmarked** by **Month XX, 20YY**. If you do not opt-out, you will give up the right to sue and will release the Defendants and Released Parties about the legal claims in this lawsuit. If you do not opt-out, you may object to the Settlement and/or the attorneys' Fee and Expense Award and service awards by **Month XX, 20YY**. The Long Form Notice on the Settlement Website explains how to opt-out or object. If you do nothing, you will get no Settlement Payment, and you will be bound by the Settlement and any judgments and orders. The Court will hold a Fairness Hearing on **Month XX, 20YY**, to consider whether to approve the Settlement, Class Counsel's attorneys' fees of up to 33% of the Settlement Fund and costs, and any objections. You or your lawyer may attend and ask to appear at the hearing if you object, but you are not required to do so.

**This notice is a summary.** Learn more about the Settlement here or call toll free 1-XXX-XXX-XXXX.

# EXHIBIT A-3

# If you reside in California and purchased certain dog Cosequin® Products for personal use between May 3, 2016, and May 6, 2022, you may be eligible to receive benefits from a class action Settlement.

*A court has authorized this Notice. This is <u>not</u> a solicitation from a lawyer.*

- A $11.5 million settlement has been reached in a class action lawsuit against Nutramax Laboratories, Inc. and Nutramax Laboratories Veterinary Sciences, Inc. (together, "Defendants"). The lawsuit alleges Defendants misrepresented the benefits and effectiveness of certain canine supplements branded under the name Cosequin® both in advertising and packaging. Defendants deny all allegations of fault, wrongdoing, or liability made by the Plaintiffs. There has been no determination of wrongdoing by the Court.

- You are a Class Member if the following Class definition applies to you: all persons residing in California who purchased the following canine Cosequin® products for personal use: Cosequin® DS Maximum Strength Chewable Tablets; Cosequin® DS Maximum Strength Plus MSM Chewable Tablets; Cosequin® Maximum Strength Plus MSM Chewable Tablets; Cosequin® with MSM Chewable Tablets; Cosequin® DS Maximum Strength Plus MSM Soft Chews; Cosequin® Maximum Strength Plus MSM Soft Chews; and Cosequin® with MSM Soft Chews between May 3, 2016 and May 6, 2022. "Products for personal use" means products purchased for household use by an animal or pet, and not for resale or other business purpose.

- Class Members who submit a timely and valid Claim Form are eligible for a Settlement Payment of up to $25 per unit of Cosequin® Products purchased between May 3, 2016, and May 6, 2022, up to a maximum of $150.

- **Each Household is limited to and may only submit one single Claim Form.** For purposes of the Settlement, Household is defined as all persons living at the same physical address.

- The $11.5 million settlement fund shall be used to meet the monetary obligations to Class Members, pay all settlement payments thereto, service awards, and the Fee and Expense Award ordered by the Court after submission of the Fee and Expense Application by Class Counsel. If the total amount of Valid Claims is more than what remains of the Settlement Fund after removing the attorneys' Fee and Expense Award and service awards, then the Settlement Payment for each Class Member will be reduced on a pro rata (a legal term meaning equal) basis.

**This Notice may affect your rights. Please read it carefully.**

| Your Legal Rights & Options | | Deadline |
|---|---|---|
| **Submit a Claim Form** | The only way to get a Settlement Payment is to submit a timely and valid Claim Form. | Submitted or Postmarked by: **MONTH DD, 20YY** |
| **Exclude Yourself** | Get no Settlement Payment. Keep your right to file a lawsuit against the Released Parties for the Released Claims involved in this Settlement. | Postmarked by: **MONTH DD, 20YY** |
| **Object** | Stay in the Settlement but tell the Court why you do not agree with the Settlement. You will still be bound by the Settlement if the Court approves it. | Filed by: **MONTH DD, 20YY** |
| **Do Nothing** | Get no Settlement Payment. Give up your legal rights. | |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.
- The Court must still decide whether to approve the Settlement, attorneys' Fee and Expense Award, and service awards. No Settlement benefits will be provided unless the Court approves the Settlement.

**Questions? Go to www.xxxxxxxxxxxxx.com or call 1-XXX-XXX-XXXX**

# BASIC INFORMATION

## 1.  Why is this Notice being provided?

A court authorized this Notice because you have the right to know about the Settlement of this class action lawsuit, and about all of your rights and options before the Court decides whether to grant final approval of the Settlement. This Notice explains the lawsuit, the Settlement, your legal rights, what Settlement benefits are available, who is eligible for them, and how to get them.

The Honorable Fernando M. Olguin of the United States District Court for the Central District of California is overseeing this class action. The lawsuit is known as *Justin Lytle and Christine Musthaler v. Nutramax Laboratories, Inc. and Nutramax Laboratories Veterinary Sciences, Inc.*, Case No. 5:19-cv-00835. The people who filed this lawsuit are called "Plaintiffs", and the companies sued, Nutramax Laboratories, Inc. and Nutramax Laboratories Veterinary Sciences, Inc., are "Defendants".

## 2.  What is this lawsuit about?

Plaintiffs filed this lawsuit against Defendants on behalf of themselves and all others similarly situated, alleging that Defendants misrepresented the benefits and effectiveness of certain canine supplements branded under the name Cosequin® both in advertising and packaging. The lawsuit includes Cosequin®-branded dog supplements purchased for personal use between May 3, 2016, and May 6, 2022.

Defendants deny the legal claims and deny any wrongdoing or liability. The Court has not made any determination of any wrongdoing by Defendants or that any law has been violated. Instead, Plaintiffs and Defendants have agreed to a settlement to avoid the risk, cost, and time of continuing the lawsuit.

## 3.  Why is the lawsuit a class action?

In a class action, one or more people called Class Representatives sue on behalf of other people who have similar legal claims. Together, the people are a class or class members. One court resolves the issues for all class members, except for those class members who timely exclude themselves (opt-out) from the class.

## 4.  Why is there a Settlement?

Plaintiffs and Defendants do not agree about the legal claims made in this lawsuit. The lawsuit has not gone to trial, and the Court has not decided in favor of the Plaintiffs or Defendants. Instead, Plaintiffs and Defendants have agreed to settle the lawsuit. The Class Representatives and their lawyers believe the Settlement is best for Class Members because of the Settlement benefits available and the risks and uncertainty associated with continuing the lawsuit.

# WHO IS INCLUDED IN THE SETTLEMENT

## 5.  How do I know if I am part of the Settlement?

You are a Class Member if the following Class definition applies to you: all persons residing in California who purchased the following canine Cosequin® products for personal use: Cosequin® DS Maximum Strength Chewable Tablets; Cosequin® DS Maximum Strength Plus MSM Chewable

Tablets; Cosequin® Maximum Strength Plus MSM Chewable Tablets; Cosequin® with MSM Chewable Tablets; Cosequin® DS Maximum Strength Plus MSM Soft Chews; Cosequin® Maximum Strength Plus MSM Soft Chews; and Cosequin® with MSM Soft Chews between May 3, 2016 and May 6, 2022. "Products for personal use" means products purchased for household use by an animal or pet, and not for resale or other business purpose.

Excluded from the Class are: (a) Nutramax and its officers, employees, agents, or affiliates; (b) Nutramax's past and present employees; and (c) the members of the Court and its staff; and (d) Opt-Outs.

## 6. Which Cosequin® Products are included in the Settlement?

Cosequin® Products included in the settlement:

Cosequin® DS Maximum Strength Chewable Tablets;
Cosequin® DS Maximum Strength Plus MSM Chewable Tablets;
Cosequin® Maximum Strength Plus MSM Chewable Tablets;
Cosequin® with MSM Chewable Tablets;
Cosequin® Maximum Strength Plus MSM Soft Chews;
Cosequin® with MSM Soft Chews;
Cosequin® DS Maximum Strength Plus MSM Soft Chews.

## 7. What if I am still not sure whether I am part of the Settlement?

If you are still not sure whether you are a Class Member, you may go to www.XXXXXXXXXXX.com or call toll-free at 1-XXX-XXX-XXXX.

# THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

## 8. What does the Settlement provide?

As a result of the Settlement, Defendants have agreed to create a Settlement Fund of $11,500,000. Settlement Payments from the Settlement Fund will be paid to each Class Member who submits a valid and timely Claim Form.

Class Members who submit a timely and valid Claim Form are eligible for a Settlement Payment of up to $25 per unit of Cosequin® Products purchased between May 3, 2016, and May 6, 2022, up to a maximum of $150.

**Each Household is limited to and may only submit one single Claim Form.** For purposes of the Settlement, Household is defined as all persons living at the same physical address.

The $11.5 million settlement fund shall be used to meet the monetary obligations to Class Members, pay all settlement payments thereto, service awards, and the Fee and Expense Award ordered by the Court after submission of the Fee and Expense Application by Class Counsel. If the total amount of Valid Claims is more than what remains of the Settlement Fund after removing the attorneys' Fee and Expense Award and service awards, then the Settlement Payment for each Class Member will be reduced on a pro rata (a legal term meaning equal) basis.

Defendants are also required to remove the following statements on future packaging for the Cosequin® Products:

(1) "Mobility, Cartilage and Joint Health Support";
(2) "Supports Mobility for a Healthy Lifestyle"; and
(3) "Use Cosequin to help your pet Climb stairs, Rise and Jump!"

**Questions? Go to www.xxxxxxxxxxxxxxx.com or call 1-XXX-XXX-XXXX**

3

## 9.  What am I giving up to receive Settlement benefits or stay in the Class?

Unless you exclude yourself (opt-out), you will remain in the Class. If the Settlement is approved and becomes final, all the Court's orders and judgments will apply to you and legally bind you. You will not be able to sue, continue to sue, or be part of any other lawsuit against Defendants and the Released Parties about the legal claims in this lawsuit that are released by the Settlement Agreement. The rights you are giving up are called "Released Claims."

## 10. What are the Released Claims?

Section 9 of the Settlement Agreement describes the Releases, Released Claims, and Released Parties, in necessary legal terminology, so please read this section carefully. The Settlement Agreement is available at www.XXXXXXXXXXX.com. For questions regarding the Releases, Released Claims, or Released Parties and what the language in the Settlement Agreement means, you can also contact Class Counsel listed below for free, or you can talk to your own lawyer at your own expense.

# HOW TO GET BENEFITS FROM THE SETTLEMENT

## 11. How do I submit a Claim Form?

You must submit a timely and valid Claim Form to receive a Settlement Payment as described above. Your Claim Form must be submitted online at www.XXXXXXXX.com by **MONTH DD, 20YY**, or mailed to the Settlement Administrator at the address on the Claim Form, **postmarked** by **Month DD, 20YY**. Claim Forms are also available at www.XXXXXXXX.com or by calling 1-XXX-XXX-XXXX or by writing to:

*Lytle v. Nutramax Laboratories, Inc. et al*
Settlement Administrator
PO Box XXXX
Portland, OR 972XX-XXXX

## 12. What happens if my contact information changes after I submit a Claim Form?

If you change your mailing address or email address after you submit a Claim Form, it is your responsibility to inform the Settlement Administrator of your updated information. You may notify the Settlement Administrator of any changes at:

*Lytle v. Nutramax Laboratories, Inc. et al*
Settlement Administrator
PO Box XXXX
Portland, OR 972XX-XXXX

## 13. When will I receive my Settlement Payment?

If you submit a timely and valid Claim Form, your Settlement Payment will be provided after the Settlement is approved by the Court and becomes final.

It may take time for the Settlement to be approved and become final. Please be patient and check www.XXXXXXXX.com for updates.

# THE LAWYERS REPRESENTING YOU

## 14. Do I have a lawyer in this lawsuit?

Yes, the Court has appointed Adam A. Edwards of Milberg Coleman Bryson Phillips Grossman, PLLC, and Matthew D. Schultz of Levin, Papantonio, Proctor, Buchanan, O'Brien, Barr & Mougey P.A. as Class Counsel to represent you and the Class for the purposes of this Settlement. You will not be charged for Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 15. How will Class Counsel be paid?

Class Counsel will file a motion asking the Court to award attorneys' fees and reimbursement of costs not to exceed 33% of the Settlement Fund. Class Counsel will also ask the Court to approve service awards for the Class Representatives of up to $7,500 for their efforts. If awarded by the Court, attorneys' fees and reimbursement of costs and the service awards will be paid from the Settlement Fund. The Court may award less than these amounts.

Class Counsel's motion for the attorneys' Fee and Expense Award, and service awards, will be made available at www.XXXXXXXX.com after it is filed with the Court.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a Settlement Payment from this Settlement, but you instead want to keep the right to sue or continue to sue Defendants and the Released Parties on your own, about the legal claims in this lawsuit, then you must take steps to get out of the Settlement. This is called excluding yourself from—or "opting-out" of—the Settlement.

## 16. How do I get out of the Settlement?

To exclude yourself from the Settlement, you must mail a written request for exclusion, which includes the following:

1. Your full name, mailing address and telephone number;
2. Your handwritten signature;
3. A statement that you have reviewed and understood the Notice and want to be excluded from the Class, such as "I hereby state I understand the Notice and request to be excluded from the Class in *Justin Lytle and Christine Musthaler v. Nutramax Laboratories, Inc. and Nutramax Laboratories Veterinary Sciences, Inc.*, Case No. 5:19-cv-00835;
4. Your lawyer's name and contact information (if any);
5. Proof that you purchased a Cosequin® Product between May 3, 2016, and May 6, 2022.

The exclusion request must be **mailed** to the Settlement Administrator at the following address and **postmarked** by **MONTH DD, 20YY**:

*Lytle v. Nutramax Laboratories, Inc. et al*
Settlement Administrator
PO Box XXXX
Portland, OR 972XX-XXXX

**You cannot opt-out (exclude yourself) by telephone or by email.**

"Mass" or "class" requests for exclusion filed by third parties on behalf of a "mass" or "class" of Class Members or multiple Class Members where the opt-out has not been signed by each and every individual Class Member will not be allowed.

## 17. If I opt-out can I still get anything from the Settlement?

No. If you timely opt-out, you will not be entitled to receive a Settlement Payment, and you will not be bound by the Settlement or any judgment in this lawsuit. You can only get a Settlement Payment if you stay in the Settlement and submit a timely and valid Claim Form.

## 18. If I do not exclude myself, can I sue Defendants for the same thing later?

No. Unless you opt-out, you give up any right to sue any of the Released Parties for the legal claims this Settlement resolves and Releases, and you will be bound by all the terms of the Settlement, proceedings, orders, and judgments in the lawsuit. You must opt-out of this lawsuit to start or continue with your own lawsuit or be part of any other lawsuit against the Released Parties about the Released Claims in this Settlement. If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately.

# OBJECTING TO THE SETTLEMENT

## 19. How do I tell the Court that I do not like the Settlement?

If you are a Class Member, you can tell the Court you do not agree with all or any part of the Settlement and/or the attorneys' Fee and Expense Award, and service awards.

To object, you must file your written objection with the Court by **MONTH DD, 20YY** in *Justin Lytle and Christine Musthaler v. Nutramax Laboratories, Inc. and Nutramax Laboratories Veterinary Sciences, Inc.*, Case No. 5:19-cv-00835.

To file an objection, you cannot exclude yourself from the Class. Your objection must include all of the following information:

1. Your full name, address, telephone number and email address (if any);
2. Information or documents sufficient to show that you are a Class Member;
3. Copies of any materials that you intend to submit to the Court or present at the Fairness Hearing;
4. The legal and factual ground(s) for the objection;
5. Whether the objection applies only to you, to a specific subset of the Class, or to the entire Class;
6. If you are represented by a lawyer, your lawyer's name, email address, mailing address, and telephone number;
7. Your request to present arguments to the Court at the Fairness Hearing (if any);
8. Your personal signature and, if represented by a lawyer, the personal signature of your lawyer.

To object, you must file your timely written objection with the Court as provided below no later than **MONTH DD, 20YY**. The Court's address is:

| COURT |
| --- |
| U.S. District Court<br>Central District of California<br>First Street U.S. Courthouse<br>350 W. 1st Street<br>Suite 4311<br>Los Angeles, CA 90012 |

**Notice of Intention to Appear**:

If you are a Class Member and you object, at the Court's discretion, you may appear at the Fairness Hearing.

**Questions? Go to www.xxxxxxxxxxxxxxx.com or call 1-XXX-XXX-XXXX**

6

- To appear, you must file a Notice of Intention to Appear with the Court.
- Your Notice of Intention to Appear must be filed with the Court by **MONTH DD, 20YY**, at the address in the table above.

Your Notice of Intention to Appear must include:

- Your full name, address, telephone number and email address (if any); and
- If you are represented by a lawyer, your lawyer's name, email address, mailing address, and telephone number.

## 20. What is the difference between objecting and asking to be excluded?

Objecting is simply telling the Court you do not like something about the Settlement. Requesting exclusion (opting-out) is telling the Court you do not want to be part of the Class or the Settlement. If you exclude yourself, you cannot object to the Settlement.

# THE FAIRNESS HEARING

## 21. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Fairness Hearing on **MONTH DD, 20YY at XX:XX a.m./p.m.** before the Honorable Fernando M. Olguin in Courtroom 6D, First Street U.S. Courthouse, 350 W. 1st Street, Suite 4311, Los Angeles, CA 90012. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, and decide whether to approve the Settlement, Class Counsel's attorneys' Fee and Expense Award, and service awards.

If there are objections that were filed by the deadline the Court will consider them. If you file a timely, written objection, and you would like to speak at the hearing, you must indicate in your written objection that you wish to speak at the Fairness Hearing.

**Note:** The date and time of the Fairness Hearing are subject to change without further notice to the Class. The Court may also decide to hold the hearing via video conference or by telephone. You should check the Settlement Website www.XXXXXXXXX.com to confirm the date and time of the Fairness Hearing have not changed.

## 22. Do I have to attend the Fairness Hearing?

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you file an objection, you do not have to attend the Fairness Hearing to speak about it. As long as you file your written objection by the deadline, the Court will consider it.

## 23. May I speak at the Fairness Hearing?

Yes, at the Court's discretion, as long as you do not exclude yourself (opt-out) and you file a timely written objection, and a Notice of Intention to Appear requesting to speak at the hearing, you can, (but do not have to) participate and speak for yourself at the Fairness Hearing. This is called making an appearance. You can also have your own lawyer speak for you, but you will have to pay for the lawyer yourself.

If you want to appear, or if you want your own lawyer instead of Class Counsel to speak for you at the hearing, you must follow all of the procedures for objecting and file a Notice of Intention to Appear as listed above—and specifically include a statement whether you or your lawyer will appear at the Fairness Hearing.

**Questions? Go to www.xxxxxxxxxxxxxxx.com or call 1-XXX-XXX-XXXX**

7

## IF YOU DO NOTHING

**24. What happens if I do nothing at all?**

If you are a Class Member and you do nothing, you will not receive a Settlement Payment. You will give up your right to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Released Parties about the legal claims that are released by the Settlement and you will be bound by all the terms of the Settlement, proceedings, orders, and judgments in the lawsuit.

## GETTING MORE INFORMATION

**25. How do I get more information?**

This Notice summarizes the Settlement. Complete details about the Settlement are provided in the Settlement Agreement. The Settlement Agreement and other related documents are available at www.XXXXXXX.com. You may get additional information at www.XXXXXXXX.com, by calling toll-free 1-XXX-XXX-XXXX, or by writing to:

*Lytle v. Nutramax Laboratories, Inc. et al*
Settlement Administrator
PO Box XXXX
Portland, OR 972XX-XXXX

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE REGARDING THIS NOTICE.**

# EXHIBIT A-4

Claims can be submitted electronically at www.

Lytle v. Nutramax Settlement Administrator
PO Box 3167
Portland, OR 97208-3167

***Justin Lytle v. Nutramax Laboratories, Inc.***
Case No. 5:19-CV-00835-FMO-SP
US District Court, Central District of California

## CLAIM FORM INSTRUCTIONS

You must submit a timely and valid Claim Form by **XXXX ,** to receive a Settlement Payment.

## WHY SHOULD I FILE A CLAIM?

Class members who submit a timely and valid Claim Form are eligible for a Settlement Payment of up to $25 for each unit of Cosequin® Products (defined below) purchased between May 3, 2016, and May 6, 2022, up to a maximum of $150. **Each Household is limited to and may only submit one single Claim Form.** For purposes of the Settlement, Household is defined as all persons living at the same physical address.

If the total value of all valid Claims Forms exceeds the funds available for distribution to Class Members, then the amounts of the payments to Class Members will be reduced as necessary on a "*pro rata*" basis. Any such *pro rata* adjustment will be calculated before funds are distributed. In that case, the adjustment would be automatic, and you would not be required to submit another claim or re-submit a claim.

## WHO CAN MAKE A CLAIM?

All Class Members residing in California who purchased the following canine Cosequin® Products for personal use: Cosequin® DS Maximum Strength Chewable Tablets; Cosequin® DS Maximum Strength Plus MSM Chewable Tablets; Cosequin® Maximum Strength Plus MSM Chewable Tablets; Cosequin® with MSM Chewable Tablets; Cosequin® DS Maximum Strength Plus MSM Soft Chews; and Cosequin® Maximum Strength Plus MSM Soft Chews; and Cosequin® with MSM Soft Chews between May 3, 2016 and May 6, 2022. "Products for personal use" means products purchased for household use by an animal or pet, and not for resale or other business purpose.

## HOW TO MAKE A CLAIM

You can either:

Claims can be submitted electronically at www.

(1) <u>File Online</u>: File online at <u>www</u>; or

(2) <u>File by Mail</u>: Fill out, sign, and return this form to: Lytle v. Nutramax Settlement Administrator, P.O. Box 3167, Portland, OR 97208-3167.

**You must sign and complete the entire Claim Form.**

**Claims must be submitted online or postmarked by xxx**

**ALL CLAIMS ARE SUBJECT TO VERIFICATION.**

**PLEASE KEEP A COPY OF YOUR COMPLETED CLAIM FORM FOR YOUR RECORDS.**

Claims can be submitted electronically at www.

| **CLAIM FORM** |
|:---:|

| *Your claim must be either submitted online or postmarked and mailed by: Month x, 202x* | Lytle v. Nutramax Settlement Administrator, P.O. Box 3167, Portland, OR 97208-3167 Website: www; |

## SECTION A: NAME AND CONTACT INFORMATION

Provide your name and contact information below. It is your responsibility to notify the Settlement Administrator of any changes to your contact information after the submission of your Claim Form.

First Name:*

Last Name:*

Physical Address 1 (Street Address, Including Apartment or Unit Number):*

Address 2:

City:*

State:*    ZIP Code:*

Email Address:*

## SECTION B: PURCHASE INFORMATION

List in the box below the total number of units of applicable Cosequin® products (Cosequin® DS Maximum Strength Chewable Tablets; Cosequin® DS Maximum Strength Plus MSM Chewable Tablets; Cosequin® Maximum Strength Plus MSM Chewable Tablets; Cosequin® with MSM Chewable Tablets; Cosequin® DS Maximum Strength Plus MSM Soft Chews; and Cosequin® Maximum Strength Plus MSM Soft Chews; and Cosequin® with MSM Soft Chews) that you purchased in California between May 3, 2016, and May 6, 2022:*

Units

*For more information, visit www.  or call*
*The deadline to submit a Claim Form is **XXX***

3

Claims can be submitted electronically at www.

**IF** your Household address at the time of purchase of applicable Cosequin® Products during the Class Period **is different than the address provided above**, provide your Household address at the time of purchase below:

Household Address 1 (Street Address, Including Apartment or Unit Number):

Address 2:

City:

State:          ZIP Code:

## SECTION C: CERTIFICATION

**\*By signing below, I certify that the information provided in this Claim Form is true and correct to the best of my knowledge, information, and belief. I understand the Settlement Administrator may contact me to request further verification of the information provided in this Claim Form.**

**I also certify that between May 3, 2016 and May 6, 2022, I resided in California, and I purchased canine Cosequin® products (Cosequin® DS Maximum Strength Chewable Tablets; Cosequin® DS Maximum Strength Plus MSM Chewable Tablets; Cosequin® Maximum Strength Plus MSM Chewable Tablets; Cosequin® with MSM Chewable Tablets; Cosequin® DS Maximum Strength Plus MSM Soft Chews; and Cosequin® Maximum Strength Plus MSM Soft Chews; and Cosequin® with MSM Soft Chews ) for personal use. "Products for personal use" means products purchased for household use by an animal or pet, and not for resale or other business purpose.**

Signature:* _____    Date:* _____

Full Printed Name:* _____