Adam A. Edwards (*pro hac vice*)
aedwards@milberg.com
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Tel: (865) 247-0080
Fax: (865) 522-0049

Daniel L. Warshaw
dwarshaw@pwfirm.com
**PEARSON WARSHAW, LLP**
15165 Ventura Blvd., Suite 400
Sherman Oaks, CA 91403
Tel: (818) 788-8300
Fax: (818) 788-8104

[Additional Counsel Listed
on Signature Page]

*Counsel for Plaintiffs &
the Certified Class*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN LYTLE and CHRISTINE MUSTHALER,<br><br>                    Plaintiffs,<br><br>vs.<br><br>NUTRAMAX LABORATORIES, INC. and NUTRAMAX LABORATORIES VETERINARY SCIENCES, INC.,<br><br>                    Defendants. | Case No.: 5:19-cv-00835-FMO (SPx)<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES, COSTS AND CLASS REPRESENTATIVE SERVICE AWARDS**<br><br>**Judge**: Hon. Fernando M. Olguin<br>**Date**:   August 13, 2026<br>**Time**:   10:00 a.m.<br>**Courtroom**:  6D, 6th Floor |

1

## NOTICE OF MOTION

PLEASE TAKE NOTICE THAT on August 13, 2026, at 10:00 a.m., or as soon thereafter that the matter may be heard, in the Courtroom of the Honorable Fernando M. Olguin of the United State District Court for the Central District of California, located in Courtroom 6D on the 6th Floor, 350 W. 1st Street, Los Angeles, CA 90012, Plaintiffs Justin Lytle and Christine Musthaler ("Plaintiffs") will and hereby do move, pursuant to Federal Rule of Civil Procedure 23, this Court for an Order (1) granting Class Counsel's requested attorneys' fees and reimbursement of litigation costs and expenses in the amount of $3,795,000, and (2) granting service awards to each of the named Plaintiffs, who were preliminarily appointed Class Representatives, in the amount of $7,500 each (totaling $15,000).[1] As discussed more fully in the attached Memorandum of Points and Authorities and the accompanying Declarations of Adam A. Edwards, Matthew D. Schultz, and Daniel L. Warshaw, the Parties negotiated a Settlement, which this Court preliminarily approved, ECF No. 218 (the "Preliminary Approval Order"), that provides substantial compensation to consumers who purchased Cosequin® canine joint health supplements developed, manufactured, and sold by Defendants Nutramax Laboratories, Inc. and Nutramax Laboratories Veterinary Sciences, Inc. (collectively, "Nutramax"). Plaintiffs have alleged in their Complaint that the Cosequin® Products (defined herein) make incomplete, inaccurate, and misleading claims, allegations that Nutramax denies. In recognition of their services, time, and effort over the nearly seven years of this Action and the risks borne throughout this complex litigation, Class Counsel seek $3,409,054.03 in attorneys' fees and

---

[1] Plaintiffs also intend to seek an Order granting final approval of the class Settlement, which was preliminarily approved on February 2, 2026. ECF No. 218. Pursuant to that Order, Plaintiffs will submit their Motion for Final Approval on or before July 13, 2026. *Id.* at ¶ 9.

$385,945.97 in costs (collectively, $3,795,000). The Parties discussed attorneys' fees only after they had completed negotiations of the terms of the Settlement during a mediation overseen by the Honorable David Duncan (Ret.). Further, in recognition of each named Plaintiff's time and efforts in this litigation, Plaintiffs and Class Counsel seek service awards for both named Plaintiffs. The Parties negotiated the requested service awards only after negotiations of the terms of the Settlement and benefits to the putative Class Members had concluded.

Thus, in this Motion, which Nutramax does not oppose, Plaintiffs respectfully request that the Court grant Class Counsel's request for $3,409,054.03 in attorneys' fees and $385,945.97 in costs, and grant each named Plaintiff a service award of $7,500 (totaling $15,000).

Dated: April 23, 2026

/s/ Adam A. Edwards
Adam A. Edwards (*pro hac vice*)
aedwards@milberg.com
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Telephone:   (865) 247-0080
Facsimile:   (865) 522-0049

Daniel L. Warshaw
dwarshaw@pwfirm.com
**PEARSON WARSHAW, LLP**
15165 Ventura Blvd., Suite 400
Sherman Oaks, CA 91403
Telephone: (818) 788-8300
Facsimile:   (818) 788-8104

Matthew D. Schultz (*pro hac vice*)

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE SERVICE AWARDS
CASE NO.: 5:19-CV-00835-FMO (SPx)

mschultz@levinlaw.com
**LEVIN PAPANTONIO**
316 S. Baylen St., Suite 600
Pensacola, FL 32502
Telephone: (850) 435-7140
Facsimile: (850) 436-6140

*Counsel for Plaintiffs &
the Certified Class*

4

# **TABLE OF CONTENTS**

I.      INTRODUCTION ........................................................................................ 1

II.     ARGUMENT ............................................................................................... 3

    A.   The Court Should Grant Class Counsel's Requested Fees and Costs. ................................................................................................. 3

        1.   Class Counsel are entitled to seek a fee award from the common fund. ..................................................................... 5

        2.   Class Counsel's requested fees are reasonable and justified. ....... 6

            a.   Class Counsel's requested fee is reasonable under the percentage-of-the-recovery analysis. .......................... 7

            b.   Class Counsel's requested fees are reasonable under a lodestar cross-check. ...................................................... 12

                i.   Class Counsel's hours are reasonable. .................. 12

                ii.   Class Counsel's billing rates are reasonable. ......... 13

                iii.   Class Counsel's requested fees represent a reasonable multiplier. ........................................... 15

            c.   Class Counsel's requested fees satisfy the *Bluetooth* factors. .............................................................................. 17

        3.   Class Counsel's expenses are reasonable. ................................ 17

    B.   The Court Should Grant Plaintiffs' Requested Service Awards...... 18

III.    CONCLUSION .......................................................................................... 19

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Beaver v. Tarsadia Hotels*,
  No. 11-CV-01842-GPC-KSC, 2017 WL 4310707
  (S.D. Cal. Sept. 28, 2017).................................................................................. 7

*Boeing Co. v. Van Gemert*,
  444 U.S. 472 (1980) ........................................................................................ 5

*Carlotti v. ASUS Comput. Int'l*,
  No. 18-cv-03369, 2020 WL 3414653 (N.D. Cal. June 22, 2020)..................... 14

*Charlebois v. Angels Baseball LP*,
  993 F. Supp. 2d 1109 (C.D. Cal. 2012)............................................................ 13

*Chavez v. Netflix, Inc.*,
  162 Cal. App. 4th 43 (2008)............................................................................. 4

*Concerned Jewish Parents & Teachers of Los Angeles v. Liberate Ethnic
  Studies Model Curriculum* Consortium,
  No. CV 22-3243, 2025 WL 1549995 (C.D. Cal. May 23, 2025)...................... 15

*Elkies v. Johnson and Johnson Services, Inc.*,
  No. CV 17-7320-GW(JEMX), 2020 WL 10055593
  (C.D. Cal. June 22, 2020) ................................................................................. 8

*Gisbrecht v. Barnhart*,
  535 U.S. 789 (2002) ......................................................................................... 9

*Hernandez v. Burrtec Waste & Recycling Services, LLC*,
  No. 5:21-CV-01490-JWH-SP, 2023 WL 5725581
  (C.D. Cal. Aug. 21, 2023) ................................................................................ 7

*Herrera v. Cnty. of Los Angeles*,
  No. CV 22-1013-HDV-PDX, 2026 WL 507909
  (C.D. Cal. Feb. 23, 2026) ................................................................................ 16

*Hogue v. Verizon Bus. Network Services, LLC*,
  No. 22-0852, 2024 WL 6888665 (C.D. Cal. June 10, 2024) ........................ 4, 7

ii

*Hopkins v. Stryker Sales Corp.*,
 No. 11-CV-02786-LHK, 2013 WL 496358 (N.D. Cal. Feb. 6, 2013).............. 15

*In re Am. Apparel, Inc. Shareholder Litig.*,
 No. CV 10–06352 MMM (JCGX), 2014 WL 10212865
 (C.D. Cal. July 28, 2014).................................................................................. 17

*In re Bluetooth Headset Prods. Liab. Litig.*,
 654 F.3d 935 (9th Cir. 2011)..................................................... 4, 7, 15, 17

*In re Facebook Biometric Info. Priv. Litig.*,
 No. 21-15553, 2022 WL 822923 (9th Cir. Mar. 17, 2022)............................ 15

*In re Hyundai & Kia Fuel Economy Litig.*,
 926 F.3d 539 (9th Cir. 2019).......................................................................... 7

*In re Mercury Interactive Corp. Sec. Litig.*,
 618 F.3d 988 (9th Cir. 2010).......................................................................... 4

*In re Washington Public Power Supply Sys. Sec. Litig.*,
 19 F. 3d 1291 (9th Cir. 1994)......................................................................... 5

*Laub v. Horbaczewski*,
 No. LA CV17-06210, 2024 WL 3466181 (C.D. Cal. July 11, 2024)............... 14

*Mancini v. Dan P. Plute, Inc.*,
 358 F. App'x 886 (9th Cir. 2009).................................................................. 14

*Manier v. Sims Metal Mgt.-N.W.*,
 No. 19-CV-00718, 2022 WL 20184566 (N.D. Cal. Jan. 14, 2022) ................. 11

*Martin v. Toyota Motor Credit Corp.*,
 No. 2:20-cv-10518, 2022 WL 17038908 (C.D. Cal. Nov. 15, 2022) .............. 16

*Mills v. Auto Lite Co.*,
 396 U.S. 375 (1970) ....................................................................................... 5

*Moreno v. Pretium Packaging, L.L.C.*,
 No. 8:19-CV-02500-SB-DFM, 2021 WL 3673845
 (C.D. Cal. Aug. 6, 2021) ............................................................................ 4, 7

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR
ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE SERVICE AWARDS
CASE NO.: 5:19-CV-00835-FMO (SPX)

*Newton v. Equilon Enterprises, LLC*,
   411 F. Supp. 3d 856 (N.D. Cal. 2019) ................................................................ 14

*Pacheco v. Ford Motor Co.*,
   No. 2:18-cv-09006, 2022 WL 845108 (C.D. Cal. Mar. 22, 2022).................... 15

*Park v. Carlyle/Galaxy San Pedro, L.P.*,
   No. CV 09-00793 MMM (AJWX), 2009 WL 10669742
   (C.D. Cal. Oct. 8, 2009) ................................................................................... 15

*Radcliffe v. Experian Info. Sols., Inc.*,
   715 F.3d 1157 (9th Cir. 2013)........................................................................... 18

*Rodriguez v. W. Publ'g Corp.*,
   563 F.3d 948 (9th Cir. 2009)............................................................................. 18

*Spann v. J.C. Penney Corp.*,
   211 F. Supp. 3d 1244 (C.D. Cal. 2016).............................................................. 13

*Viveros v. Donahoe*,
   No. CV 10-08593, 2013 WL 1224848 (C.D. Cal. Mar. 27, 2013) .................... 14

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR
ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE SERVICE AWARDS
CASE NO.: 5:19-CV-00835-FMO (SPX)

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

After nearly seven years of hotly contested litigation against Nutramax, Plaintiffs and Class Counsel secured prospective label changes and a non-reversionary $11,500,000 common fund Settlement which provides up to $25.00 per Cosequin® Product purchased and up to $150.00 total for multiple Cosequin® Products[2] purchased. As Plaintiffs allege, the Cosequin® Products, which are marketed as canine joint health supplements containing glucosamine, chondroitin, and other ingredients, make "incomplete and inaccurate claims" because they "are refuted by peer-reviewed, randomized, controlled clinical trials." Compl., ¶¶ 1, 5; *see also* ECF No. 146, at 2. Plaintiffs claim that these alleged misrepresentations caused Plaintiffs and other California consumers to overpay for the Cosequin® Products, allegations that Nutramax has and continues to deny.

The legal and factual issues raised in this case are novel and complex, and the case has been hard fought. After mediating this case before the Honorable David Duncan (Ret.), the Parties agreed to resolve these disputed claims with the non-reversionary, common fund Settlement that provides substantial relief to Class Members. Delivering this relief has been a labor-intensive and risky undertaking. Plaintiffs fully briefed and overcame two motions to dismiss and a separate motion to dismiss national class allegations before engaging in extensive discovery. This discovery included the exchange of requests for production, interrogatories,

---

[2] "Cosequin® Products" include: Cosequin® DS Maximum Strength Chewable Tablets; Cosequin® DS Maximum Strength Plus MSM Chewable Tablets; Cosequin® DS Maximum Strength Plus MSM Soft Chews; Cosequin® Maximum Strength Plus MSM Chewable Tablets; Cosequin® with MSM Chewable Tablets; Cosequin® Maximum Strength Plus MSM Soft Chews; and Cosequin® with MSM Soft Chews.

requests for admission, third-party discovery (both written and by deposition), 21 fact and expert depositions, and the arduous and time intensive review of thousands of pages of highly scientific documents (including review of document productions by Nutramax and review of extensive published literature). Declaration of Adam A. Edwards ("Edwards Decl.") ¶¶ 8-13 (attached as **Exhibit 1**). The Parties also engaged in significant expert discovery on the issues of liability and damages. Specifically, Class Counsel prepared for and defended four expert depositions and took seven depositions of Nutramax's experts. *Id.* ¶ 13. Class Counsel successfully defeated Nutramax's two motions to exclude Plaintiffs' experts. *Id.* ¶ 14. Plaintiffs fully briefed their motion for class certification and were successful in obtaining certification for a class of California consumers. *Id.*; *see also* ECF No. 146. Nutramax sought to appeal the Court's class certification under Rule 23(f), which the Ninth Circuit agreed to consider. Edwards Decl. ¶ 17; ECF No. 147. Following briefing and argument on appeal, the Ninth Circuit affirmed class certification. Edwards Decl. ¶ 17; ECF Nos. 157, 160.

Indeed, over the last several years, Class Counsel have invested a total of 4,040.5 hours of time and incurred out-of-pocket costs for necessary litigation expenses of $385,945.97. Edwards Decl. ¶¶ 58, 63. Notably, Class Counsel expended substantial time and costs all at great risk, as they represented Plaintiffs and the Class on a contingency basis, agreeing to bear all costs until and only if a beneficial resolution was reached and to fully bear the risk of loss, should no successful resolution be achieved. Despite these risks and the substantial workload they bore, Class Counsel worked diligently to serve Plaintiffs' and the Class Members' interests and ultimately achieved an exceptional Settlement that provides meaningful relief to Class members.

This Settlement was preliminarily approved by the Court on February 2,

2

2026. Order, ECF No. 218 (the "Preliminary Approval Order").[3] The Court preliminarily appointed Plaintiffs as Class Representatives and their counsel as Class Counsel. *Id.* ¶¶ 2, 3. Now, based upon their substantial work performed over the past nearly seven years of litigation, the risks borne during litigation, and the exceptional results obtained on behalf of Plaintiffs and Class Members, Class Counsel seek $3,409,054.03 in attorneys' fees and $385,945.97 in costs, to be paid from the Settlement fund. Moreover, based on Plaintiffs' effort and time devoted to this case on behalf of putative Class Members, Class Counsel also seek service awards for the named Plaintiffs in the amount of $7,500 each (totaling $15,000), which the Court has preliminarily approved. As explained more fully below and in Class Counsel's accompanying Declarations[4] these requested fees, expenses, and service awards are reasonable, fair, adequate, and justified, particularly in light of the effort expended throughout this case, the risks undertaken during litigation, and the superb results obtained on behalf of Plaintiffs and Class Members.

## II.   ARGUMENT

### A.   The Court Should Grant Class Counsel's Requested Fees and Costs.

"In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). "[C]ourts have an independent obligation to ensure that the award,

---

[3] Unless otherwise specifically defined herein, all capitalized terms shall have the same meanings as those set forth in the parties' Settlement Agreement, ECF No. 213-2.

[4] Included with this Motion are the Declaration of Adam A. Edwards ("Edwards Decl.") (attached as **Exhibit 1**), the Declaration of Matthew D. Schultz ("Schultz Decl.") (attached as **Exhibit 2**), and the Declaration of Daniel L. Warshaw ("Warshaw Decl.") (attached as **Exhibit 3**).

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE SERVICE AWARDS CASE NO.: 5:19-CV-00835-FMO (SPX)

like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). For common fund settlements, courts may employ two methods for calculating a reasonable attorneys' fee: the lodestar method or the percentage-of-recovery method. *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010).

"Under the lodestar method, the court multiplies the number of reasonable hours expended by a reasonable hourly rate." *Hogue v. Verizon Bus. Network Services, LLC*, No. 22-0852, 2024 WL 6888665, at *6 (C.D. Cal. June 10, 2024) (Olguin, J.). "Once the lodestar has been calculated, the court may adjust the resulting figure upward or downward to account for various factors, including the quality of the representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment[.]" *Id.* (internal quotation marks omitted). "Under the 'percentage-of-the-fund' or 'percentage-of-recovery' method, the court simply awards the attorneys a percentage of the fund sufficient to provide class counsel with a reasonable fee, using 25% as a benchmark." *Id.* (internal quotation marks omitted). Notably, that benchmark can be "adjusted upward or downward, depending on the circumstances." *Id.* (internal quotation marks omitted). As such, "[c]ourts have previously approved awards using the percentage-of-recovery method when the fees sought constituted a third of the common fund." *Moreno v. Pretium Packaging, L.L.C.*, No. 8:19-CV-02500-SB-DFM, 2021 WL 3673845, at *2 (C.D. Cal. Aug. 6, 2021); *see also Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43, 66, n.11 (2008) ("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery").

Following nearly seven years of complex litigation, Class Counsel seek

4

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR
ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE SERVICE AWARDS
CASE NO.: 5:19-CV-00835-FMO (SPx)

$3,795,000 in attorneys' fees and costs, to be paid from the $11,500,000 common fund in the Settlement. Of that, Class Counsel's costs totaled $385,945.97. Edwards Decl. ¶¶ 63, 65. Class Counsel's lodestar totaled $4,299,506.43, which *exceeds* the amount Class Counsel seeks in attorneys' fees and represents a negative multiplier. The requested fee award represents 29.64% of the total recovery. This requested award is intended as reasonable compensation and reimbursement for the years of work they have provided on behalf of Plaintiffs and Class Members, the meaningful relief obtained that benefits Class Members, and the risks borne throughout this litigation. As explained below, these requests are reasonable and justified, and Class Counsel respectfully request that the Court grant their requested award.

### 1. Class Counsel are entitled to seek a fee award from the common fund.

The Supreme Court has recognized that "a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *see also Mills v. Auto Lite Co.*, 396 U.S. 375, 392-93 (1970). "[T]hose who benefit from the creation of the fund should share the wealth with the lawyers whose skill and effort helped create it." *In re Washington Public Power Supply Sys. Sec. Litig.*, 19 F. 3d 1291, 1300 (9th Cir. 1994).

Here, Class Counsel have been Plaintiffs' counsel of record for the entirety of this litigation, and Pearson Warshaw, LLP has been local counsel for the entirety of this litigation. *See, e.g.*, Compl., ECF No. 1; *see also* Edwards Decl. ¶ 1; Schultz Decl. ¶ 3; Warshaw Decl. ¶ 2. Since the inception of this litigation, Class Counsel have brought their extensive skills and experience to bear, by performing thorough investigations prior to initial filing; by briefing, arguing, and defeating multiple

5

motions to dismiss; by obtaining relevant and vital information in discovery; by reviewing all of Nutramax's produced documents; by preparing and defending Plaintiffs in their depositions and responding to written discovery; by preparing for and defending depositions of Plaintiffs' experts; by successfully defeating Nutramax's two motions to exclude Plaintiffs' experts; by engaging in substantial motions practice including Plaintiffs' motion for class certification and preliminary approval of the Settlement; by fully briefing and arguing Nutramax's appeal in the Ninth Circuit Court of Appeals; by obtaining and working closely with knowledgeable and experienced experts; by negotiating the Settlement; and by overseeing administration of the Settlement. *See generally* Edwards Decl. ¶¶ 4-32. Further, Class Counsel will continue to remain actively involved in this litigation through final approval of the Settlement.[5] It is through Class Counsel's work in this litigation that the Settlement was able to be obtained for Plaintiffs' and Class Members' benefit. Accordingly, it is reasonable and justified to grant them attorneys' fees in recognition for their efforts.

> **2.     Class Counsel's requested fees are reasonable and justified.**

This Settlement creates a $11,500,000 non-reversionary fund for the payment to all Class Members. Settlement Agreement ("SA"), ECF No. 213-2, at § 4.1. Any Class Member may submit a Valid Claim Form or provide the Settlement Administrator information equivalent to that in the Claim Form in order to receive payment from the Settlement Fund. SA § 5.1.

---

[5] For all remaining work Class Counsel will handle in this litigation—including overseeing the administration of the Settlement, moving for final approval, reviewing and responding to objections (if any), and traveling to and attending the final approval hearing—Class Counsel will *not* include the time and effort expended in such efforts to present to the Court. Thus, Class Counsel's requested award for fees and expenses is inherently *conservative*, as Class Counsel's total lodestar and expenses will continue to grow through the conclusion of this action.

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR
ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE SERVICE AWARDS
CASE NO.: 5:19-CV-00835-FMO (SPx)

"Courts in [the Ninth Circuit] determine attorney's fees in class actions using either the lodestar method or the percentage-of-recovery method." *In re Hyundai & Kia Fuel Economy Litig.*, 926 F.3d 539, 570 (9th Cir. 2019). "The percentage-of-recovery method is typically used when a common fund is created." *Hogue*, 2024 WL 6888665, at *6 (Olguin, J.). "Because the benefit to the class is easily quantified in common-fund settlements, . . . courts [may] award attorneys a percentage of the common fund in lieu of the often more time-consuming task of calculating the lodestar." *In re Bluetooth*, 654 F.3d at 942. Because this is a common fund settlement, the Court should employ the percentage-of-the-recovery method to analyze the reasonableness of Class Counsel's requested fees. "In determining whether to depart from the 25% benchmark, courts consider all of the circumstances of the case[,] including: (1) the results achieved for the class; (2) the risk of litigation; (3) the skill required and quality of the work; (4) the contingent nature of the fee; and (5) awards in similar cases." *Hogue*, 2024 WL 6888665, at *6 (internal quotation marks omitted).

### a. Class Counsel's requested fee is reasonable under the percentage-of-the-recovery analysis.

Here, Class Counsel seeks attorneys' fees in the amount of $3,409,054.03, which represents 29.64% of the common fund, which is within the often accepted one-third of the recovery. *See Moreno*, 2021 WL 3673845, at *2; *see also Hernandez v. Burrtec Waste & Recycling Services, LLC*, No. 5:21-CV-01490-JWH-SP, 2023 WL 5725581, at *6 (C.D. Cal. Aug. 21, 2023) ("California courts routinely award attorneys' fees of one-third of the common fund." (collecting cases)); *Beaver v. Tarsadia Hotels*, No. 11-CV-01842-GPC-KSC, 2017 WL 4310707, at *10 (S.D. Cal. Sept. 28, 2017)).

Employing the percentage-of-the-recovery method for calculating Class

Counsel's fees is appropriate here. "In the Ninth Circuit, use of the percentage method in common fund cases appears to be dominant." *Elkies v. Johnson and Johnson Services, Inc.*, No. CV 17-7320-GW(JEMX), 2020 WL 10055593, at *8 (C.D. Cal. June 22, 2020). In *Elkies*, a case involving false advertising claims under California law—the same types of claims in this Action—the court used the percentage-of-the-recovery method to calculate fees, ultimately determining that Class Counsel's requested fees were reasonable under that methodology. *Id.* at *8-9. There, the class counsel sought $2,083,950 in attorney's fees which represented 33% of the common fund, in addition to $357,917 in litigation costs. *Id.* at *7-8. The court held that the fee of 33% was reasonable and warranted. *Id.* *8-9.

Here, following nearly seven years of litigation, Class Counsel achieved exceptional results in this case. Class Counsel expended significant effort and resources to ensure that Plaintiffs' and Class Members' interests were best served. Through their efforts and dedication, Class Members who submit a Valid Claim Form will receive money from the Settlement. Specifically, Class Members can claim up to $25.00 per Cosequin® Product purchased and up to $150.00 total for multiple Cosequin® Products purchased. SA § 5.1.2.

This framework ensures that all Class Members who purchased a Cosequin® Product, or multiple Cosequin® Products, receive substantial relief. Moreover, if any of the $11,500,000 fund goes unclaimed by Class Members, it will not revert to Nutramax, but will instead be distributed to Valor Service Dogs, an organization that trains and places mobility assistance and PTSD service dogs with wounded post-9/11 veterans and first responders. SA § 5.3; *see also* https://valorservicedogs.org/our-mission. In short, through Class Counsel's efforts over years of contentious litigation, they have achieved an exceptional result for California consumers and the public interest.

Moreover, over the course of the past nearly seven years, Class Counsel have borne all of the risk of this litigation. Class Counsel took on both of the named Plaintiffs as contingency fee clients. Edwards Decl. ¶ 53; Schultz Decl. ¶ 3. Accordingly, Class Counsel bore significant risk of a potentially unfavorable result in litigation. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 810 (2002) (Scalia, J., dissenting) ("[I]t is in the nature of a contingent-fee agreement to *gamble* on outcome and hours of work—assigning the risk of an unsuccessful outcome to the attorney." (emphasis in original)). Through this arrangement, Class Counsel covered all costs of litigation and have foregone other cases during that period in order to manage the burdens of litigating this case. Edwards Decl. ¶¶ 53, 58.

Class Counsel, who are experienced class action attorneys,[6] understood the complexities of this litigation, as their claims would require targeted discovery requests, extensive document review, substantial expert consultation, and successful legal argument in both asserting their claims and responding to Nutramax's arguments and defenses. For example, Nutramax filed—and Class Counsel overcame—two separate motions to dismiss. *See* ECF Nos. 44, 52, 56, 61; *see also* Edwards Decl. ¶ 7. Class Counsel issued discovery requests, including three sets of requests for production of documents to each Nutramax Defendant and reviewed thousands of pages of Nutramax's produced documents. *Id.* ¶ 8. Class Counsel prepared for and defended both named Plaintiffs at their deposition, and completed written discovery, *id.* ¶¶ 8, 11, and completed Rule 30(b)(6) depositions of Nutramax's corporate representatives and other Nutramax-affiliated and third-party fact witnesses, *id.* ¶ 10. Further, Class Counsel worked closely with experts

---

[6] Updated copies of Class Counsel's Firm Résumés are attached as Exhibit A to each of the accompanying Declarations of Adam A. Edwards, Matthew D. Schultz, and Daniel L. Warshaw.

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR
ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE SERVICE AWARDS
CASE NO.: 5:19-CV-00835-FMO (SPx)

(testifying and non-testifying) to confirm their theories related to the products and develop a damages model, and prepared for and defended four expert depositions, and took seven depositions of Nutramax's experts. *Id.* ¶ 13. Class Counsel also fully briefed their motion for class certification, as well as responded to Nutramax's two motions to exclude Plaintiffs' experts, and succeeded. *Id.* ¶ 14; *see also* ECF No. 146. Following this Court's order granting class certification, Nutramax appealed. Class Counsel briefed whether the appeal should be granted and ultimately completed briefing and argument on the appeal and succeeded. Edwards Decl. ¶ 17; *see also* ECF Nos. 157, 160. Following the Ninth Circuit affirming this Court's class certification order, the Parties agreed to begin settlement discussions. Edwards Decl. ¶ 19. Class Counsel prepared for mediation, attended mediation with the Honorable David Duncan (Ret.), and ultimately reached the preliminarily approved Settlement. *Id.* ¶¶ 20-22. In total, over the course of the nearly seven-year litigation, Class Counsel spent over 4,000 hours actively litigating this case, including a team of 24 attorneys across Class Counsel's firms. *Id.* ¶ 58. Throughout every phase of litigation, Class Counsel performed significant research and analysis, expended thousands of hours of effort, and brought their substantial experience to bear on behalf of Plaintiffs and Class Members.

Discovery in this case was particularly laborious and time intensive. Nutramax's document production contained thousands of pages of highly scientific documents that necessitated extensive review. *Id.* ¶ 8. Class Counsel served a total of 150 requests for production, 34 interrogatories, and 31 requests for admission to each Nutramax Defendant. *See id.* Similarly, each Plaintiff, with Class Counsel's assistance, responded to requests for admission, five sets of requests for production, and three sets of interrogatories to each named Plaintiff. *Id.*

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE SERVICE AWARDS CASE NO.: 5:19-CV-00835-FMO (SPX)

Plaintiffs retained multiple experts, including an expert in veterinary orthopedics and study design, an expert in statistics, an expert in marketing, and a damages expert. *Id*. ¶ 13. Class Counsel also retained and consulted extensively with two non-testifying subject matter experts. Each offered unique and scientific insights that were necessary to advance Plaintiffs' case. For example, Plaintiffs' veterinary medicine expert and statistics expert analyzed medical and scientific studies to support Plaintiffs' claim that Nutramax's product labels contained statements that were not supported by scientific evidence. *Id*. Plaintiffs' expert in product labeling prepared a report to support Plaintiffs' contention that a reasonable consumer would be misled by such labeling. *Id*. And Plaintiffs' damages expert proposed a conjoint analysis which was necessary to prove damages could be calculated in this case and obtain class certification. *Id*.

Each of these factors—the risks associated with litigation; the costs, duration, and dedication to the litigation; and the exceptional results ultimately obtained—weigh in favor of departing from the 25% benchmark and granting Class Counsel's request for $3,409,054.03 in attorneys' fees, which represents 29.64% of the total recovery. Further, to date, no Class Members have opted out of the Settlement, and no one has objected to the Settlement, as compared to a total of 235,154 Class Members who have submitted a claim (as of April 17, 2026).[7] *Id.* ¶ 59 n. 2; s*ee Manier v. Sims Metal Mgt.-N.W.*, No. 19-CV-00718, 2022 WL 20184566, at *4 (N.D. Cal. Jan. 14, 2022) (noting that a low number of opt outs "weigh[s] in favor of" a requested fee). These factors illustrate that Class Counsel's request is reasonable and their fees are justified, particularly in light of the duration of litigation, the total hours expended, and the costs associated with prosecuting

---

[7] The Claims Administrator is reviewing the claims submitted to ensure their validity and to guard against abuse with the claims process.

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR
ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE SERVICE AWARDS
CASE NO.: 5:19-CV-00835-FMO (SPX)

this case in an effort to ultimately obtain a meaningful settlement for Class Members.

### b. Class Counsel's requested fees are reasonable under a lodestar cross-check.

Even if the Court chooses to employ the lodestar method—or to cross-check the requested fee against Class Counsel's lodestar—Class Counsel's requested fees remain reasonable. Class Counsel's lodestar totals $4,299,506.43, which *exceeds* the requested fee, thereby resulting in a *negative* multiplier of 0.81. Class Counsel spent a total of 4,040.5 hours actively litigating this case, which includes 34 timekeepers, including attorneys and paralegals, across Class Counsel's firms, Milberg Coleman Bryson Phillips Grossman PLLC ("Milberg") and Levin Papantonio.[8]

### i. Class Counsel's hours are reasonable.

Among these 36 timekeepers, Adam A. Edwards of Milberg and Matthew D. Schultz of Levin Papantonio led the litigation on behalf of Plaintiffs and Class Members. They expended a total of 4,040.5 hours among them, which represents a large percentage of the total hours spent litigating this case. Edwards Decl. ¶¶ 55, 58; Schultz Decl. ¶ 7. Their knowledge and experience played a pivotal role in interfacing with the named Plaintiffs and other potential clients, analyzing relevant case law and arguments, drafting motions and responses including responding to an appeal to the Ninth Circuit, working closely with experts, drafting discovery requests, reviewing and analyzing produced documents, preparing for and

---

[8] In addition to Milberg and Levin Papantonio, who were appointed as Class Counsel, ECF No. 146, at 36, Pearson Warshaw, LLP ("Pearson Warshaw") acted as local counsel, working closely with Class Counsel throughout the litigation. Pearson Warshaw's time and expenses are also included in Class Counsel's total fee and expense request.

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE SERVICE AWARDS
CASE NO.: 5:19-CV-00835-FMO (SPX)

defending depositions, and ultimately in furthering the litigation and reaching the Settlement.

Class Counsels' 4,040.5 total hours expended were also reasonable and justified. As explained in the accompanying Declarations, each attorney working on this case engaged in work that was reasonably necessary to further the litigation and to serve Plaintiffs' and Class Members' interests. *Id*. ¶ 67. "In conducting the cross-check, the court need not closely scrutinize each claimed attorney-hour, but [may] instead use[] information on attorney time spent to focus on the general question of whether the fee award appropriately reflects the degree of time and effort expended by the attorneys." *Spann v. J.C. Penney Corp.*, 211 F. Supp. 3d 1244, 1265 (C.D. Cal. 2016) (internal quotation marks omitted). Given Class Counsel's detailed explanations of the work attorneys engaged in during the course of this litigation, and in light of the favorable results obtained, Class Counsel's explanation of fees illustrates a reasonable expenditure of total time.

### ii.    Class Counsel's billing rates are reasonable.

Class Counsel's billing rates are equally reasonable. Class Counsel's firms, Milberg and Levin Papantonio, apply billing rates that closely align. Mr. Edwards, of Milberg, bills at a rate of $1,227. Edwards Decl. ¶ 55. Mr. Schultz, of Levin Papantonio, bills at a rate of $1,275. Schultz Decl. ¶ 7. [9] Additionally, Class Counsel have applied their current rates—rather than their historical rates throughout the course of litigation—for calculating lodestar. Courts have approved this method of calculating lodestar. *See, e.g.*, *Charlebois v. Angels Baseball LP*,

---

[9] Daniel Warshaw, of Pearson Warshaw, LLP, served as local counsel on behalf of Class Counsel in this case. Pearson Warshaw, LLP's billing rates also closely align with Class Counsel's rates. As set forth in his accompanying declaration, Mr. Warshaw billed at his usual and customary rates, which have been approved by numerous courts across the United States. *See* Warshaw Decl. ¶ 7.

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR
ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE SERVICE AWARDS
CASE NO.: 5:19-CV-00835-FMO (SPx)

993 F. Supp. 2d 1109, 1118-19 n.6 (C.D. Cal. 2012); *see also Newton v. Equilon Enterprises, LLC*, 411 F. Supp. 3d 856, 882 (N.D. Cal. 2019) ("In calculating the lodestar, it is appropriate for counsel to use their current hourly rates at the time of the fee motion.").

Milberg's billing rates are based on the Adjusted *Laffey* matrix ("*Laffey* matrix"). The *Laffey* matrix, which provides market rates for attorneys in the Washington, D.C. and Baltimore areas, has been accepted by the Ninth Circuit. *See Mancini v. Dan P. Plute, Inc.*, 358 F. App'x 886, 889 (9th Cir. 2009). Indeed, courts have "referenced the *Laffey* matrix as one source of evidence for an attorney's reasonable billing rate," including on a motion for attorneys' fees in a class action settlement. *Carlotti v. ASUS Comput. Int'l*, No. 18-cv-03369, 2020 WL 3414653, at *5 (N.D. Cal. June 22, 2020); *Laub v. Horbaczewski*, No. LA CV17-06210, 2024 WL 3466181, at *8-9 (C.D. Cal. July 11, 2024). Notably some courts have observed that the *Laffey* matrix rates fall *below* reasonable billing rates in the Los Angeles area. *See, e.g.*, *Viveros v. Donahoe*, No. CV 10-08593, 2013 WL 1224848, at *5 n.31 (C.D. Cal. Mar. 27, 2013) (noting that the *Laffey* matrix rates are "somewhat low for the Los Angeles legal community"). Given this, an "upward adjustment" of 10.6% to Milberg attorneys' rates is appropriate.[10] *See* Edwards Decl. ¶¶ 56-57.

Courts in the Ninth Circuit have approved Class Counsel's rates in recent cases. *E.g.*, *Tabak v. Apple, Inc.*, No. 4:19-cv-02455, ECF No. 213, at 13 (N.D.

---

[10] *See, e.g.*, https://www.apartments.com/cost-of-living/washington-dc-vs-los-angeles-ca (last visited Apr. 22, 2026) (noting that the "cost of living in Los Angeles, CA is 10.6% higher"); *see also* "Locality-Based Comparability Payments," DOJ, https://www.justice.gov/usao/career-center/salary-information/administratively-determined-pay-plan-charts (last visited Apr. 22, 2026) (noting that the Los Angeles area is subject to a 36.47% locality pay rate, and Washington, D.C. is subject to a 33.94% locality pay rate).

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE SERVICE AWARDS CASE NO.: 5:19-CV-00835-FMO (SPX)

Cal. Oct. 30, 2024) (approving $8,750,000 in fees and expenses in a common fund settlement); *Bailey v. Rite Aid Corp.*, No. 4:18-cv-6926, ECF No. 178, at 9 (N.D. Cal. Dec. 16, 2022) (approving $361,666.66 in fee and expenses in an injunctive relief settlement). This Court has recently found similar rates to be reasonable. *E.g.*, *Concerned Jewish Parents & Teachers of Los Angeles v. Liberate Ethnic Studies Model Curriculum Consortium*, No. CV 22-3243, 2025 WL 1549995, at *3-4 (C.D. Cal. May 23, 2025) (Olguin, J.) (approving a fee award based on billing rates of $950 and $1,050). Given that Class Counsel's billing rates are based on their experience and have been approved previously by other courts, their rates are reasonable.

### iii.    Class Counsel's requested fees represent a reasonable multiplier.

Lastly, Class Counsel's requested fees represent a *negative*, and inherently reasonable, multiplier. To calculate the multiplier, the court "divid[es] the percentage fee award by the lodestar calculation." *Park v. Carlyle/Galaxy San Pedro, L.P.*, No. CV 09-00793 MMM (AJWX), 2009 WL 10669742, at *12 n.59 (C.D. Cal. Oct. 8, 2009). A positive or negative multiplier may be applied to adjust the lodestar upward or downward to "reflect[] a host of reasonableness factors, including the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment." *In re Bluetooth*, 654 F.3d at 941-42 (internal quotation marks and citation omitted). A "negative multiplier" refers to any "multiplier that decreases the lodestar when applier." *Pacheco v. Ford Motor Co.*, No. 2:18-cv-09006, 2022 WL 845108, at *6 n.1 (C.D. Cal. Mar. 22, 2022). "Multipliers of 1 to 4 are commonly found to be appropriate in complex class action cases." *Hopkins v. Stryker Sales Corp.*, No. 11-CV-02786-LHK, 2013 WL 496358, at *4 (N.D. Cal. Feb. 6, 2013); *see also In*

*re Facebook Biometric Info. Priv. Litig.*, No. 21-15553, 2022 WL 822923, at *1 (9th Cir. Mar. 17, 2022) (affirming a higher 4.71 multiplier). As explained above, Class Counsel have applied reasonable billing rates. *See supra* Section A.2.b.ii. Class Counsel's lodestar totals $4,299,506.43, which results in a negative multiplier—0.81—compared to Class Counsel's requested fee and expense award.

This multiplier is reasonable given (1) the especially complex, scientific nature of the subject matter at issue; (2) the qualified representation Class Counsel provided throughout the litigation; (3) the exceptional results obtained, resulting in a Settlement that will provide significant monetary relief to Class Members; and (4) the substantial risks Class Counsel took on in representing Plaintiffs on a contingency fee basis, thereby risking potential nonpayment. These circumstances illustrate the reasonableness of the 0.81 multiplier here. This multiplier falls *below* the range of those that are typically approved, which inherently illustrates the reasonableness of Class Counsel's request. Indeed, far higher multipliers have been approved in this District. *See Herrera v. Cnty. of Los Angeles*, No. CV 22-1013-HDV-PDX, 2026 WL 507909, at *3 (C.D. Cal. Feb. 23, 2026) ("The expected multiplier here of somewhat above 4.0 is reasonable given the outstanding results in a difficult and challenging case."); *Martin v. Toyota Motor Credit Corp.*, No. 2:20-cv-10518, 2022 WL 17038908, at *14 (C.D. Cal. Nov. 15, 2022) (approving as reasonable a $19 million fee award resulting in a 6.33 multiplier ). Given the complexity of this case, the duration of the litigation, the expenditure of time and effort in service to Plaintiffs and Class Members, and the significant and exceptional results obtained for consumers, Class Counsel's requested fees are reasonable and should be granted.

### c. Class Counsel's requested fees satisfy the *Bluetooth* factors.

In the Ninth Circuit, when considering a motion for fees in a class action, the court must consider the factors as provided in *In re Bluetooth Headset Products Liability Litigation*, 654 F.3d at 947. Here, Class Counsel requests a $3,409,054.03 fee award. As such, Class Counsel would not be receiving "a disproportionate distribution of the settlement[.]" *Id.* at 947. Second, the Settlement does not contain a clear-sailing provision. *See* SA § 10.1 ("Nutramax retains the right to object or otherwise oppose Class Counsel's Application for a Fee and Expense Award."). Finally, any unawarded fees will not revert to Nutramax, but instead revert to the Settlement Fund. *Id.* § 10.2. These factors weigh in favor of approving Class Counsel's requests fees.

### 3. Class Counsel's expenses are reasonable.

Class Counsel are also entitled to reimbursement of reasonable litigation costs and expenses. Fed. R. Civ. P. 23(h); *see also In re Am. Apparel, Inc. Shareholder Litig.*, No. CV 10–06352 MMM (JCGX), 2014 WL 10212865, at *27 (C.D. Cal. July 28, 2014) ("Costs are recoverable where a settlement results in a common fund.").

Here, Class Counsel has incurred reasonable and necessary costs and expenses totaling $385,945.97, which were expended in prosecuting this Action. Edwards Decl. ¶ 63. These include all costs that would typically be billed to paying clients. *Id.* ¶ 64. These costs include: expert fees; document retrieval and document production management fees; court reporting and transcript services; mediation expenses, court fees; and fees related to third party subpoenas. *See id.* ¶¶ 60, 63; Schultz Decl. ¶ 8. To date, no Class Members have objected to the Settlement, to Class Counsel's requested attorneys' fees, or to Class Counsel's requested

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE SERVICE AWARDS CASE NO.: 5:19-CV-00835-FMO (SPX)

expenses. Because expenses were reasonably incurred in the prosecution of this Action, Class Counsel respectfully requests that the Court fully reimburse these reasonably incurred expenses.

**B.      The Court Should Grant Plaintiffs' Requested Service Awards.**

In its Preliminary Approval Order, the Court ordered Plaintiffs and Class Counsel to "file a motion for attorney's fees and costs, as well as any incentive payments" at a later date. ECF No. 218, at 14. In that Order, the Court found "that the *requested incentive payments are reasonable*." *Id.* at 11 (emphasis added). Because Class Counsel requests the same award—$7,500 for each named Plaintiff (totaling $15,000)—the Court need not depart from its previous ruling. Nevertheless, Class Counsel demonstrates again why the requested service awards are reasonable and should receive final approval.

Service awards are "fairly typical in class action cases." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009). These incentive payments function as "payments to class representatives for their service to the class in bringing the lawsuit." *Radcliffe v. Experian Info. Sols., Inc.*, 715 F.3d 1157, 1163 (9th Cir. 2013).

Here, Class Counsel requests service awards in the amount of $7,500 to both named Plaintiffs (totaling $15,000). Nutramax does not oppose this request for service awards. SA § 10.5. Pursuant to the Settlement, these awards, if granted, will be paid out of the Settlement Fund. *Id.* § 10.6. As this Court stated in its Preliminary Approval Order, "Plaintiffs 'played a vital role' throughout this case, including reviewing pleadings and other filings; engaging in regular discussions with counsel over a period of more than six years; responding to discovery and producing documents; preparing for and sitting for depositions; actively participating in the approval of settlement terms; and 'ensuring the interests of

18

putative class members were protected.'" ECF No. 218, at 11. Therefore, as the Court previously found, "the requested incentive payments are reasonable." *Id.*

## III.  CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court (1) approve Class Counsel's request for attorneys' fees in the amount of $3,409,054.03 in attorneys' fees for costs in the amount of $385,945.97 (collectively, $3,795,000); and (2) approve service awards to the Class Representatives in the amount of $7,500 each (totaling $15,000).

Dated: April 23, 2026              Respectfully submitted,

                                   */s/ Adam A. Edwards*
                                   Adam A. Edwards (*pro hac vice*)
                                   aedwards@milberg.com
                                   **MILBERG COLEMAN BRYSON
                                   PHILLIPS GROSSMAN, PLLC**
                                   800 S. Gay Street, Suite 1100
                                   Knoxville, TN 37929
                                   Telephone:  (865) 247-0080
                                   Facsimile:  (865) 522-0049

                                   Daniel L. Warshaw
                                   dwarshaw@pwfirm.com
                                   **PEARSON WARSHAW, LLP**
                                   15165 Ventura Blvd., Suite 400
                                   Sherman Oaks, CA 91403
                                   Telephone: (818) 788-8300
                                   Facsimile:  (818) 788-8104

                                   Matthew D. Schultz (*pro hac vice*)
                                   mschultz@levinlaw.com
                                   **LEVIN PAPANTONIO**
                                   316 S. Baylen St., Suite 600
                                   Pensacola, FL 32502

19

Telephone:  (850) 435-7140
Facsimile:   (850) 436-6140

*Counsel for Plaintiffs &
the Certified Class*

20

## **CERTIFICATE OF COMPLIANCE**

I, Adam A. Edwards, hereby certify that the foregoing Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement contains 6,303 words, which complies with the word limit of Local Rule 11-6.1.

/s/ *Adam A. Edwards*
Adam A. Edwards

*Attorney for Plaintiffs*
*and the Certified Class*

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR
ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE SERVICE AWARDS
CASE NO.: 5:19-CV-00835-FMO (SPX)

# CERTIFICATE OF SERVICE

I, Adam A. Edwards, hereby certify that on April 23, 2026, I caused a true and correct copy of the foregoing Plaintiffs' Unopposed Motion for Attorneys' Fees and Costs and Class Representative Service Awards to be served upon the following by electronic mail:

Kathy J. Huang (SBN 240677) (kathy.huang@alston.com)
John E. Stephenson, Jr. (john.stephenson@alston.com)
Scott A. Elder (scott.elder@alston.com)
Jason D. Rosenberg (jason.rosenberg@alston.com)
Jenny A. Hergenrother (jenny.hergenrother@alston.com)
Alan F. Pryor (alan.pryor@alston.com)
Kara L. McCall (kara.mccall@alston.com)
Joshua A. Glikin (jglikin@shulmanrogers.com)

*Attorneys for Defendants*

/s/ *Adam A. Edwards*
Adam A. Edwards

*Attorney for Plaintiffs*

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE SERVICE AWARDS CASE NO.: 5:19-CV-00835-FMO (SPx)