# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN LYTLE and CHRISTINE MUSTHALER,<br><br>          Plaintiffs,<br>vs.<br><br>NUTRAMAX LABORATORIES, INC. and NUTRAMAX LABORATORIES VETERINARY SCIENCES, INC.,<br><br>          Defendants. | Case No.: 5:19-cv-00835-FMO (SPx)<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS AND CLASS REPRESENTATIVE SERVICE AWARDS**<br><br>**Judge**: Hon. Fernando M. Olguin<br>**Date**:  August 13, 2026<br>**Time**:  10:00 a.m.<br>**Courtroom**:  6D, 6th Floor |

# [PROPOSED] ORDER

On April 23, 2026, Plaintiffs filed a Motion for Attorneys' Fees, Costs and Class Representative Service Awards. ECF No. 219. Having considered the Motion, the memorandum of law, the accompanying attorney declarations and all accompanying exhibits, the briefs in this matter, and the oral argument presented at the hearing, the Court finds and orders as follows:

A.    Attorneys' Fees:

Federal Rule of Civil Procedures provides that, "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). Attorney's fees in class actions are determined "using either the lodestar method or the percentage-of-recovery method." *In re Hyundai & Kia Fuel Economy Litig.*, 926 F.3d 539, 570 (9th Cir. 2019). The court's discretion in choosing between these two methods "must be exercised so as to achieve a reasonable result." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). The Court finds that the percentage-of-recovery method is appropriate because the Settlement included a common fund. *See id.* at 942. However, the Court will also perform a lodestar cross-check to further "evaluat[e] the reasonableness of the instant attorneys' fees request." *Spann v. J.C. Penny Corp.*, 211 F.Supp.3d 1244, 1265-65 (C.D. Cal. 2016).

Under the percentage-of-recovery method, the "court simply awards the attorneys a percentage of the fund sufficient to provide class counsel with a reasonable fee, using 25% as a benchmark." *In re Hyundai*, 926 F.3d at 570 (internal quotation marks omitted). In determining whether to depart from the 25% benchmark, courts consider "all of the circumstances of the case[,]" including: (1) the results achieved for the class; (2) the risk of litigation; (3) the skill required and quality of the work; (4) the contingent nature of the fee; and (5) awards in similar

cases. *See Hogue v. Verizon Bus. Network Services, LLC*, No. 22-0852, 2024 WL 6888665, at *6 (C.D. Cal. June 10, 2024); *see also Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002). Here, Class Counsel requests $3,409,054.03 in attorneys' fees. Compared to the $11,500,000 common fund established by the Settlement, this represents 29.64% of the total recovery. Class Counsel has performed substantial work in this litigation, which has lasted nearly seven years as of the date of Plaintiffs' Motion. Through their work, Class Counsel achieved a significant recovery for the Class, providing meaningful relief to Class Members. Moreover, throughout this case, Class Counsel has borne the significant risk of a potentially unfavorable result. Accordingly, the Court finds that Class Counsel's request, which represents 29.64% of the common fund, is a reasonable fee award.

Under the lodestar method, the court multiplies the number of reasonable hours expended by a reasonable hourly rate. *See In re Hyundai*, 926 F.3d at 570. Once the lodestar has been calculated, the court may "adjust the resulting figure upward or downward to account for various factors, including the quality of the representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment[.]" *Id.* (internal citation omitted). As noted, Class Counsel has requested $3,409,054.03 in attorneys' fees. Class Counsel provided a detailed breakdown of their firms' total hours expended and lodestar accrued through their work in this litigation. Here, Class Counsel spent a total of 4,040.5 hours litigating this case. Given the significant work performed, which included substantial motions practice, lengthy discovery, and a successful appeal, the Court finds that Class Counsel's 4,040.5 total hours were reasonably expended. The Court also finds that Class Counsel's billing rates are reasonable. Lastly, Class Counsel's lodestar totals $4,299,506.43. When compared to their $3,409,054.03 fee request, this results in a 0.81—or "negative"—multiplier. *See Pacheco v. Ford*

*Motor Co.*, No. 2:18-cv-09006, 2022 WL 845108, at *6 n.1 (C.D. Cal. Mar. 22, 2022). This is well within the range of reasonable multipliers that have been approved previously. *See, e.g.*, *Herrera v. Cnty. of Los Angeles*, No. CV 22-1013-HDV-PDX, 2026 WL 507909, at *3 (C.D. Cal. Feb. 23, 2026) ("The expected multiplier here of somewhat above 4.0 is reasonable given the outstanding results in a difficult and challenging case."); *Hopkins v. Stryker Sales Corp.*, No. 11-CV-02786-LHK, 2013 WL 496358, at *4 (N.D. Cal. Feb. 6, 2013) ("Multipliers of 1 to 4 are commonly found to be appropriate in complex class action cases.").

The Court finds that Class Counsel's request of $3,409,054.03 in attorneys' fees is reasonable under the percentage-of-recovery method and when applying a lodestar cross-check. Thus, the Court GRANTS Class Counsel's request for attorneys' fees in the amount of $3,409,054.03.

B.    Costs:

Class Counsel also seek $385,945.97 in costs. Class Counsel's costs included litigation expenses that would typically be billed to paying clients. These costs included expert fee, document retrieval and document production management fees, court reporting and transcript services, mediation expenses, court fees, and fees related to third party subpoenas. The Court finds that these costs were reasonably incurred over the course of this litigation.

Accordingly, the Court GRANTS Class Counsel's request for costs in the amount of $385,945.97

C.    Class Representative Service Awards:

"[N]amed plaintiffs, as opposed to designated class members who are not named plaintiffs, are eligible for reasonable incentive payments." *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003). Class Counsel has requested a $7,500 service award for each of the named plaintiffs, totaling $15,000. The Court previously granted preliminary approval of the Settlement. ECF No. 218. In that

order, the Court considered the fairness and adequacy of the service award. The Court held that "Plaintiffs 'played a vital role' throughout this case." *Id.* at 11. "Under the circumstances, the court f[ound] that the requested incentive payments are reasonable." *Id.* The Court maintains this holding now.

The Court therefore GRANTS service awards to the named Plaintiffs in the amount of $7,500 each, or $15,000 in total.

**IT IS SO ORDERED.**

DATED: _____

_____
HON. FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE