# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN LYTLE and CHRISTINE MUSTHALER,<br><br>Plaintiffs,<br><br>v.<br><br>NUTRAMAX LABORATORIES, INC. and NUTRAMAX LABORATORIES VETERINARY SCIENCES, INC.,<br><br>Defendants. | Case No. 5:19-CV-00835-FMO-SP<br><br>Assigned to: Hon. Fernando M. Olguin<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT** |

1

**WHEREAS**, Plaintiffs Justin Lytle and Christine Musthaler ("Class Representatives"), on behalf of themselves and the Class as defined below, and Defendants Nutramax Laboratories, Inc. and Nutramax Laboratories Veterinary Sciences, Inc. ("Defendants" or "Nutramax") (collectively, the "Parties") entered into a Settlement Agreement, which sets forth the terms and conditions for a proposed settlement of this Lawsuit and for its dismissal with prejudice upon the terms and conditions set forth therein, subject to Court approval;

**WHEREAS**, the Settlement is the product of informed, arms'-length settlement negotiation conducted before the neutral mediator Judge David Duncan on April 10, 2025;

**WHEREAS**, the Court granted preliminary approval of and directed Notice for the Settlement on February 2, 2026, ECF No. 218;

**WHEREAS**, Plaintiffs have moved the Court for an order (i) finally approving the Settlement under Federal Rule of Civil Procedure 23, (ii) certifying the Class on the same terms the Court previously certified and preliminarily approved, (iii) confirming its appointment of Class Counsel and Plaintiffs as Class Representatives; (iv) granting the requested attorneys' fees and expense award; (v) granting the requested service award to the named Plaintiffs; (vi) retaining jurisdiction over this matter to resolve issues related to interpretation, administration, implementation, and enforcement of the Settlement; and (vii) entering final judgment dismissing this Action with prejudice;

**WHEREAS**, the Court has held a Final Approval Hearing;

**WHEREAS**, the Court is familiar with and has reviewed the record, the Settlement Agreement, the papers associated with Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, Plaintiffs' Notice of Motion and Unopposed Motion for Final Approval of Class Action Settlement, the Memorandum of Points and Authorities in Support Thereof, the supporting

2

Declarations, and all arguments made on the record at the Final Approval Hearing, and has found good cause for entering the following Order;

**WHEREAS**, unless otherwise specified, all capitalized terms used herein have the same meaning as set forth in the Settlement Agreement.

**NOW THEREFORE, it is hereby ORDERED and ADJUDGED as follows**:

1. The Court finds that it has jurisdiction over the subject matter of this Lawsuit and over all Parties to the Lawsuit.

2. The Court finds that the Settlement Agreement, including the exhibits attached thereto, is fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23, is within the range of possible approval, and is in the best interests of the Class defined below.

3. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides substantial relief to the Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement: (a) is the result of arm's-length negotiations between experienced class action attorneys; (b) was sufficient to warrant notice of the Settlement, as preliminarily approved; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23, the Class Action Fairness Act, 28 U.S.C. § 1715, and the United States Constitution; and (d) is not a finding or admission of liability by Defendants or any other person(s), nor a finding of the validity of any claims asserted in the Action or of any wrongdoing or any violation of law.

4. The Court further finds that Notice given, pursuant to the Court's preliminary approval order, was adequate and provided the best notice practicable under the circumstances to the Class.

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 5:19-CV-00835-FMO-SP

5.    **Legal Standard for Final Approval**. To grant final approval of a class settlement, "Fed. R. Civ. P. 23(e) requires the district court to determine whether a proposed settlement is fundamentally fair, adequate, and reasonable." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (internal citations and quotations omitted). The *Hanlon* court identified the following factors as relevant to assessing a settlement proposal: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceeding; (6) the experience and views of counsel; (7) the presence of a government participant; and (8) the reaction of class members to the proposed settlement. *Id.* at 1026 (citation omitted); *see also Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575-76 (9th Cir. 2004) (listing Hanlon factors).

Moreover, to determine whether the settlement is "adequate," the Court must "balance the 'proposed award of attorney's fees' vis-à-vis the 'relief provided for the class.'" *Briseño v. Henderson*, 998 F.3d 1014, 1023-24 (9th Cir. 2021) (quoting Fed. R. Civ. P. 23(e)(2)(c)(iii)). To scrutinize attorneys' fees arrangements and "smoke out potential collusion[,]" district courts should apply the factors established in *In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935 (9th Cir. 2011). *Briseño* 998 F.3d at 1023, 1026. The "red flags" identified in *Bluetooth* that may lead to a determination that the settlement is inadequate are: "(1) when counsel receives a disproportionate distribution of the settlement; (2) when the parties negotiate a clear sailing arrangement, under which the defendant agrees not to challenge a request for an agreed-upon attorney's fee; and (3) when the agreement contains a kicker or reverter clause that returns unawarded fees to the defendant, rather than the class." *Id.* at 1023 (quoting *Bluetooth*, 654 F.3d at 947) (internal quotation marks omitted).

4

6.    **Jurisdiction**. For purposes of the Settlement of this Action, the Court finds it has subject matter and personal jurisdiction over the Parties, including all Settlement Class Members, and that venue is proper.

7.    **Terms of the Settlement**. For purposes of this Final Approval Order and Final Judgment, the Court adopts all defined terms as set forth in the Settlement Agreement, ECF No. 217-1.

*Monetary Relief to the Class*. Under the terms of the Settlement Agreement, Defendants will provide $11,500,000 for the Settlement Fund to cover all Settlement Class Member payments, Class Counsel's fee and expense award, and service awards for the class representatives. Settlement Agreement ("SA"), § 4.1. Monetary relief is available to Settlement Class Members who submit a valid claim providing their name and address, and the number of units of Cosequin® Products purchased during the Class Period. *Id.* § 5.1.1. Settlement Class Members also must state, under penalty of perjury, that the Cosequin® Products were purchased in California, that the Settlement Class Member was a resident of California at the time of purchase, and that the purchases were for household use. *Id.* The Settlement Administrator will verify that the information submitted by purported Settlement Class Members meets these requirements. *Id.* § 5.1. The deadline to submit such claims was July 21, 2026.

All Settlement Class Members who submit a Valid Claim Form are entitled to receive up to $25.00 per unit of Cosequin® Product purchased during the Class Period. *Id.* § 5.1.2. Class Members may submit claims for multiple units of Cosequin® Products they have purchased during the Class Period, but Class Members may receive compensation only up to $150.00 total for all units purchased. *Id.* Compensation is limited to one claim per household. *Id.* § 5.1.3. Class Members can elect to receive their compensation by physical check, electronic check, or through direct deposit. *Id.* § 5.1.4; *see also* §§ 5.5-5.6.

5

*Injunctive Relief.* Defendants have also agreed not to include certain at-issue statements on future packaging of the Cosequin® Products, including: "Mobility, Cartilage and Joint Health Support"; "Supports Mobility for a Healthy Lifestyle"; and "Use Cosequin to help your pet Climb stairs, Rise and Jump!" *Id.* § 4.6.

*Cy Pres Recipient.* If the Settlement Fund is not exhausted after the payments to Class Members who submit valid claims, Class Counsel's fee and expense award, the service awards to the class representatives, and any related costs (other than administrative costs) are paid, the remainder will be distributed to Valor Service Dogs as the *cy pres* recipient. *Id.* § 5.3. Under no circumstances shall any settlement funds revert to Nutramax. *See id.* § 4.1.

*Release by Settlement Class Members.* Through this Settlement, all Settlement Class Members—including those who do not submit claims—agree to release any claim "that have been or could have been brought regarding representations relating to joint health or mobility in connection with Nutramax's distribution, labeling, packaging, marketing, advertising, and/or sale of the Cosequin® Products during the applicable Class Period." *Id.* § 9.1. Only the Class Representatives—that is, only the named Plaintiffs—have agreed to waive and release their claims under California Civil Code § 1542. *Id.* § 9.3.

8.     **Certification of the Class for Settlement Purposes**.    The Court previously (a) appointed Milberg Coleman Bryson Phillips Grossman PLLC and Levin Papantonio as Class Counsel, and (b) appointed Plaintiffs Justin Lytle and Christine Musthaler as Class Representatives. ECF No. 146; *see also* ECF No. 218, at 13. The Court confirms these appointments, holding that these attorneys are competent and capable of exercising the responsibilities of Class Counsel and that Class Representatives will adequately protect the interests of the Class defined below.

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 5:19-CV-00835-FMO-SP

The Court also certified a Class, defined as:

> All persons residing in California who purchased during the limitations period the following canine Cosequin® products for personal use: Cosequin® DS Maximum Strength Chewable Tablets; Cosequin® DS Maximum Strength Plus MSM Chewable Tablets; and Cosequin® DS Maximum Strength Plus MSM Soft Chews.

ECF No. 146; *see also* ECF No. 218, at 2.

Because the Settlement Agreement adopts this class definition, SA § 1.1, the Court need not reconsider the Class's definition. The Court confirms this Class definition.

Excluded from the Class are: (i) Nutramax, as well as its officers, employees, agents, or affiliates; (ii) Nutramax's past and present employees; (iii) the members of the Court and its staff; and (iv) anyone who opts out of the Class. *Id.* § 1.3.

The Class Period shall be May 3, 2016, through May 6, 2022. *Id.* § 1.2.

The Court previously considered and determined that the class certification is appropriate in this Action. ECF No. 146; *see also* ECF No. 218. Because there have been no changes in circumstance, the Court finds that the Court need not reconsider its previous determination certifying the Class. Accordingly, the Court confirms its previous findings that: (a) the Class is so numerous that joinder of all members is impracticable; (b) there are questions of fact and law common to the Class; (c) the claims of the Class Representatives are typical of the claims of the members of the Class; (d) the Class Representatives and Class Counsel will fairly and adequately protect the interests of the members of the Class; (e) common questions of law or fact predominate over questions affecting individual members; and (f) a class action is a superior method for fairly and efficiently

7

adjudicating this Action. ECF No. 146.

9. **Notice and Settlement Administration**. Pursuant to Federal Rule of Civil Procedure 23(e), the Court has found that it has sufficient information to enable it to determine whether to give notice of the proposed Settlement to the Class. The Court also previously found that the proposed Settlement and Notice Plan met the requirements of Rule 23(e), with the Court certifying the Class for purposes of judgment on the Settlement. ECF No. 218.

The Notice Plan submitted with the Motion for Preliminary Approval and the forms of notice attached thereto satisfied the requirements of Federal Rule of Civil Procedure 23 and were approved. *Id.* The Parties selected Epiq Class Action & Claims Solutions, Inc. ("Epiq") to serve as the Settlement Administrator, and the Court appointed and authorized Epiq as the Settlement Administrator. *Id.* at 13.

The Court finds that Epiq carried out the Notice Plan in conformity with the Settlement Agreement and the schedule established by the Court in its preliminary approval order. Specifically, the Court finds that Epiq complied with the notice provisions of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715. Epiq complied with the Notice Plan by: (i) issuing Email Notice on March 9, 2026; (ii) engaging in digital advertising on *Google Display Network* and *Yahoo Audience Network* (in English and Spanish), and on social media, including on *Facebook* and *Instagram* (in English and Spanish); (iii) sponsoring search listing advertisements in California on *Google*, *Yahoo!*, and *Bing*, from March 9, 2026, through July 21, 2026; (iv) initiating publication notice on four separate occasions over a four-week period in *USA Today* newspapers in San Francisco, Los Angeles, and Phoenix; and (v) establishing a Settlement Website, a toll-free telephone number for the Settlement, and a postal mailing address for the Settlement.

10. **Submission of Claims**. The deadline for Settlement Class Members to submit valid Claim Forms was July 21, 2026. Based on the dissemination of the

8

Notice Plan, Epiq received a total of 664,857 claims, as of June 30, 2026. Epiq has undertaken a review of all submitted claims for fraud and, based on this review process, will remove fraudulent claims.

11.  **Requesting Exclusion From or Objecting to the Settlement**.  The deadline for Settlement Class Members to submit requests for exclusion from or objections to the Settlement was June 22, 2026. The deadline for Settlement Class Members to submit valid Claim Forms was July 21, 2026. As of June 30, 2026, following the deadline to submit requests for exclusion from or objections to the Settlement, Epiq has received (i) zero requests for exclusion from the Settlement, and (ii) zero objections to the Settlement.

Settlement Class Members who do not timely and validly exclude themselves from the Settlement shall be bound by the terms of the Settlement. Following entry of final judgment, any Settlement Class Member who has not submitted a timely, valid written request for exclusion from the Settlement Class shall be bound by all subsequent proceedings, orders, and judgments in this matter, including but not limited to the Release set forth in the Settlement Agreement and incorporated in the judgment.

12.  **Attorneys' Fees and Costs**. Under the Settlement Agreement, Class Counsel seeks 33% of the total Settlement Fund—or $3,795,000—in attorneys' fees and costs. *See* ECF No. 219. Specifically, Class Counsel seeks $3,409,054.03 in attorneys' fees and $385,945.97 in costs. *See id*. Defendants did not oppose this request.

Class Counsel's requested attorneys' fees (totaling $3,409,054.03, as of April 23, 2026) represent a 29.64% request, which falls within the often-accepted benchmark within this District, when compared to the total $11,500,000 common fund in this Settlement.    As of April 23, 2026, when Plaintiffs filed their Motion, Class Counsel had amassed a total of 4,040.5 hours of time litigating this case,

9

which amounted to a total lodestar of $4,299,506.43. *See id.* at 12. Notably, Class Counsel's total lodestar exceeded the total amount they requested for both attorneys' fees and expenses. Such a request represents a "negative" multiplier of 0.81. *Id.* at 15-16.

Under both a percentage-of-the-recovery analysis and a lodestar cross-check analysis, the Court finds Class Counsel's requested attorneys' fees to be fair, reasonable, and adequate. *See* Fed. R. Civ. P. 23(e). Class Counsel's requested costs were also reasonably incurred as part of this litigation, and the Court finds that Class Counsel is entitled to reimbursement of such expenses.

Accordingly, the Court GRANTS Plaintiffs' and Class Counsel's request for attorneys' fees and costs in the amount of $3,795,000.

13. **Service Awards to Class Representatives**. Class Counsel also seeks class representative service awards in the amount of $7,500 per named Plaintiff, for a total of $15,000. ECF No. 219, at 18. Defendants did not oppose this request.

The Court finds that Plaintiffs played a vital role in litigating this case, including reviewing pleadings and other filings, staying abreast of the status of the case and regularly discussing the matter with their counsel over a period of more than six years, responding to discovery, searching for and producing documents, preparing and sitting for depositions, playing an active role in considering and approving settlement terms, and ensuring the interests of putative class members were protected. The Court previously found that "the requested incentive payments are reasonable." ECF No. 218, at 11. The Court now reaffirms that holding.

Accordingly, the Court GRANTS Plaintiffs' and Class Counsel's request for class representative services awards in the amount of $7,500 to each named Plaintiff, for a total of $15,000.

14. **Final Approval Hearing**. The Court held a Final Approval Hearing on August 13, 2026, in the Courtroom of the Honorable Fernando M. Olguin,

United States District Court for the Central District of California, United States Courthouse, Courtroom 6D on the 6th Floor, 350 W. 1st Street, Los Angeles, CA 90012. At that hearing the Court considered Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, ECF No. 220, and Plaintiffs' Motion for Attorneys' Fees, Costs, and Class Representative Service Awards, ECF No. 219.

15. **Termination of the Settlement and Use of this Order**. If the Settlement fails to become effective in accordance with its terms, or if the Final Order and Judgment is reversed or vacated on appeal, this Order shall be null and void, the Settlement Agreement shall be deemed terminated, and the Parties shall return to their positions without any prejudice, as provided for in the Settlement Agreement. Further, under such circumstances, the Court's grant of conditional class certification of the Settlement Class shall be vacated. The fact and terms of this Order or the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Order or the Settlement, and any act performed or document signed in connection with this Order or the Settlement, shall not, in this or any other Court, administrative agency, arbitration forum, or other tribunal, constitute an admission, or evidence, or be deemed to create any inference (i) of any acts of wrongdoing or lack of wrongdoing, (ii) of any liability on the part of Defendants to Plaintiffs, the Class, or anyone else, (iii) of any deficiency of any claim or defense that has been or could have been asserted in this Action, (iv) of any damages or absence of damages suffered by Plaintiffs, the Class, or anyone else, or (v) that any benefits obtained by the Class under the Settlement represent the amount that could or would have been recovered from Defendants in this Action if it were not settled at this time. The fact and terms of this Order or the Settlement, and all negotiations, discussions, drafts, and proceedings associated with this Order or the Settlement, including the judgment and the Release provided for in the Settlement Agreement, shall not be offered or received in evidence or used for any other purpose in this or

11

any other proceeding in any court, administrative agency, arbitration forum, or other tribunal, except as necessary to enforce the terms of this Order, the Final Order and Judgment, and/or the Settlement.

16. **Retention of Jurisdiction**. Without affecting the finality of this Order or the Judgment entered herein, the Court shall retain jurisdiction over any claim relating to the Settlement Agreement (including all claims for enforcement of the Settlement Agreement and/or all claims arising out of a breach of the Settlement Agreement) as well as any future claims by any Settlement Class Member relating in any way to the Released Claims.

17. **Final Judgment and Dismissal With Prejudice**. The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that Final Judgment of Dismissal with prejudice as to the Defendants ("Judgment") should be entered forthwith and further finds that there is no just reason for delay in the entry of the Judgment, as Final Judgment, in accordance with the Settlement Agreement.

**IT IS SO ORDERED.**

DATED: _____, 2026          _____

FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 5:19-CV-00835-FMO-SP