**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

JUSTIN LYTLE and CHRISTINE MUSTHALER,

Plaintiffs,

v.

NUTRAMAX LABORATORIES, INC. and NUTRAMAX LABORATORIES VETERINARY SCIENCES, INC.,

Defendants.

CASE NO. 5:19-CV-00835-FMO-SP

Assigned to Hon. Fernando M. Olguin

**SUPPLEMENTAL DECLARATION OF STEPHANIE AMIN-GIWNER REGARDING SETTLEMENT ADMINISTRATION**

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

I, Stephanie Amin-Giwner, hereby declare and state as follows:

1. I am a Senior Director at Epiq Class Action & Claims Solutions, Inc. ("Epiq"). I received my Bachelor of Arts degree from Brandeis University and Juris Doctor degree from American University Washington College of Law.

2. I have more than 15 years of experience working on hundreds of class action settlements. In my current position, I am responsible for overseeing project management teams that handle a variety of class action administrations, including securities, antitrust, consumer, and employment. Prior to joining Epiq, I practiced law for over 15 years where I litigated numerous class actions. In handling class action settlement administration, my teams and I draw from our in-depth class action case experience, as well as our educational and related work experiences.

3. This supplemental declaration is submitted to provide additional reporting to the Court of Epiq's detailed fraud analysis beyond what was previously provided in the Declaration of Carmon R. Azari, Esq. Regarding Implementation and Adequacy of Notice Plan executed on July 13, 2026 (the "Azari Declaration") and my prior declaration executed on August 5, 2026 (the "Amin-Giwner Declaration"). The following statements are based upon my personal knowledge, experience, and information provided to me by other experienced Epiq employees working under my supervision, in addition to information provided to me by Epiq's digital payment partner on this matter, Digital Disbursements. If called upon, I could and would testify competently thereto.

4. We request that this be filed under seal to protect the integrity of Epiq's fraud detection protocols. Disclosure would reveal the specific techniques, indicators, and thresholds Epiq uses to identify fraudulent activity — information that, if made public, could be used by bad actors to evade these safeguards and undermine the integrity of the claims process. In addition, these materials reflect Epiq's proprietary and confidential work product, developed and refined over years of claims administration experience. Epiq is available to discuss its methodology with the Court or counsel under appropriate confidentiality protections.

## CLAIM SUBMISSIONS

5. The deadline for Class Members to file a Claim Form was July 21, 2026. My prior declaration reported to the Court that as of August 5, 2026, Epiq had received 1,092,837 Claim Forms (1,091,650 online and 1,187 paper). As of the date of this declaration, Epiq has received 1,092,841 Claim Form (1,091,650 online and 1,191 paper), with the increase resulting from late-submitted paper claims.

## FRAUD ANALYSIS OF SUBMITTED CLAIMS

6. As described in my prior declaration, Epiq conducted a detailed fraud analysis of Claim Forms by looking at numerous known indicators of indicia of fraud. As a result of our review, we have grouped claims into the following 15 fraud categories for this case as detailed in my prior declaration at paragraphs 11-25. [redacted]

7. Of the [redacted] the results of Epiq's fraud analysis is detailed in the table below:

| Fraud Category | Claim Form Status | Claim Form Count |
|---|---|---|
| [redacted] | | |
| **Total Web Claims** | | **1,091,650** |

8. As a of Epiq's review, [redacted] with significant indicia of fraud were denied, as agreed by Epiq, Class Counsel, and Defendants' Counsel. [redacted]

9. Epiq estimates there will be approximately [redacted] The number of Cosequin units purchased that have been claimed by these Claim Forms

totals approximately [redacted]

These estimates are dependent on the final number of valid claims and the Court's approval of the requested amounts for Service Awards to the Named Plaintiffs and Class Counsel's attorneys' fees and expenses.

[redacted]

## CONCLUSION

11. Given the trends within the Class Action Industry regarding fraudulent claim filing by bad actors, the fraudulent Claim Forms detected and denied in this Settlement were anticipated and were comparable to what Epiq has seen in similar consumer settlements. Epiq and the Parties agree that Epiq's best practices and extensive efforts to combat fraud were successfully implemented for this Settlement.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed August 27, 2026.

Stephanie Amin-Giwner

Stephanie Amin-Giwner